1  BILLIE D. WENTER, Bar No. 235193
   bwenter@littler.com
2  LITTLER MENDELSON, P.C.
   1255 Treat Boulevard, Suite 600
3  Walnut Creek, California  94597
   Telephone:   925.932.2468
4  Facsimile:    925.946.9809

5  Attorneys for Defendants
   DAVEY TREE SURGERY COMPANY and
6  THE DAVEY TREE EXPERT COMPANY

7

8

9                       UNITED STATES DISTRICT COURT

10                    NORTHERN DISTRICT OF CALIFORNIA

11  JOSE DIAZ HERMOSILLO, OSCAR          Case No.
    DIAZ HERMOSILLO, on behalf of
12  themselves and all others similarly situated,   (Removed from Santa Clara Superior Court Case
                                         No. 17CV320135)
13                      Plaintiff,
                                         **NOTICE OF REMOVAL OF ACTION**
14         v.                            **PURSUANT TO 28 U.S.C. § 1332(d)(2)**
                                         **(CAFA)**
15  DAVEY TREE SURGERY COMPANY, an
    Ohio Corporation; THE DAVEY TREE
16  EXPERT COMPANY, an Ohio
    Corporation; and DOES 1 through 50,
17  inclusive,

18                      Defendants.

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANTS' NOTICE OF REMOVAL OF
ACTION

1    TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFFS JOSE

2  DIAZ HERMOSILLO, OSCAR DIAZ HERMOSILLO, AND THEIR ATTORNEYS OF RECORD:

3    PLEASE TAKE NOTICE that Defendants DAVEY TREE SURGERY COMPANY and

4  THE DAVEY TREE EXPERT COMPANY ("Defendants")[1] hereby remove the above-entitled

5  action from the Superior Court of the State of California, County of Santa Clara, to the United States

6  District Court for the Northern District of California, pursuant to 28 U.S.C. sections 1332(d),

7  1441(a), and 1446 on the following grounds:

8                        **STATEMENT OF JURISDICTION**

9    1.    This Court has original jurisdiction over this action under the Class Action Fairness

10  Act of 2005 ("CAFA").  *See* 28 U.S.C. § 1332(d)(2).  In relevant part, CAFA grants district courts

11  original jurisdiction over civil class actions filed under federal or state law in which any member of a

12  class of plaintiffs is a citizen of a state different from any defendant and where the amount in

13  controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000,

14  exclusive of interest and costs.  CAFA authorizes removal of such actions in accordance with 28

15  U.S.C. § 1446.

16    2.    This Court has jurisdiction over this case under CAFA, 28 U.S.C. § 1332(d), and

17  this case may be removed pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil action

18  wherein: (1) the proposed class contains at least 100 members; (2) Defendants are not a state, state

19  official, or other governmental entity; (3) there is diversity between at least one class member and a

20  defendant; and (4) the amount in controversy for all class members exceeds $5,000,000.

21    3.    CAFA's diversity requirement is satisfied when at least one plaintiff is a citizen of a

22  state in which the defendant is not a citizen.  *See* 28 U.S.C. §§ 1332(d)(2)(A), 1453.

23    4.    As set forth below, this case meets all of CAFA's requirements for removal and is

24  timely and properly removed by the filing of this Notice.

25                              **VENUE**

26    5.    This action was filed in the Superior Court for the State of California in the County

27

28  [1] Defendant Davey Tree Surgery Company did not employ Plaintiffs.  Plaintiffs were employed by Defendant The Davey Tree Expert Company.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANTS' NOTICE OF REMOVAL OF
ACTION

of Santa Clara Superior Court.  Venue properly lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. sections 84, 1391, 1441, and 1446.

6.    The named Defendants consent to removal.

## PLEADINGS, PROCESS, AND ORDERS

7.    On December 7, 2017, Plaintiffs, on behalf of themselves and all others similarly situated, commenced this action by filing a class action complaint in the Superior Court of California, County of Santa Clara, entitled *Jose Diaz Hermosillo, Oscar Diaz Hermosillo, on behalf of themselves and all others similarly situated v. Davey Tree Surgery Company, an Ohio Corporation; and Davey Tree Expert Company, an Ohio Corporation; and Does 1 through 50, inclusive,* designated as Case No. 17CV320135 ("Complaint").  A true and correct copy of the Complaint is attached to this Notice of Removal as **Exhibit A**.

8.    On December 19, 2017, Defendant, The Davey Tree Expert Company, was served with the Summons, Complaint, and Civil Case Cover Sheet.  True and correct copies of these documents served on Defendant are attached to this Notice of Removal as **Exhibit B**.

9.    On December 19, 2017, Defendant, Davey Tree Surgery Company, was served with the Summons, Complaint, and Civil Case Cover Sheet.  True and correct copies of these documents served on Defendant are attached to this Notice of Removal as **Exhibit C**.

10.    To Defendants' knowledge, no further process, pleadings, or orders have been served.

## TIMELINESS OF REMOVAL

11.    This Notice of Removal is timely.  Under 28 U.S.C. § 1446(b), the notice of removal of a civil action must be filed within thirty (30) days after service of process.  28 U.S.C. § 1446(b); *see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the 30-day removal period runs from the service of the summons and complaint).

12.    While the Complaint is removable, as demonstrated in detail below, the face of Plaintiffs' pleading does not contain sufficient facts to trigger removal as set forth in 28 U.S.C. § 1446(b).  Such a pleading may be removed at any time after the commencement of the action based upon a defendant's own investigation of the relevant jurisdictional facts.  *Roth v. CHA Hollywood*

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANTS' NOTICE OF REMOVAL OF ACTION                    3.

1  *Med. Ctr.*, 720 F.3d 1121, 1126 (9th Cir. 2013) (where neither the initial pleading nor any other
2  paper indicates that the case is removable, neither of the two thirty-day removal periods are triggered
3  under 28 U.S.C. §1446, and a defendant may remove the action at any time based upon its own
4  investigation of the claims asserted); *see also Kuxhausen v. BMW Fin'l Services NA LLC,* 707 F3d
5  1136, 1139 (9th Cir. 2013) (defendant's removal was timely even though it was removed
6  approximately six (6) months after the filing of the operative complaint because the face of
7  plaintiff's pleading did not contain facts sufficient to support diversity jurisdiction under the CAFA).

8  ## PROPOSED CLASS CONTAINS AT LEAST 100 MEMBERS

9  13.    Plaintiffs seek to represent "[a]ll non-exempt Tree Trimmers employees (including
10  but not limited to those holding the job titles of "laborer," "groundman," "apprentice climber,"
11  "climber," "climbing arborist," "climbing arborist trainee," and "trimmer") who were employed by
12  Defendants in the State of California at any time during the four years preceding the filing of this
13  Complaint" ("Class Period").  (Compl. ¶ 29.)

14  14.    Plaintiffs allege that, during "the relevant Class Period Defendants DTSC and
15  DTEC have employed hundreds of employees in California in positions." (Compl. ¶ 6.)  Although
16  Defendant Davey Tree Surgery Company never employed Plaintiffs, Defendants do not dispute that
17  there are more than 100 putative class members that work for Defendant The Davey Tree Expert
18  Company.

19  15.    Further, Plaintiffs seek to represent a class consisting of "all non-exempt Tree
20  Trimmers employees . . . employed by Defendants" during the Class Period.   According to
21  Plaintiffs' definition, to date, there are approximately 2,257 putative class members Plaintiffs seek to
22  include in this case.  *See* Declaration of Rene Tatka in Support of Notice of Removal ("Tatka Decl.")
23  ¶ 3.

24  ## DEFENDANTS ARE NOT GOVERNMENTAL ENTITIES

25  16.    Under 28 U.S.C. § 1332(d)(5)(A), CAFA does not apply to class actions where
26  "primary defendants are State, State Officials, or other governmental entities against whom the
27  district court may be foreclosed from ordering relief."

28  17.    Defendants are corporations engaged in the business of providing a wide range of

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANTS' NOTICE OF REMOVAL OF
ACTION                                          4.

arboriculture, horticulture, and environmental and consulting services to private companies, public utilities, local, state, and federal agencies, and various industrial, commercial, and residential customers.  Tatka Decl. ¶ 2; Compl. ¶ 24.  Neither Defendant is a state, state official, or other governmental entity.

## PLAINTIFFS' CITIZENSHIP IS DIVERSE FROM DEFENDANTS

18.    CAFA's minimal diversity requirement is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. §§ 1332(d)(2)(A), 1453(b).  In a class action, only citizenship of named parties is considered for diversity purposes and not the citizenship of the class members.  *Snyder v. Harris*, 394 U.S. 332, 339-40 (1969).  Minimal diversity of citizenship exists here because Plaintiffs and Defendants are citizens of different states.

19.    **Plaintiffs are citizens of California.**  For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled.  *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983); *see also LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001) (citizenship determined at the time the lawsuit is filed); *see also Lundquist v. Precision Valley Aviation, Inc.*, 946 F.2d 8, 10 (1st Cir. 1991).  A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return.  *See Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

20.    At all relevant times, Plaintiffs were and are citizens of the State of California.  *See* Tatka Decl. ¶ 4.  *See Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (residency can create a rebuttable presumption of domicile supporting diversity of citizenship); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *see also Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, *22 (E.D. Cal. 2008) (place of residence provides "*prima facie*" case of domicile).  Accordingly, Plaintiffs are citizens of the state of California for purposes of analyzing diversity jurisdiction.

21.    **Defendant Davey Tree Surgery Company is a citizen of Ohio.**  For purposes of 28 U.S.C. § 1332, a corporation is deemed to be a citizen of any State by which it has been

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANTS' NOTICE OF REMOVAL OF ACTION

5.

1    incorporated and of the State where it has its principal place of business.  *See* 28 U.S.C. §

2    1332(c)(1).  As explained by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77,

3    77 (2010), "the phrase 'principal place of business' in § 1332(c)(1) refers to the place where a

4    corporation's high level officers direct, control, and coordinate the corporation's activities . . . We

5    believe that the 'nerve center,' will typically be found at a corporate headquarters."

6        22.    At the time the action was commenced, Defendant Davey Tree Surgery Company

7    was, and still is, incorporated under the laws of the State of Ohio with its principal place of business

8    in Kent, Ohio, and, therefore, is a citizen of the State of Ohio.  *See* Compl. ¶¶ 4-5; Tatka Decl. ¶ 5.

9    Thus, Defendant Davey Tree Surgery Company is not a citizen of the State of California.

10        23.    **Defendant The Davey Tree Expert Company is a citizen of Ohio**.  At the time

11    the action was commenced, Defendant The Davey Tree Expert Company was, and still is,

12    incorporated under the laws of the State of Ohio with its principal place of business in Kent, Ohio.

13    *See* Compl. ¶¶ 4-5; Tatka Decl. ¶ 6.  Thus, Defendant The Davey Tree Expert Company is not a

14    citizen of the State of California.

15        24.    Defendants "Does 1 through 50" are wholly fictitious.  The Complaint does not set

16    forth the identity or status of any fictitious defendants, nor does it set forth any charging allegation

17    against any fictitious defendants.  Thus, pursuant to 28 U.S.C. § 1441(a), the citizenship of

18    defendants sued under fictitious names must be disregarded for purposes of determining diversity

19    jurisdiction and cannot destroy the diversity of citizenship between the parties in this action.  *See*

20    *Newcombe v. Adolf Coors Co.,* 157 F.3d 686, 690–91 (9th Cir. 1998).

21        25.    This action satisfies diversity requirements because Plaintiffs are citizens of the

22    State of California and Defendants are citizens of Ohio.   Therefore, the minimal diversity

23    requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied.

24                **AMOUNT IN CONTROVERSY EXCEEDS $5,000,000**

25        26.    This Court has jurisdiction under the CAFA, which authorizes the removal of class

26    actions in which, among the other factors mentioned above, the amount in controversy for all class

27    members exceeds $5,000,000.  28 U.S.C. § 1332(d).  "The claims of the individual class members

28    shall be aggregated to determine whether the matter in controversy exceeds" this amount.  28 U.S.C.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANTS' NOTICE OF REMOVAL OF
ACTION                                               6.

§ 1332(d)(6).

27.     The removal statute requires that a defendant seeking to remove a case to federal court must file a notice "containing a short and plain statement of the grounds for removal."  28 U.S.C. § 1446(a).  The Supreme Court, in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014), recognized that, "as specified in §1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  Only if the plaintiff contests or the court questions the allegations of the notice of removal is supporting evidence required.  *Id*.  Otherwise "the defendant's amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court jurisdiction. *Id*. at 553.

28.     Defendants deny the validity and merit of Plaintiffs' alleged claims, the legal theories upon which they are ostensibly based and the alleged claims for monetary and other relief that flow therefrom.  For purposes of removal only, however, and without conceding that Plaintiffs or the putative class are entitled to any damages or penalties, it is readily apparent that the aggregated claims of the putative class establish, by a preponderance of evidence, that the amount in controversy well exceeds the jurisdiction minimum of $5,000,000.

29.     Here, Plaintiffs do not allege the amount in controversy in the Complaint.

30.     Plaintiffs allege a cause of action for violation of the Unfair Competition Law ("UCL"), Business and Professions Code §§ 17200, *et seq.* Compl. ¶¶ 88-93.  Alleging a UCL violation may extend the statute of limitations for Plaintiffs' and the putative class' overtime and minimum wage claims from three to four years from the filing of the Complaint, which in this case, extends the statute of limitations to December 7, 2013.  *See* Cal. Bus. & Prof. Code § 17208; *Cortez v. Purolater Air Filtration Products Co.*, 23 Cal. 4th 163, 178-79 (2000) (four-year statute of limitations for restitution of wages under the UCL).

31.     Plaintiffs allege Defendants failed to pay Plaintiffs and putative class members all wages owed because Defendants failed to pay prevailing wages, failed to pay for all hours worked, failed to pay overtime and double-time wages, failed to provide meal and rest periods or compensation in lieu of the alleged violations, failed to provide accurate wage statements, and failed

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANTS' NOTICE OF REMOVAL OF ACTION

7.

to pay all wages upon termination and failed to provide accurate wage statements. Compl. ¶¶ 1, 3. For these causes of action, Plaintiffs seek, among other relief, unpaid wages including regular wages, overtime, double-time wages, prevailing wages, compensation for missed meal and rest periods, and penalties for alleged inaccurate wage statements and late payment of wages. *Id.* ¶ 1, Prayer ¶¶ 3-17.

32.     From December 7, 2013, to present, approximately 2,257 hourly, non-exempt employees worked at Davey Tree Surgery Company and The Davey Tree Expert Company. As a non-exempt hourly employee, Plaintiff Jose Diaz Hermosillo earned $18.5 per hour, and Plaintiff Oscar Diaz Hermosillo earned $21.6 per hour. The hourly rates, over the entire alleged class period, for the purported class members Plaintiffs seek to represent average $23.07. Based on the available employment records, the time period Plaintiffs have placed at issue, and the number of employees at issue, Plaintiffs have placed approximately 234,410 work weeks in controversy.

33.     Based on the available employment records from Defendants, and without waiving any defenses related to the fact that Defendant Davey Tree Surgery Company did not employ Plaintiffs, there are approximately 2,257 putative class members at issue for Plaintiffs' missed meal period and rest break claims with 234,410 work weeks in the alleged class period for each cause of action. While Defendants deny the validity and merit of Plaintiffs' missed meal period and rest break claims, for purposes of removal only, Defendants calculate that based on the hourly rates of pay for the putative class members and assuming one missed meal period and one missed rest break per week, the amount in controversy for each allegation is $5,407,285, totaling $10,814,570 for the meal period and rest break claims alone.

34.     Based on the available employment records, there are approximately 2,257 putative class members at issue for Plaintiffs' overtime claim with 234,410 work weeks in the alleged class period. While Defendants deny the validity and merit of Plaintiffs' overtime claim, for purposes of removal only, estimating only one hour of overtime per week per putative class member for the class period, Defendants calculate an additional $2,703,643 in controversy.

35.     Plaintiffs also allege that Defendants failed to timely pay Plaintiffs and putative class members whose employment ended with the Defendants during the class period, as required by Labor Code § 203. Compl. ¶¶ 66-72. While Defendants deny the validity and merit of Plaintiffs'

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANTS' NOTICE OF REMOVAL OF ACTION

8.

waiting time penalties claims, for purposes of removal only, Defendants determined the amount in controversy by applying the maximum penalty authorized.  There are approximately 797 putative class members who fall within the three year statute of limitations applicable to this claim (i.e. class period beginning December 7, 2014).  Assuming an eight hour work day, the maximum thirty days allowed by statute, the amount in controversy on the waiting time penalty claims is approximately $3,525,538.

36.    Additionally, Plaintiffs allege that Defendants failed to maintain accurate itemized wage statements in violation of Labor Code § 226.  Compl. ¶¶ 73-79.  Plaintiffs allege the putative class members are entitled to amounts provided for under Labor Code section 226(e), Compl. ¶ 75: $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars per violation ($4,000).  While Defendants deny the allegations, given the one year statute of limitation applicable to section 226 claims (*i.e.* the class period beginning December 7, 2016), based on the available employment records, there are approximately 1,529 putative class members at issue for Plaintiffs' wage statement claim.  Assuming that the putative class is paid weekly, the amount in controversy is $5,075,450 for this claim.

37.    Plaintiffs also seek recovery under the Private Attorneys General Act ("PAGA").  Compl. ¶¶ 95-98, Prayer ¶ 13.  Plaintiffs seek penalties under the PAGA—$100 for each aggrieved employee per pay period for the initial violation.  Cal. Lab. Code § 2699(f).  While Defendants deny the allegations, given the one year statute of limitation applicable to the PAGA claim (*i.e.* the class period beginning December 7, 2016), based on the available employment records, there are approximately 1,529 putative class members at issue and the amount in controversy is $6,929,400 for this claim.

38.    Plaintiffs also seek attorneys' fees and costs in their Complaint.  *See* Compl., Prayer for Relief ¶ 16.  It is well-settled that claims for statutory attorneys' fees are to be included in the amount in controversy.  *See, e.g.*, *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), *cert. denied*, 127 S. Ct. 157 (2006); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998) (attorneys' fees may be taken into account to determine jurisdictional amounts).  The

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANTS' NOTICE OF REMOVAL OF ACTION                    9.

1  attorneys' fees benchmark in the Ninth Circuit is 25%. *Paul, Johnson, Alston & Hunt v. Graulty*,

2  886 F.2d 268, 272 (9th Cir. 1989) ("We note with approval that one court has concluded that the

3  'bench mark' percentage for the fee award should be 25 percent." (citation omitted)); *Lo v. Oxnard*

4  *Euro. Motors, LLC*, No. 11-CV-1009, 2012 US. Dist. LEXIS 73983, *8-9 (S.D. Cal. May 29, 2012)

5  ("The Ninth Circuit has accepted as a benchmark for an attorneys' fees awards a twenty-five percent

6  of the common fund recovery.")

7      39.    Removal of this action is therefore proper as the aggregate value of Plaintiffs' class

8  causes of action for unpaid overtime and minimum wage, unpaid meal and rest periods premiums,

9  final wages not timely paid, non-compliant wage statements, and attorneys' fees is well in excess of

10  the CAFA jurisdictional requirement of $5 million. *See* 28 U.S.C. § 1332(d)(2).

11                        **NOTICE TO PLAINTIFFS AND STATE COURT**

12      40.    Contemporaneously with the filing of this Notice of Removal in the United States

13  District Court for the Central District of California, written notice of such filing will be served by the

14  undersigned on Plaintiffs' Counsel of Record and a copy of the Notice of Removal will be filed with

15  the Clerk of the Superior Court of California, County of Santa Clara.

16  Dated:  January 18, 2018

17

18                                    /s/ *Billie D. Wenter*
                                      BILLIE D. WENTER
19                                    LITTLER MENDELSON, P.C.
                                      Attorneys for Defendants
20                                    DAVEY TREE SURGERY COMPANY AND
                                      THE DAVEY TREE EXPERT COMPANY
21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANTS' NOTICE OF REMOVAL OF
ACTION

1

Firmwide:152052112.1 001365.1171

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANTS' NOTICE OF REMOVAL OF
ACTION                                              11.

# EXHIBIT A

E-FILED
12/7/2017 10:24 AM
Clerk of Court
Superior Court of CA,
County of Santa Clara
17CV320135
Reviewed By: R. Walker

1  KEVIN ALLEN, SBN 237994
   DANIEL VELTON, SBN 267890
2  **VELTON ZEGELMAN P.C.**
   1261 Lincoln Avenue, Suite 208
3  San Jose, CA 95125
   Tel. (408) 505-7892
4  Fax (408) 228-1930
   kallen@vzfirm.com
5  dvelton@vzfirm.com

6  DANIEL A. MENENDEZ, SBN 260822
   **LAW OFFICE OF DANIEL A. MENENDEZ**
7  1261 Lincoln Avenue, Suite 208
   San Jose, CA 95125
8  Tel. (408) 479-4969
   Fax (408) 273-6912
9  daniel@siliconvalleylegal.com

10 Attorneys for Representative Plaintiffs
   and the Plaintiff Class

11
                    IN THE SUPERIOR COURT IN THE STATE OF CALIFORNIA
12
                         FOR THE COUNTY OF SANTA CLARA
·13
                            (UNLIMITED JURISDICTION)
14

15
   JOSE DIAZ HERMOSILLO, OSCAR DIAZ      Case No.  **17CV320135**
16 HERMOSILLO on behalf of themselves and all
   others similarly situated,                      **CLASS ACTION**
17
                                                   **COMPLAINT FOR DAMAGES,**
18                     Plaintiffs,                 **INJUNCTIVE RELIEF AND**
                                                   **RESTITUTION**
19           vs.
                                                   **DEMAND FOR JURY TRIAL**
20
   DAVEY TREE SURGERY COMPANY, an
21 Ohio Corporation; THE DAVEY TREE
   EXPERT COMPANY, an Ohio Corporation;
22 and DOES 1 through 50, inclusive,

23
                       Defendants.
24

25

26

27

28

                                        1
                            CLASS ACTION COMPLAINT

1    Representative Plaintiffs JOSE DIAZ HERMOSILLO and OSCAR DIAZ HERMOSILLO

2    complain and allege as follows:

3    **PRELIMINARY STATEMENT**

4    1.    This is a class action, brought on behalf of Plaintiffs JOSE DIAZ HERMOSILLO

5    and OSCAR DIAZ HERMOSILLO ("Plaintiffs" or "Representative Plaintiffs") and all other

6    persons similarly situated (collectively "Class Members") who are or have been employed as non-

7    exempt tree care service employees (including but not limited to those holding the job titles of

8    "laborer," "groundman," "apprentice climber," "climber," "climbing arborist," "climbing arborist

9    trainee," and "trimmer") by Defendants DAVEY TREE SURGERY COMPANY ("DTSC"), THE

10   DAVEY TREE EXPERT COMPANY ("DTEC"), and DOES 1-50, inclusive (hereinafter,

11   collectively "Defendants") in California within the applicable Class Period (referred to herein as

12   "Class Members" or "Tree Trimmers"). Representative Plaintiffs, on behalf of themselves and the

13   Class Members, seek unpaid wages including regular wages, overtime wages, double-time wages,

14   prevailing wages, compensation for missed meal and rest periods, penalties for inaccurate wage

15   statements and late payment of wages, interest thereon, related penalties, injunctive and other

16   equitable relief, and reasonable attorneys' fees and litigation costs pursuant to, *inter alia.*, Title 8 of

17   the California Code of Regulations, California Business and Professions Code sections 17200, *et*

18   *seq.*, California Code of Civil Procedure Section 1021.5, and various provisions of the California

19   Labor Code.

20   2.    The "Class Period" is defined as the four years prior to the date on which this

21   Complaint was initially filed and continuing through the present time, based upon the allegation

22   that the violations of California's wage and hour laws, as described more fully below, have been

23   ongoing throughout that time.

24   3.    During the Class Period, Representative Plaintiffs allege, on information and belief,

25   that Defendants have had a consistent policy of (1) unlawfully failing to pay Representative

26   Plaintiffs and Class Members prevailing wages, as required by California Labor Code Section

27   1771; (2) failing to pay Representative Plaintiffs and Class Members for all hours worked, by

28   including but not limited to shaving off hours worked by Representative Plaintiffs and members of

1   the class by rounding of their punch times; (3) failing to pay Representative Plaintiffs and Class

2   Members overtime wages for more than 8 hours of work in a work-day and/or more than 40 hours

3   in a work-week; (4) failing to pay Representative Plaintiffs and Class Members double-time wages

4   for more than 12 hours of work in a work-day and for wages earned over 8 hours worked on the

5   seventh day worked in a work-week; (5) unlawfully failing to provide Representative Plaintiffs and

6   Class Members with timely, statutorily-mandated meal and rest periods and/or failing to properly

7   compensate them for meal and rest period violations; (6) willfully failing to provide Representative

8   Plaintiffs and Class Members with accurate semi-monthly itemized wage statements that correctly

9   identified the name of the employer; (7) willfully failing to pay compensation owed in a prompt

10  and timely manner to Representative Plaintiffs and Class Members whose employment with

11  Defendants has terminated; and (8) violating California's Unfair Competition Law (the "UCL").

12  **INTRODUCTION**

13       4.       Defendant DAVEY TREE SURGERY COMPANY ("DTSC") is a registered Ohio

14  Corporation, who is a licensed and bonded contractor in the state of California performing

15  professional tree services on public works projects in Santa Clara County.

16       5.       Defendant THE DAVEY TREE EXPERT COMPANY ("DTEC") is a registered

17  Ohio Corporation with its headquarters in Kent, Ohio, who is a licensed and bonded contractor in

18  the state of California performing professional tree services on public works projects in Santa Clara

19  County.

20       6.       Representative Plaintiffs allege, based on information and belief, that during the

21  relevant Class Period Defendants DTSC and DTEC have employed hundreds of employees in

22  California in positions that did not, and currently do not, meet any known test for exemption from

23  the payment of minimum and overtime wages, and/or the entitlement to accurate itemized wage

24  statements and meal and rest periods. Representative Plaintiffs are also informed and believe and

25  based thereon allege that Defendants DTSC and DTEC actively sought, engaged in, and employed

26  Plaintiffs and similarly situated Class Members on public works projects subject to prevailing

27  wage statutes.

28       7.       Despite actual knowledge of these facts and legal mandates. Defendants had and

3

1   continue to enjoy an advantage over their competition and a resultant disadvantage to their workers

2   by electing not to pay prevailing wage rates, not to pay Representative Plaintiffs and class

3   members wages owed for all hours worked by, *inter alia*, "shaving" hours and rounding punch

4   times, not paying statutorily required regular and overtime wages as well as prevailing wages, not

5   providing off-duty, timely meal and rest periods or compensation therefore, not providing accurate

6   wage statements, and not providing all wages due and owing upon employees' termination in a

7   timely manner.

8        8.       Representative Plaintiffs are informed and believe and, based thereon, allege that

9   officers and managing agents of defendant DTSC and DTEC, knew of these facts and legal

10   mandates yet, nonetheless, repeatedly authorized and/or ratified the violations of the laws cited

11   herein.

12       9.       Despite Defendants' knowledge of Representative Plaintiffs and Class Members'

13   entitlement to prevailing wages, wages for all hours worked, premium wages for daily and weekly

14   overtime hours worked, meal and rest periods or break violation pay for all applicable work

15   periods, and accurate wage statements, Defendant failed to provide the same to Representative

16   Plaintiffs and Class Members, in violation of the California Labor Code and Business and

17   Professions Code, the applicable California Industrial Welfare Commission Wage Order and Title

18   8 of the California Code of Regulations. Moreover, Defendants failed to pay all final wages to

19   those Plaintiffs and Class Members whose employment has terminated.

20       10.      This action is brought to redress and end this long-time pattern of unlawful conduct

21   once and for all. Despite actual knowledge of these facts and legal mandates, Defendants have and

22   continue to enjoy an advantage over their competition and a imposed a resultant disadvantage to its

23   workers by electing not to pay premium wages (e.g., overtime, double-time, prevailing wages,

24   meal and rest period wages) and/or penalties to which they are entitled (e.g.. "waiting time,"

25   "wages statement," "underpayment," and/or "Private Attorney General Act" penalties) to their

26   Tree Trimmers in California.

27                        **JURISDICTION AND VENUE**

28       11.      This Court has jurisdiction over this action because the amount in controversy

4

1    exceeds $25,000.

2        12.    Pursuant to California Code of Civil Procedure section 395(a), venue is proper in

3    the County of Santa Clara because Defendants' obligations and liability arose, at least in part,

4    therein, and because the alleged injuries sustained by Representative Plaintiffs, as well as other

5    Class Members, occurred in the County of Santa Clara.

6                                    **PLAINTIFF**

7        13.    Representative Plaintiffs bring this action against Defendants, for engaging in a

8    uniform policy and systematic scheme of wage abuse against their Tree Trimmers in California.

9    This scheme involved, *inter alia*, failing to pay Plaintiffs and other Tree Trimmers all prevailing

10   wages owed as well as denying them regular, overtime, and double-time compensation for all

11   applicable hours worked. Further, Defendants did not provide timely, off-duty meal or rest breaks

12   for Tree Trimmers, or break violation pay, as mandated under California law.

13       14.    As used through this Complaint, the term "Class Members" refers to the

14   Representative Plaintiffs herein as well as each and every person eligible for membership in the

15   Class as described and defined herein.

16       15.    Representative Plaintiff Jose Diaz Hermosillo is a natural person who was

17   employed by Defendants as a Tree Trimmer from approximately October 2015 until approximately

18   August 2017. At all times herein relevant, Representative Plaintiff Jose Diaz Hermosillo was and is

19   now a person within the Class as further described and defined therein.

20       16.    Representative Plaintiff Oscar Diaz Hermosillo is a natural person who was

21   employed by Defendants as a Tree Trimmer from approximately October 2015 until approximately

22   August 2017. At all times herein relevant, Representative Plaintiff Oscar Diaz Hermosillo was and

23   is now a person within the Class as further described and defined therein.

24       17.    During their employment, Representative Plaintiffs and members of the class were

25   not paid a prevailing wage rate, pursuant to California Labor Code Section 1771.

26       18.    Moreover, Representative Plaintiffs and members of the class were not paid for all

27   hours worked due to the illegal practice by Defendants of not compensating Representative

28   Plaintiffs and members of the class for all hours worked. By way of example, Defendants engaged

1  in an uniform policy and systematic scheme of wage theft by rounding their punch times so that

2  Representative Plaintiffs and members of the class were not paid for all of their hours worked.

3      19.    Furthermore, during the Class Period, Representative Plaintiffs and Class Members

4  worked, on many occasions, in excess of 8 hours in a workday and/or 40 hours in a workweek.

5  Representative Plaintiffs and Class Members, during the Class Period, also worked, on many

6  occasions, in excess of 12 hours in a workday and/or in excess of 8 on any seventh work-day in a

7  workweek. However, despite the aforementioned, Defendants denied Plaintiffs and Class Members

8  all of the overtime and double-time compensation to which they were owed.

9      20.    In addition, Representative Plaintiffs routinely worked for Defendants without being

10  provided with timely, off-duty, net ten minute rest periods for every four hours worked or major

11  fraction thereof, without being provided with a thirty minute uninterrupted, duty-free meal period

12  during meal period eligible shifts, or a second thirty minute uninterrupted duty-free meal period

13  during shifts lasting ten hours or more, and without being provided with recovery periods or clean

14  drinking water, and without being paid one (1) hour of pay at the employee's regular rate of

15  compensation for each work day that a meal or rest period or recovery period was not provided.

16  Representative Plaintiffs allege, on information and belief, these meal and rest break and recovery

17  period violations were the result of policies and procedures that applied uniformly to all Class

18  Members during the Class Period. Furthermore, Representative Plaintiffs worked shifts of ten

19  hours or more but did not receive a second meal period or third rest break.

20      21.    As a result of the above violations, Representative Plaintiffs' wage statements did

21  not reflect the actual number of hours worked and the lawful wages due thereon, and were

22  therefore inaccurate.

23      22.    On September 20, 2017 counsel for Plaintiffs served a records request on both

24  Defendants via certified mail which requested copies of their personnel records (including payroll

25  and timekeeping records and any records signed by the Plaintiffs) pursuant to Labor Code sections

26  226(c), 432 and 1198.5. The records request included signed authorizations from both Plaintiffs

27  authorizing Defendants to release the records to their counsel in this action. Defendants failed to

28  respond to the records request and, as of the date this complaint is being filed, had still not

1    produced any of the requested employment records.

2        23.    The Representative Plaintiffs bring this action on behalf of themselves and as a

3    class action, pursuant to California Code of Civil Procedure section 382, on behalf of all persons

4    similarly situated and proximately damaged by the unlawful conduct described herein.

5                                **DEFENDANTS**

6        24.    Representative Plaintiffs are informed and believe and, based thereon, allege that at

7    all times herein relevant, Defendants DTSC and DTEC were and are registered Ohio Corporations,

8    who are licensed and bonded contractors in the state of California performing professional tree

9    services on public works projects.

10       25.    The true and correct names and capacities of DOES 1 through 50, inclusive, are

11   unknown to Representative Plaintiffs, who therefore sue said Defendants by such fictitious names.

12   Representative Plaintiffs are informed and believe and thereon allege that each of said fictitious

13   Defendants caused injury and damages to Representative Plaintiffs.

14       26.    Defendants DOES 1 through 10 are individuals employed by Defendants.

15       27.    At all times relevant herein, Defendants and DOES 11-50 inclusive were and are

16   employer(s) and person(s) within the definition of California Labor Code Section 18, the

17   applicable Industrial Wage Order, and California Business and Professions Code Section 17201.

18       28.    The Representative Plaintiffs are informed and believe and, on that basis, allege that

19   at all relevant times herein mentioned each of the Defendants, including DOES 1 through 50, were

20   the agents, employees, supervisors, employers, alter egos, and/or joint ventures of the remaining

21   defendants, and were acting both individually and in the course and scope of such relationship,

22   and/or as an integrated enterprise, and/or as joint employers, with the knowledge and/or consent of

23   the remaining Defendants.

24              **CLASS AND COLLECTIVE ACTION ALLEGATIONS**

25       29.    Representative Plaintiffs bring this action individually and as a class action on

26   behalf of all persons similarly situated and proximately damaged by Defendants' conduct,

27   including but not limited to the following class ("Class Members" or "the "Plaintiff Class"):

28              All non-exempt Tree Trimmers employees (including but not limited to
                those holding the job titles of "laborer," "groundman," "apprentice

                                    7
                        CLASS ACTION COMPLAINT

climber," "climber," "climbing arborist," "climbing arborist trainee," and "trimmer") who were employed by Defendants in the State of California at any time during the four years preceding the filing of this Complaint through to the present.

30.    Defendants, their officers, and directors are excluded from the Plaintiff Class.

31.    This action has been brought and may be properly maintained as a class action pursuant to California Code of Civil Procedure Section 382 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable as follows:

a. Numerosity: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the Plaintiff Class are so numerous that joinder of all members is impractical, if not impossible, insofar as Representative Plaintiffs are informed and believe and, on that basis, allege that there are sufficient Class Members to meet the numerosity requirement. Membership in the Class will be determined upon analysis of employee and payroll, among other, records maintained by Defendants.

b. Commonality: The Representative Plaintiffs and the class members share a community of interests, in part, since there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, thereby making a class action superior to other available methods for the fair and efficient adjudication of the controversy. Consequently, class certification is proper under Section 382. These common questions include, but are not necessarily limited to:

    i.    Whether Defendants violated California Labor Code sections 1771 and 1774 by failing to pay prevailing wages and/or prevailing per diem wages to their employees on public works projects;

    ii.    Whether Defendants engaged in a pattern or practice of failing to pay Class Members for all hours worked, including but not limited to shaving off hours worked by Representative Plaintiffs and members of the class by rounding of their punch times

    iii.    Whether Defendants violated the applicable IWC Wage Order and/or Labor Code Section 510 by failing to pay overtime to its employees who worked in excess of forty hours per week and/or eight hours per day;

    iv.    Whether Defendants violated the applicable IWC Wage Order and/or Labor Code Section 510 by failing to pay double-time to its employees who worked in excess of 12 hours per day and hours in excess of 8 on any seventh work-day in a work week;

    v.    Whether Defendants violated California Labor Code Section 1194(a) by failing to pay minimum, overtime, and/or double-time wages to its employees;

    vi.    Whether Defendants violated California Labor Code sections 226.7 and 512 by failing to provide Class Members, for each work period of more than five hours per day, with an off-duty meal period of at least 30 minutes, and, for each work period of four hours or major fraction thereof, a net ten minute rest period, without any compensation therefore;

8

vii.   Whether Defendants violated California Labor Code Section 1174 by failing to keep accurate records of employees' hours of work;

viii.   Whether Defendants violated California Labor Code sections 201-204 by failing to pay regular, overtime, or double-time wages and meal and rest period (or recovery period) violation wages due and owing at the time certain Class Members' employment with Defendants terminated;

ix.   Whether Defendants violated California Labor Code Section 226 by failing to provide the semimonthly itemized statements to Class Members of total hours worked by each and all applicable hourly rates in effect during the pay period;

x.   Whether Class Members are entitled to "waiting time" penalties, pursuant to California Labor Code Section 203;

xi.   Whether Defendants violated California Business and Professions Code section 17200, *et seq.* by failing to (1) pay prevailing wage rates pursuant to Lab. Code Section 1771 (2) pay overtime compensation to its employees who worked in excess of forty hours per week and/or eight hours per day, (3) pay double-time to its employees who worked in excess of 12 hours per day and hours in excess of 8 on any seventh work-day in a work week (4) pay meal period premiums to its employees who worked in excess of five consecutive hours without a meal period, (5) pay rest period and/or recovery period premiums to its employees for each four hour period (or major fraction thereof) worked without a rest period or applicable recovery period, (6) provide accurate wage statements, and (7) pay all wages for all hours worked due promptly upon Class Members' resignation or termination;

xii.   Whether Defendants owe penalties for the above-listed violations pursuant to California Labor Code Section 2698, *et seq.*; and,

xiii.   Whether class-wide injunctive relief is an appropriate remedy by which to prevent and/or halt the violations alleged herein from continuing; and.

c.   Typicality: The Representative Plaintiffs' claims are typical of the clams of Class Members. The Representative Plaintiffs and Class Members sustained damages arising out of and caused by Defendants' common course of conduct in violation of the law, as alleged herein.

d.   Superiority of a Class Action: Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes or may make it impractical for Class Members to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought, or be required to be brought, by each individual Class Member, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings which might be dispositive of the interests of other Class Members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.

e.   Adequacy of Representation: Each Representative Plaintiff in this class action is an adequate representative of the Plaintiff Class in that each Representative Plaintiff's claims are typical of those of the Plaintiff Class and the Representative Plaintiffs have the same interest in the litigation of this case as the Class Members. Each Representative Plaintiff is

9

1  committed to vigorous prosecution of this case and has retained competent counsel who are
2  experienced in conducting litigation of this nature. The Representative Plaintiffs are not
   subject to any individual defenses unique from those conceivably applicable to Class
3  Members as a whole. The Representative Plaintiffs anticipate no management difficulties
   in this litigation.

4  ## COMMON FACTUAL ALLEGATIONS

5       32.     As described herein, for years, Defendants have knowingly failed to adequately
6  compensate those employees within the class definition identified above for all wages earned
7  (including premium wages such as overtime wages and/or compensation for missed meal and/or
8  rest periods) under the California Labor Code and the applicable IWC Wage Order, thereby
9  enjoying a significant competitive edge over Defendants' competitors.

10      33.     Defendants' wage policies failed to pay Representative Plaintiffs and Class
11  Members with a prevailing wage rate as required by California Labor Code Section 1771, with
12  overtime wages for each hour worked beyond 8 in a work-day and 40 in a work-week, or double-
13  time to employees who worked in excess of 12 hours per day and for hours in excess of 8 on any
14  seventh work-day in a work week as required under the California Labor Code and the applicable
15  IWC Wage Order(s).

16      34.     Defendants' meal and rest period policies failed to provide Representative Plaintiffs
17  and Class Members a net 10-minute rest period for every four hours worked or major fraction
18  thereof and an uninterrupted 30-minute meal period for working five hours or more, nor did
19  Defendants' meal and rest period policies provide second meal periods and third rest breaks for
20  shifts of ten hours or more, or provide compensation to Representative Plaintiffs and Class
21  Members for meal and/or rest break violations. Defendants' policies also failed to provide class
22  members with adequate recovery periods, shade, and clean drinking water as required under
23  California law.

24      35.     California Labor Code sections 201 and 202 require Defendants to pay severed
25  employees all wages due and owed to the employee immediately upon discharge or within 72
26  hours of resignation of their positions, in most circumstances. California Labor Code § 203
27  provides that an employer who willfully fails to timely pay such wages must, as a penalty, continue
28  to pay the subject employees' wages until the back wages are paid in full or an action is

1   commenced, and the payment of such penalty shall continue for a period of time up to 30 days.

2       36.     Furthermore, Defendants failed to provide the Representative Plaintiffs and Class

3   Members with accurate semimonthly itemized statements of the total number of hours worked by

4   each, and all applicable hourly rates in effect, during the pay period, in violation of California

5   Labor Code Section 226. In failing to provide the required documents, Defendants have not only

6   failed to pay its workers the full amount of compensation due but have also, until now, effectively

7   shielded itself from its employees' scrutiny by concealing the magnitude and financial impact of its

8   wrongdoing that such documents might otherwise have led workers to discover.

9       37.     Representative Plaintiffs and all persons similarly situated are also entitled to

10  compensation for all hours worked.  By way of example, Defendants engaged in a pattern or

11  practice of failing to pay Class Members for all hours worked, including but not limited to shaving

12  off hours worked by Representative Plaintiffs and members of the class by rounding of their punch

13  times.

14      38.     Under California Labor Code sections 226(c), 432, and 1198.5, collectively, an

15  employee has a right to inspect (or obtain copies of) his or her personnel file, payroll and time

16  records, and documents signed by the employee relating to their obtaining or holding employment

17  with the employer. Despite Representative Plaintiffs' request for these documents, Defendants

18  failed to produce any of the requested documents in a timely manner, as required by statute, or to

19  even respond to the request. Defendants failure to comply with these requests further evidences

20  their intent to hide the full impact of their wrongdoing from employees. Plaintiffs seek injunctive

21  relief ordering the Defendants to produce the requested records and to pay penalties, attorneys'

22  fees and costs due to their non-compliance.

23      39.     As a direct and proximate result of Defendants' unlawful conduct, as set forth

24  herein, Representative Plaintiffs and Class Members have sustained damages, as described above,

25  including compensation for loss of earnings for hours worked on behalf of Defendants in an

26  amount to be established at trial. As a further direct and proximate result of Defendants' unlawful

27  conduct, as set forth herein, Representative Plaintiffs and certain Class Members are entitled to

28  recover penalties for failure to provide semimonthly statements of hours worked and all applicable

hourly rates (pursuant to Labor Code Section 226) in an amount to be established at trial. As a further direct and proximate result of Defendants' unlawful conduct, as set forth herein, Representative Plaintiffs and Class Members are also entitled to recover costs and attorneys' fees pursuant to California Labor Code sections 218.5, 1194 and/or California Civil Code Section 1021.5, among other authorities.

40. Representative Plaintiffs seek injunctive relief prohibiting Defendants from engaging in the complained-of illegal labor acts and practices in the future. Representative Plaintiffs also seek restitution of costs incurred by Representative Plaintiffs and Class Members under California's Unfair Competition Law. Unless enjoined, Defendants' unlawful conduct will continue unchecked, while the Representative Plaintiffs and Class Members bear the financial brunt of Defendants' unlawful conduct. As a further direct and proximate result of Defendants' unlawful conduct, as set forth herein, Representative Plaintiffs and the Plaintiff Class are also entitled to recover costs and attorneys' fees, pursuant to statute.

**First Cause of Action**
**Failure to Pay Wages Owed**
**(Violation of California Wage Orders and Labor Code §§ 510, 1194, 1197, 1198, 1771, 1774)**
**(Against all Defendants)**

41. Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

42. At all relevant times, Defendants were aware of, and under a duty to comply with, the provisions of the California Labor Code including, but not limited to, California Labor Code sections 510, 1194, 1198, 1771, and 1774.

43. California Labor Code Section 510(a), in pertinent part, provides:

> Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

44. California Labor Code Section 1194(a), in pertinent part, provides:

12
CLASS ACTION COMPLAINT

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

45.   California Labor Code Section 1198, in pertinent part, provides:

The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

46.   California Labor Code Section 1771 provides:

Except for public works projects of one thousand dollars ($1,000) or less, not less than the general prevailing rate of per diem wages for work of a similar character in the locality in which the public work is performed, and not less than the general prevailing rate of per diem wages for holiday and overtime work fixed as provided in this chapter, shall be paid to all workers employed on public works.

47.   California Labor Code Section 1774 provides:

The contractor to whom the contract is awarded, and any subcontractor under him, shall pay not less than the specified prevailing rates of wages to all workmen employed in the execution of the contract.

48.   Plaintiffs allege, on information and belief, that the public works projects at issue during the Class Period exceed $1,000.00.

49.   During the Class Period, Representative Plaintiffs and Class Members worked, on many occasions, in excess of 8 hours in a workday and/or 40 hours in a workweek. The precise number of overtime hours will be proven at trial.

50.   During the Class Period, Representative Plaintiffs and Class Members worked, on many occasions, in excess of 12 hours in a workday and/or in excess of 8 on any seventh work-day in a workweek. The precise number of double-time hours will be proven at trial.

51.   During the Class Period, Defendants refused and/or failed to compensate Representative Plaintiffs and Class Members for all of the overtime wages earned, in violation of the applicable IWC Wage Order and provisions of the California Labor Code.

52.   Moreover, during said time period, Representative Plaintiffs and many of the Class Members were employed by and thereafter terminated or resigned from their positions with

1  Defendants, yet were not paid all overtime or double-time wages due upon said termination or
2  within 72 hours of said resignation of employment therefrom. Said non-payment of all wages due
3  was the direct and proximate result of a willful refusal to do so by the Defendants.

4      53.    During the Class Period, Representative Plaintiffs and Class Members were not
5  compensated for all hours worked.  By way of example, Defendants engaged in a pattern or
6  practice of failing to pay Class Members for all hours worked, including but not limited to
7  rounding punch times for Representative Plaintiffs and members of the class.  The precise number
8  of unpaid hours in this category will be proven at trial.

9      54.    By refusing to compensate Representative Plaintiffs and Class Members for
10  overtime and double-time wages earned, Defendants violated those California Labor Code
11  provisions cited herein as well as the applicable IWC Wage Order(s).

12     55.    At all times during the relevant Class Period, Defendants were subject to the
13  prevailing wage laws of the State of California, including Labor Code sections 1771 and 1774, for
14  all work undertaken on public works projects. Pursuant to Labor Code Section 1771, Defendants
15  were mandated to pay their employees working on such public work projects, including Plaintiffs
16  and all applicable Class Members, not less than the general prevailing rate of per diem wages for
17  work of a similar character in the locality in which the public work was performed and not less
18  than the general prevailing rate of per diem wages for holiday, overtime, and double-time work.

19     56.    The applicable per diem wages and prevailing wages required pursuant to Labor
20  Code sections 1194, 1771, and 1774 are set forth in annual and semi-annual bulletins published by
21  the California Department of Industrial Relations.

22     57.    As a direct and proximate result of Defendants' unlawful conduct, as set forth
23  herein, Representative Plaintiffs and the Class Members sustained damages, including loss of
24  earnings for hours of overtime and double-time worked for Defendants in an amount to be
25  established at trial, and are entitled to recover attorneys' fees and costs of suit.

26     Wherefore, the Representative Plaintiffs pray for judgment as set forth below.
27  ///
28  ///

**Second Cause of Action**
**Failure to Provide Meal and Rest Periods or Pay Meal and Rest Period Premiums**
**(California Labor Code §§ 226.7 and 512)**
**(Against all Defendants)**

58.     Representative Plaintiffs re-allege and incorporate each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

59.     California Labor Code Section 512(a) and applicable California Wage Orders set forth the minimum requirements for the provision of meal periods to non-exempt employees in California. The applicable wage order indicates that "[n]o employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee." Furthermore, the wage order indicates that "an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

60.     California Labor Code Section 512(a) and applicable California Wage Orders set for the minimum requirements for the provision of rest breaks to non-exempt employees in California. The applicable wage order indicates that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

61.     Furthermore, California Labor Code Section 226.7 requires an employer to pay an additional hour of compensation for each workday where an employee fails to receive a required recovery period break for days in which a worker works in weather conditions of 85 degrees Fahrenheit or above while being exposed to the sun. Further, the law requires an employer in such

a situation to provide clean drinking water, shade, and an appropriate amount of time to recover. On information and belief, Representative Plaintiffs and the Class consistently worked when it was 85 degrees Fahrenheit in direct exposure to the sun. Moreover, Representative Plaintiffs and the Class was not provided with clean drinking water and shade on such occasions. Defendants failed to provide Representative Plaintiffs and the Class with recovery period breaks, shade, and clean drinking water and failed to provide the hour of compensation for recovery periods missed.

62.    Pursuant to the above provisions, Representative Plaintiffs and Class Members are entitled to meal periods in which they were relieved of all job duties. Instead, Representative Plaintiffs believe, and thereupon allege, that Defendants did not provide Representative Plaintiffs and Class Members with sufficient timely, thirty-minute uninterrupted meal periods. Moreover, no "on duty" written meal period agreement and/or waiver, valid or otherwise, affected Representative Plaintiffs and the Class Members' entitlement to meal periods. Thus, Defendants violated California Labor Code sections 226.7 and 512 and applicable Wage Orders.

63.    Representative Plaintiffs are informed and believe, and thereupon allege, that Defendants required Representative Plaintiffs and Class Members to work without receiving timely meal periods and rest breaks to which they were entitled, including second meal periods and third rest breaks.

64.    Defendants' unlawful acts deprived Representative Plaintiffs and Class Members of a lawful meal period, so they are entitled to recovery pursuant to California Labor Code section 226.7, subdivision (b), in the amount of one additional hour of pay at the employee's regular rate of compensation for each day on which one or more meal periods was not provided.

65.    Defendants' unlawful acts deprived Representative Plaintiffs and Class Members of rest breaks and recovery periods, so they are entitled to recovery pursuant to Section 12(B) of the applicable IWC Wage Order(s) and Labor Code Section 226.7, in the amount of one (1) additional hour of pay at the employee's regular rate of compensation for each such rest period or recovery period that is/was not provided to any member of the Class.

Wherefore, the Representative Plaintiffs pray for judgment as set forth below.

///

**Third Cause of Action**
**Failure to Pay Wages on Separation of Employment**
**(California Labor Code §§ 203, 2926, 2927)**
**(Against all Defendants))**

66.     Representative Plaintiffs re-allege and incorporate each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

67.     California Labor Code Section 203, in pertinent part, provides that:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days.

68.     California Labor Code Section 2926, in pertinent part, provides that "[a]n employee who is not employed for a specified term and who is dismissed by his employer is entitled to compensation for services rendered up to the time of such dismissal."

69.     California Labor Code Section 2927, in pertinent part, provides that "[a]n employee who is not employed for a specified term and who quits the service of his employer is entitled to compensation for services rendered up to the time of such quitting."

70.     Numerous Class Members were employed by Defendants during the Class Period and were thereafter terminated or resigned from their positions, yet they were not paid all wages (including prevailing wage and premium overtime and double-time wages and wages for break violations) due upon said termination or within 72 hours of said resignation of employment therefrom. Said non- payment was the direct and proximate result of a willful refusal to do so by the Defendants.

71.     More than thirty days have elapsed since numerous Class Members were involuntarily terminated or voluntarily resigned from Defendants' employment.

72.     As a direct and proximate result of Defendants' willful conduct in failing to pay said Class Members for all hours worked, these affected Class Members are entitled to recover "waiting time" penalties of up to thirty days' wages pursuant to California Labor Code Section 203 in an amount to be established at trial, together with interest thereon, and attorneys' fees and costs.

Wherefore, Representative Plaintiffs pray for judgment as set forth below.

///

17
CLASS ACTION COMPLAINT

## Fourth Cause of Action
### Failure to Provide Accurate Itemized Wage Statements
### (California Labor Code §§ 226 and 1174)
### (Against all Defendants)

73.    Representative Plaintiffs re-allege and incorporate each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

74.    During the relevant time period, since and including January 1, 2013, California Labor Code Section 226(a) provided and provides:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. For purposes of this subdivision, "copy" includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision.

75.    During the relevant time period, since and including January 1, 2013, California Labor Code Section 226(e)(1) provided and provides:

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to

18

exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

76.    Furthermore, during the relevant time period, since and including January 1, 2013, California Labor Code Section 226(e)(2) provided and provides:

(A)    An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide a wage statement.

(B)    An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following:

(i)    The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a).

(ii)    Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period. Nothing in this subdivision alters the ability of the employer to aggregate deductions consistent with the requirements of item (4) of subdivision (a).

(iii)    The name and address of the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer during the pay period.

(iv)    The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number.

77.    During the relevant time period, since and including January 1, 2012, California Labor Code Section 1174(d) provided and provides:

Every person employing labor in this state shall . . . [k]eep, at a central location in the state . . . payroll records showing the hours worked daily by and the wages paid to . . . employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than three years. An employer shall not prohibit an employee from maintaining a personal record of hours worked, or, if paid on a piece-rate basis, piece-rate units earned.

78.    Defendants have failed to provide timely, accurate itemized wage statements to the Representative Plaintiffs and Class Members in accordance with California Labor Code Section 226. Representative Plaintiffs are informed and believe and, on that basis, allege that none of the

19

1  statements provided by Defendant accurately reflected accurate hours worked, gross wages earned,

2  net wages earned, or the appropriate deductions of such Class Members. The wage statements also

3  failed to identify the full name of the legal entity who employed them, as required by the statue.

4      79.    Representative Plaintiffs seek to recover actual damages, costs, and attorneys' fees

5  under these provisions on behalf of himself and on behalf of all Class Members.

6      Wherefore, Representative Plaintiffs pray for judgment as set forth below.

7  **Fifth Cause of Action**
**Failure to Produce Employment Records**

8  **(California Labor Code §§ 226, 432, and 1198.5)**
**(Against all Defendants)**

9      80.    Representative Plaintiffs re-alleges and incorporate each and every allegation of the

10  preceding paragraphs with the same force and effect as though fully set forth herein.

11      81.    California Labor Code Section 226 states, in relevant part, that:

12      (b)An employer that is required by this code or any regulation adopted

13  pursuant to this code to keep the information required by subdivision (a) shall afford current and former employees the right to inspect or copy

14  records pertaining to their employment, upon reasonable request to the employer. The employer may take reasonable steps to ensure the identity

15  of a current or former employee. If the employer provides copies of the records, the actual cost of reproduction may be charged to the current or

16  former employee.

17      (c) An employer who receives a written or oral request to inspect or copy

18  records pursuant to subdivision (b) pertaining to a current or former employee shall comply with the request as soon as practicable, but no later

19  than 21 calendar days from the date of the request. A violation of this subdivision is an infraction. Impossibility of performance, not caused by

20  or a result of a violation of law, shall be an affirmative defense for an employer in any action alleging a violation of this subdivision. An

21  employer may designate the person to whom a request under this

22  subdivision will be made....

23      (f) A failure by an employer to permit a current or former employee to

24  [1] inspect or copy records within the time set forth in subdivision (c) entitles the current or former employee or the Labor Commissioner to recover a

25  seven-hundred-fifty-dollar (S750) penalty from the employer....

26      (h) An employee may also bring an action for injunctive relief to ensure

27  compliance with this section, and is entitled to an award of costs and reasonable attorney's fees.

28      82.    Labor Code Section 432 states that "[i]f an employee or applicant signs any

20
CLASS ACTION COMPLAINT

1  instrument relating to the obtaining or holding of employment, he shall be given a copy of the

2  instrument upon request."

3        83.    California Labor Code Section 1198.5 states, in relevant part, that:

        (a) Every current and former employee, or his or her representative, has the right to inspect and receive a copy of the personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee....

        (b) (1) The employer shall make the contents of those personnel records available for inspection to the current or former employee, or his or her representative, at reasonable intervals and at reasonable times, but not later than 30 calendar days from the date the employer receives a written request, unless the current or former employee, or his or her representative, and the employer agree in writing to a date beyond 30 calendar days to inspect the records, and the agreed-upon date does not exceed 35 calendar days from the employer's receipt of the written request. Upon a written request from a current or former employee, or his or her representative, the employer shall also provide a copy of the personnel records, at a charge not to exceed the actual cost of reproduction, not later than 30 calendar days from the date the employer receives the request, unless the current or former employee, or his or her representative, and the employer agree in writing to a date beyond 30 calendar days to produce a copy of the records, as long as the agreed-upon date does not exceed 35 calendar days from the employer's receipt of the written request...

        (k) If an employer fails to permit a current or former employee, or his or her representative, to inspect or copy personnel records within the times specified in this section, or times agreed to by mutual agreement as provided in this section, the current or former employee or the Labor Commissioner may recover a penalty of seven hundred fifty dollars ($750) from the employer...

        (l) A current or former employee may also bring an action for injunctive relief to obtain compliance with this section, and may recover costs and reasonable attorney's fees in such an action.

      84.    On September 20, 2017 counsel for Plaintiffs counsel served a records request on Defendants via certified mail requesting copies of the Plaintiffs' personnel records, including payroll and timekeeping records and any records signed by the Plaintiffs, pursuant to Labor Code sections 226(c), 432 and 1198.5. The September 20, 2017 records request included signed authorizations from both Plaintiffs authorizing Defendants to release the records to their counsel in this action.

85. Defendants failed to respond in any way to the records request and did not produce any of the requested employment records.

86. Plaintiffs are informed and believe and thereupon allege that Defendants common policy, applicable to all Class Members, is to not provide employment records upon request. Furthermore Plaintiffs are informed and believe and thereupon allege that certain putative Class Members have made requests, during the statutory period covered by this claim, for their employment records which Defendants did not comply with.

87. Representative Plaintiffs seek to recover penalties, costs, and attorneys' fees, as provided for in Labor Code Sections 226 and 1198.5, in an amount according to proof at trial. Wherefore, Representative Plaintiffs pray for judgment as set forth below.

**Sixth Cause of Action**
**Unfair Business Practices Under the Unfair Competition Law**
**(California Business & Professions Code §§ 17200-17208)**
**(Against All Defendants)**

88. Representative Plaintiffs re-allege and incorporate each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

89. California Business and Professions Code sections 17200, *et seq.* prohibits unfair competition in the form of any unlawful, unfair, deceptive, or fraudulent business practices.

90. Beginning at an exact date unknown to Representative Plaintiff, but continuing during the Class Period, Defendants committed unlawful acts as defined by California Business and Professions Code section17200. Defendants' unlawful and unfair business practices include, but are not necessarily limited to, violations of the requirements of California Labor Code sections 201-204, 226, 226.7, 510, 512, 1194, 1197, 1198, 1198.5, 1770, *et. seq.*, 2698-2699, *et seq.*, 2926, 2927, and the applicable Wage Order(s).

91. The knowing conduct of Defendants, as alleged herein, constitutes an unlawful and/or fraudulent business practice, as set forth in California Business and Professions Code section 17200-17208. Specifically, Defendants conducted business activities while failing to comply with the legal mandates herein.

92. Defendants' knowing failure to adopt policies in accordance with, and/or to adhere

22

CLASS ACTION COMPLAINT

1    to these laws, all of which are binding upon and burdensome on its competitors, engenders an

2    unfair competitive advantage for Defendants, thereby constituting an unfair business practice, as

3    set forth in California Business and Professions Code Section 17208.

4        93.    Business and Professions Code Section 17203 provides that the Court may restore

5    to any person in interest any money or property which may have been acquired by means of such

6    unfair competition. As a direct and proximate result of the aforementioned acts, Representative

7    Plaintiffs and Class Members were injured and suffered the loss of money in the amount of, inter

8    alia, unpaid wages that they were otherwise entitled to receive. Representative Plaintiffs and Class

9    Members are entitled to restitution pursuant to Business and Professions Code section 17203 and

10   17208 for all wages unlawfully withheld from them as a result of Defendants' unlawful and unfair

11   conduct.

12       94.    Representative Plaintiffs' success in this action will enforce important rights

13   affecting the public interest.  Representative Plaintiffs and the Plaintiff Class seek, and are entitled

14   to, injunctive relief as well as all other appropriate equitable remedies. Injunctive relief is

15   necessary and appropriate to prevent Defendants from repeating the wrongful business practices

16   alleged herein.

17       Wherefore, Representative Plaintiffs pray for judgment as set forth below.

18                            **Seventh Cause of Action**
                  **Recovery under Private Attorneys General Act (PAGA)**
19                       **(California Labor Code § 2698, *et seq.*)**
                               **(Against All Defendants)**
20
21       95.    Plaintiffs  Jose  Diaz  Hermosillo  and  Oscar  Diaz  Hermosillo  re-allege  and
22   incorporate each and every allegation of the preceding paragraphs with the same force and effect as
     though fully set forth herein.
23
24       96.    Plaintiffs, as aggrieved employees, bring this claim pursuant to California Labor
25   Code sections 2698-2699 on behalf of themselves and all other current or former employees
     employed by Defendant as Davey Tree Surgery Company and/or The Davey Tree Expert Company
26   in California at any time for which recovery is authorized under Labor Code sections 2698-2699, *et*
27   *seq.* Pursuant to California Labor Code Section 2699.3, on September 14, 2017, Representative
28

1    Plaintiffs submitted notice to the Labor and Workforce Development Agency through its website
2    of the specific provisions of the Labor Code that have been violated, including the facts and
3    theories to support those violations. Representative Plaintiffs served copies of the notice on the
4    Defendants via certified mail on September 13, 2017 and received return receipt confirming that
5    said notices were delivered on the Defendants. Representative Plaintiffs thus have complied with
6    the Private Attorneys General Act notice requirement as the 65-day time limit for a response has
7    passed with no response from the Labor and Workforce Development Agency notifying Plaintiffs
8    that the agency would investigate the claim.

9        97.    As alleged above, Defendants have violated provisions of the California Labor
10   Code, including but not limited to failure to pay all wages owed, including overtime and double-
11   time, failure to provide timely duty free meal and rest periods or compensation for meal and rest
12   period violations, and failure to provide accurate wage statements. Representative Plaintiffs seek
13   recovery of unpaid wages resulting from said violations on behalf of themselves and all other
14   current or former employees employed by Defendants as Davey Tree Surgery Company and/or
15   The Davey Tree Expert Company in California at any time for which recovery is authorized under
16   California Labor Code sections 2698-2699.

17       98.    Pursuant to California Labor Code Section 2699, Representative Plaintiffs also seek
18   recovery of all penalties for Defendants' above-described violations of the California Labor Code
19   that are available under PAGA. Such penalties for which Representative Plaintiffs now seek
20   recovery include, but are not limited to, those set forth in California Labor Code sections 1771 and
21   1774 (prevailing wages and associated penalties) and 558 (for causing the labor code violations
22   plead herein).

23       99.    Representative Plaintiffs request an award of attorneys' fees and costs, including as
24   authorized under California Labor Code Section 2699.

25       Wherefore, Representative Plaintiffs pray for judgment as set forth below.

26                                 **RELIEF SOUGHT**

27       **WHEREFORE, the Representative Plaintiffs,** on behalf of themselves and the proposed
28   Plaintiff Class, pray for judgment and the following specific relief against **Defendants,** and each

---
24

of them, jointly and separately, as follows:

1.   That the Court declare, adjudge, and decree that this action is a proper class action and certify the proposed class and/or any appropriate subclasses under California Code of Civil Procedure Section 382;

2.   That the Court declare, adjudge, and decree that Defendants violated the provisions of the California Labor Code and the applicable California Industrial Welfare Commission Wage Order(s) as to the Representative Plaintiffs and Class Members as alleged herein;

3.   That the Court make an award to the Plaintiffs and Plaintiff Class of unpaid minimum, overtime, and double-time wage compensation (pursuant to California Labor Code sections 510, 1194);

4.   That the Court make an award to the Plaintiffs and Plaintiff Class of unpaid statutory prevailing wage and per diem compensation (pursuant to California Labor Code sections 1771 & 1774);

5.   That the Court make an award to the Plaintiffs and Plaintiff Class of one hour of pay at each employee's regular rate of compensation for each workday on which a meal period(s) was not provided (pursuant to California Labor Code Section 226.7);

6.   That the Court make an award to the Plaintiffs and Plaintiff Class of one hour of pay at each employee's regular rate of compensation for each workday on which a rest period(s) was not provided (pursuant to California Labor Code Section 226.7);

7.   That the Court make an award to the Plaintiffs and Plaintiff Class of "waiting time" penalties (pursuant to California Labor Code Section 203);

8.   That the Court make an award to the Plaintiffs and Plaintiff Class for failure to provide accurate wage statements (pursuant to Labor Code Section 226);

9.   That the Court make an award to the Plaintiffs and Plaintiff Class for failure to produce employment records upon request (pursuant to Labor Code sections 226 and 1198.5);

10.   That the Court make an award to the Plaintiffs and Plaintiff Class of penalties, pursuant to California Labor Code sections 2926-2927;

11.   That the Court order Defendants to pay restitution to the Plaintiffs and Plaintiff

1  Class, pursuant to California Business and Professions Code sections 17200-17208;

2      12.    That the Court enjoin Defendants, ordering them to cease and desist from unlawful

3  activities in violation of California Business and Professions Code Section 17200, *et seq.*;

4      13.    That the Court order Defendants to pay penalties pursuant to the Private Attorneys

5  General Act, California Labor Code sections 2698-2699, *et seq.*;

6      14.    For all other Orders, findings and determinations identified and sought in this

7  Complaint;

8      15.    For interest on the amount of any and all economic losses, at the prevailing legal

9  rate;

10     16.    For reasonable attorneys' fees, pursuant to California Labor Code sections 218.5,

11  226, 1194, 1198.5, 2699, *et. seq.* and/or California Code of Civil Procedure Section 1021.5; and;

12     17.    For costs of suit and any and all such other relief as the Court deems just and

13  proper.

14  Dated: December 7, 2017                    Respectfully submitted,

15

16

17                                By:    _____
                                       Kevin Allen, Esq.
18                                     VELTON ZEGELMAN, PC

19

20

21

22

23

24

25

26

27

28

1  **DEMAND FOR JURY TRIAL**

2      Representative Plaintiffs and the proposed Plaintiff Class hereby demand a jury trial for

3  each cause of action for which they are entitled to a jury trial.

4  Dated: December 7, 2017               Respectfully submitted,

5

6                                   By:

7                                     Kevin Allen, Esq.
                                    VELTON ZEGELMAN, PC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FIELD REPORT**

**ONE LEGAL LLC**



| ONE LEGAL FIELD REPORT FOR ORDER NO.: | **11573196** | One Legal Southern CA Process Service |
|---|---|---|

To update the status of your order, please call toll free 877-737-8322 ext: 3990 or fax
the Field Report to 213-617-4717

**Field Instructions**

**Case Information**

Case #: 17CV320135      Hearing Date:
Court Name: Santa Clara - First Street
Case Title: Jose Diaz Hermosillo, et al. vs. Davey Tree Surgery Company, et al.
Documents: Summons, Complaint, Civil Case Cover Sheet

Docs: 3      Pgs: 29

**Assignment Details**

Service Level: Standard      Due Date: 12/14/2017
Last Day to Serve: 12/14/2017      Status Due By: 12/20/2017
Last Day to S/S:
Special Instructions:

**Servee Information**

Servee: DAVEY TREE SURGERY COMPANY, an Ohio Corporatic

Agent for Service: CT Corporation System
Physical Desc.:

| Race: | Sex: | Age: | Height: |
|---|---|---|---|
| Weight: | Hair: | Eyes: | Marks: |

**Address Information**

(1)Business: CT Corporation System 818 West Seventh Street, 930, Los Angeles, CA 90017

**Server Required to Complete This Section (below)**

| SOP | ☐ Personal  ☐ Sub-Serve  ☐ Post & Mail  ☐ Not Found  ☐ Locate  ☐ Cancel & Return |
|---|---|
| | Mailed By: ☐ Agent  ☐ One Legal      Date: |

| Date | Time | Loc | Comments | Amount |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| Service Date/time: | |
|---|---|
| Served To: | |
| Title/Relationship: | |

| Server: | Jimmy Lizama | Server Phone #: 213-216-2132 | Server Mobile #: 213-216-2132 |
|---|---|---|---|

**FIELD REPORT**

# ONE LEGAL LLC



| ONE LEGAL FIELD REPORT FOR ORDER NO.: | **11573196** | One Legal Southern CA Process Service |
|---|---|---|

**To update the status of your order, please call toll free 877-737-8322 ext: 3990 or fax the Field Report to 213-617-4717**

| | **Field Instructions** |
|---|---|

| | **Case Information** |
|---|---|

**Case #:** 17CV320135                **Hearing Date:**
**Court Name:** Santa Clara - First Street
**Case Title:** Jose Diaz Hermosillo, et al. vs. Davey Tree Surgery Company, et al.
**Documents:** Summons, Complaint, Civil Case Cover Sheet

**Docs: 3          Pgs: 29**

| | **Assignment Details** |
|---|---|

**Service Level:** Standard                **Due Date:** 12/14/2017
**Last Day to Serve:** 12/14/2017        **Status Due By:** 12/20/2017
**Last Day to S/S:**
**Special Instructions:**

| | **Servee Information** |
|---|---|

**Servee:**
DAVEY TREE SURGERY COMPANY, an Ohio Corporatic

**Agent for Service:** CT Corporation System
**Physical Desc.:**   Race:          Sex:          Age:          Height:
                     Weight:        Hair:          Eyes:          Marks:

| | **Address Information** |
|---|---|

(1)Business: CT Corporation System 818 West Seventh Street, 930, Los Angeles, CA 90017

**Server Required to Complete This Section (below)**

| SOP | ☐ Personal   ☐ Sub-Serve   ☐ Post & Mail   ☐ Not Found   ☐ Locate   ☐ Cancel & Return |
|---|---|
| | MailedBy: ☐ Agent ☐ One Legal        Date: |

| Date | Time | Loc | Comments | Amount |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| **Service Date/time:** | |
|---|---|
| **Served To:** | |
| **Title/Relationship:** | |

| **Server:** | Jimmy Lizama | **Server Phone #:** 213-216-2132 | **Server Mobile #:** 213-216-2132 |
|---|---|---|---|

# EXHIBIT B

 CT Corporation

**Service of Process Transmittal**
12/19/2017
CT Log Number 532498497

TO:     Heather Micozzi
        The Davey Tree Expert Company
        1500 N Mantua St
        Kent, OH 44240-2399

RE:     **Process Served in California**

FOR:    Davey Tree Surgery Company  (Domestic State: OH)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Jose Diaz Hermosillo and Oscar diaz Hermosillo, on behalf of themselves and all others similarly situated, Pltfs. vs. Davey Tree Surgery Company, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, Instructions, Complaint |
| **COURT/AGENCY:** | Santa Clara County - Superior Court, CA<br>Case # 17CV320135 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/19/2017 at 15:00 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Kevin Allen<br>Velton Zegelman P.C.<br>1261 Lincoln Avenue, Suite 208<br>San Jose, CA 95125<br>408-505-7892 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/20/2017, Expected Purge Date: 12/25/2017<br><br>Image SOP<br><br>Email Notification,  Heather Micozzi  heather.micozzi@davey.com<br><br>Email Notification,  Rene Tatka  rene.tatka@davey.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

12/19/17 @BPm

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

DAVEY TREE SURGERY COMPANY, an Ohio Corporation; THE
DAVEY TREE EXPERT COMPANY, an Ohio Corporation; and DOES
1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

JOSE DIAZ HERMOSILLO, OSCAR DIAZ HERMOSILLO on behalf
of themselves and all others similarly situated,

<table>
<tr><td>

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

E-FILED
12/7/2017 10:24 AM
Clerk of Court
Superior Court of CA,
County of Santa Clara
17CV320135
Reviewed By: R. Walker
</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:      17CV320135
(El nombre y dirección de la corte es): Santa Clara Superior Court

191 N. First Street, San Jose, CA 95113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Kevin Allen, Velton Zegelman P.C., 1261 Lincoln Avenue, Suite 208, San Jose, CA 95125; (925) 695-4913

DATE: 12/7/2017 10:24 AM    Clerk of Court    Clerk, by    R. Walker    , Deputy
(Fecha)                                        (Secretario)                        (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]    **NOTICE TO THE PERSON SERVED: You are served**
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [X] on behalf of (specify): DAVEY TREE SURGERY COMPANY, an Ohio Corporation

   under: [X] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other (specify):
4. [ ] by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Kevin R. Allen (SBN 237994)<br>Velton Zegelman P.C.<br>1261 Lincoln Avenue, Suite 208<br>San Jose, California 95125<br>TELEPHONE NO.: 925.695.4913   FAX NO.: 925.334.7477<br>ATTORNEY FOR *(Name):* Jose Diaz Hermosillo, Oscar Diaz Hermosillo | **E-FILED**<br>**12/7/2017 10:24 AM**<br>**Clerk of Court**<br>**Superior Court of CA,**<br>**County of Santa Clara**<br>**17CV320135**<br>**Reviewed By: R. Walker** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Santa Clara
STREET ADDRESS: 191 N. 1st Street
MAILING ADDRESS: 191 N. 1st Street
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Downtown Courthouse

CASE NAME:
Hermosillo et al. v. Davey Tree Surgery Co., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | **17CV320135**<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

**2.** This case [✓] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [✓] Substantial amount of documentary evidence
d. [✓] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a.[✓] monetary  b.[✓] nonmonetary; declaratory or injunctive relief  c.[ ] punitive
**4.** Number of causes of action *(specify):* 7
**5.** This case [✓] is  [ ] is not  a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: December 7, 2017

Kevin R. Allen
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*

INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
(*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract (*not unlawful detainer or wrongful eviction*)
Contract/Warranty Breach–Seller
Plaintiff (*not fraud or negligence*)
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage (*not provisionally complex*) (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
(*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment (*non-domestic relations*)
Sister State Judgment
Administrative Agency Award
(*not unpaid taxes*)
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
Declaratory Relief Only
Injunctive Relief Only (*non-harassment*)
Mechanics Lien
Other Commercial Complaint
Case (*non-tort/non-complex*)
Other Civil Complaint
(*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition (*not specified above*) (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

1
KEVIN ALLEN, SBN 237994
DANIEL VELTON, SBN 267890
2
**VELTON ZEGELMAN P.C.**
1261 Lincoln Avenue, Suite 208
3
San Jose, CA 95125
Tel. (408) 505-7892
4
Fax (408) 228-1930
kallen@vzfirm.com
5
dvelton@vzfirm.com

6
DANIEL A. MENENDEZ, SBN 260822
**LAW OFFICE OF DANIEL A. MENENDEZ**
7
1261 Lincoln Avenue, Suite 208
San Jose, CA 95125
8
Tel. (408) 479-4969
Fax (408) 273-6912
9
daniel@siliconvalleylegal.com

10
Attorneys for Representative Plaintiffs
and the Plaintiff Class

11

E-FILED
12/7/2017 10:24 AM
Clerk of Court
Superior Court of CA,
County of Santa Clara
17CV320135
Reviewed By: R. Walker

IN THE SUPERIOR COURT IN THE STATE OF CALIFORNIA

12

FOR THE COUNTY OF SANTA CLARA

13

(UNLIMITED JURISDICTION)

14

15
JOSE DIAZ HERMOSILLO, OSCAR DIAZ
16
HERMOSILLO on behalf of themselves and all
others similarly situated,
17

18                              Plaintiffs,

19          vs.

20
DAVEY TREE SURGERY COMPANY, an
21
Ohio Corporation; THE DAVEY TREE
EXPERT COMPANY, an Ohio Corporation;
22
and DOES 1 through 50, inclusive,

23
                            Defendants.
24

25

26

27

28

Case No.  **17CV320135**

**CLASS ACTION**

**COMPLAINT FOR DAMAGES,
INJUNCTIVE RELIEF AND
RESTITUTION**

**DEMAND FOR JURY TRIAL**

1

1    Representative Plaintiffs JOSE DIAZ HERMOSILLO and OSCAR DIAZ HERMOSILLO

2    complain and allege as follows:

3                              **PRELIMINARY STATEMENT**

4        1.      This is a class action, brought on behalf of Plaintiffs JOSE DIAZ HERMOSILLO

5    and OSCAR DIAZ HERMOSILLO ("Plaintiffs" or "Representative Plaintiffs") and all other

6    persons similarly situated (collectively "Class Members") who are or have been employed as non-

7    exempt tree care service employees (including but not limited to those holding the job titles of

8    "laborer," "groundman," "apprentice climber," "climber," "climbing arborist," "climbing arborist

9    trainee," and "trimmer") by Defendants DAVEY TREE SURGERY COMPANY ("DTSC"), THE

10   DAVEY TREE EXPERT COMPANY ("DTEC"), and DOES 1-50, inclusive (hereinafter,

11   collectively "Defendants") in California within the applicable Class Period (referred to herein as

12   "Class Members" or "Tree Trimmers"). Representative Plaintiffs, on behalf of themselves and the

13   Class Members, seek unpaid wages including regular wages, overtime wages, double-time wages,

14   prevailing wages, compensation for missed meal and rest periods, penalties for inaccurate wage

15   statements and late payment of wages, interest thereon, related penalties, injunctive and other

16   equitable relief, and reasonable attorneys' fees and litigation costs pursuant to, *inter alia.*; Title 8 of

17   the California Code of Regulations, California Business and Professions Code sections 17200, *et*

18   *seq.*, California Code of Civil Procedure Section 1021.5, and various provisions of the California

19   Labor Code.

20       2.      The "Class Period" is defined as the four years prior to the date on which this

21   Complaint was initially filed and continuing through the present time, based upon the allegation

22   that the violations of California's wage and hour laws, as described more fully below, have been

23   ongoing throughout that time.

24       3.      During the Class Period, Representative Plaintiffs allege, on information and belief,

25   that Defendants have had a consistent policy of (1) unlawfully failing to pay Representative

26   Plaintiffs and Class Members prevailing wages, as required by California Labor Code Section

27   1771; (2) failing to pay Representative Plaintiffs and Class Members for all hours worked, by

28   including but not limited to shaving off hours worked by Representative Plaintiffs and members of

                                         2

1    the class by rounding of their punch times; (3) failing to pay Representative Plaintiffs and Class

2    Members overtime wages for more than 8 hours of work in a work-day and/or more than 40 hours

3    in a work-week; (4) failing to pay Representative Plaintiffs and Class Members double-time wages

4    for more than 12 hours of work in a work-day and for wages earned over 8 hours worked on the

5    seventh day worked in a work-week; (5) unlawfully failing to provide Representative Plaintiffs and

6    Class Members with timely, statutorily-mandated meal and rest periods and/or failing to properly

7    compensate them for meal and rest period violations; (6) willfully failing to provide Representative

8    Plaintiffs and Class Members with accurate semi-monthly itemized wage statements that correctly

9    identified the name of the employer; (7) willfully failing to pay compensation owed in a prompt

10   and timely manner to Representative Plaintiffs and Class Members whose employment with

11   Defendants has terminated; and (8) violating California's Unfair Competition Law (the "UCL").

12                                      **INTRODUCTION**

13        4.       Defendant DAVEY TREE SURGERY COMPANY ("DTSC") is a registered Ohio

14   Corporation, who is a licensed and bonded contractor in the state of California performing

15   professional tree services on public works projects in Santa Clara County.

16        5.       Defendant THE DAVEY TREE EXPERT COMPANY ("DTEC") is a registered

17   Ohio Corporation with its headquarters in Kent, Ohio, who is a licensed and bonded contractor in

18   the state of California performing professional tree services on public works projects in Santa Clara

19   County.

20        6.       Representative Plaintiffs allege, based on information and belief, that during the

21   relevant Class Period Defendants DTSC and DTEC have employed hundreds of employees in

22   California in positions that did not, and currently do not, meet any known test for exemption from

23   the payment of minimum and overtime wages, and/or the entitlement to accurate itemized wage

24   statements and meal and rest periods. Representative Plaintiffs are also informed and believe and

25   based thereon allege that Defendants DTSC and DTEC actively sought, engaged in, and employed

26   Plaintiffs and similarly situated Class Members on public works projects subject to prevailing

27   wage statutes.

28        7.       Despite actual knowledge of these facts and legal mandates. Defendants had and

                                              3

1    continue to enjoy an advantage over their competition and a resultant disadvantage to their workers

2    by electing not to pay prevailing wage rates, not to pay Representative Plaintiffs and class

3    members wages owed for all hours worked by, *inter alia*, "shaving" hours and rounding punch

4    times, not paying statutorily required regular and overtime wages as well as prevailing wages, not

5    providing off-duty, timely meal and rest periods or compensation therefore, not providing accurate

6    wage statements, and not providing all wages due and owing upon employees' termination in a

7    timely manner.

8       8.    Representative Plaintiffs are informed and believe and, based thereon, allege that

9    officers and managing agents of defendant DTSC and DTEC, knew of these facts and legal

10   mandates yet, nonetheless, repeatedly authorized and/or ratified the violations of the laws cited

11   herein.

12      9.    Despite Defendants' knowledge of Representative Plaintiffs and Class Members'

13   entitlement to prevailing wages, wages for all hours worked, premium wages for daily and weekly

14   overtime hours worked, meal and rest periods or break violation pay for all applicable work

15   periods, and accurate wage statements, Defendant failed to provide the same to Representative

16   Plaintiffs and Class Members, in violation of the California Labor Code and Business and

17   Professions Code, the applicable California Industrial Welfare Commission Wage Order and Title

18   8 of the California Code of Regulations. Moreover, Defendants failed to pay all final wages to

19   those Plaintiffs and Class Members whose employment has terminated.

20      10.   This action is brought to redress and end this long-time pattern of unlawful conduct

21   once and for all. Despite actual knowledge of these facts and legal mandates, Defendants have and

22   continue to enjoy an advantage over their competition and a imposed a resultant disadvantage to its

23   workers by electing not to pay premium wages (e.g., overtime, double-time, prevailing wages,

24   meal and rest period wages) and/or penalties to which they are entitled (e.g.. "waiting time,"

25   "wages statement," "underpayment," and/or "Private Attorney General Act" penalties) to their

26   Tree Trimmers in California.

27                      **JURISDICTION AND VENUE**

28      11.   This Court has jurisdiction over this action because the amount in controversy

1  exceeds $25,000.

2      12.    Pursuant to California Code of Civil Procedure section 395(a), venue is proper in

3  the County of Santa Clara because Defendants' obligations and liability arose, at least in part,

4  therein, and because the alleged injuries sustained by Representative Plaintiffs, as well as other

5  Class Members, occurred in the County of Santa Clara.

6                                    **PLAINTIFF**

7      13.    Representative Plaintiffs bring this action against Defendants, for engaging in a

8  uniform policy and systematic scheme of wage abuse against their Tree Trimmers in California.

9  This scheme involved, *inter alia*, failing to pay Plaintiffs and other Tree Trimmers all prevailing

10 wages owed as well as denying them regular, overtime, and double-time compensation for all

11 applicable hours worked. Further, Defendants did not provide timely, off-duty meal or rest breaks

12 for Tree Trimmers, or break violation pay, as mandated under California law.

13     14.    As used through this Complaint, the term "Class Members" refers to the

14 Representative Plaintiffs herein as well as each and every person eligible for membership in the

15 Class as described and defined herein.

16     15.    Representative Plaintiff Jose Diaz Hermosillo is a natural person who was

17 employed by Defendants as a Tree Trimmer from approximately October 2015 until approximately

18 August 2017. At all times herein relevant, Representative Plaintiff Jose Diaz Hermosillo was and is

19 now a person within the Class as further described and defined therein.

20     16.    Representative Plaintiff Oscar Diaz Hermosillo is a natural person who was

21 employed by Defendants as a Tree Trimmer from approximately October 2015 until approximately

22 August 2017. At all times herein relevant, Representative Plaintiff Oscar Diaz Hermosillo was and

23 is now a person within the Class as further described and defined therein.

24     17.    During their employment, Representative Plaintiffs and members of the class were

25 not paid a prevailing wage rate, pursuant to California Labor Code Section 1771.

26     18.    Moreover, Representative Plaintiffs and members of the class were not paid for all

27 hours worked due to the illegal practice by Defendants of not compensating Representative

28 Plaintiffs and members of the class for all hours worked.  By way of example, Defendants engaged

1 | in an uniform policy and systematic scheme of wage theft by rounding their punch times so that

2 | Representative Plaintiffs and members of the class were not paid for all of their hours worked.

3 |      19.    Furthermore, during the Class Period, Representative Plaintiffs and Class Members

4 | worked, on many occasions, in excess of 8 hours in a workday and/or 40 hours in a workweek.

5 | Representative Plaintiffs and Class Members, during the Class Period, also worked, on many

6 | occasions, in excess of 12 hours in a workday and/or in excess of 8 on any seventh work-day in a

7 | workweek. However, despite the aforementioned, Defendants denied Plaintiffs and Class Members

8 | all of the overtime and double-time compensation to which they were owed.

9 |      20.    In addition, Representative Plaintiffs routinely worked for Defendants without being

10 | provided with timely, off-duty, net ten minute rest periods for every four hours worked or major

11 | fraction thereof, without being provided with a thirty minute uninterrupted, duty-free meal period

12 | during meal period eligible shifts, or a second thirty minute uninterrupted duty-free meal period

13 | during shifts lasting ten hours or more, and without being provided with recovery periods or clean

14 | drinking water, and without being paid one (1) hour of pay at the employee's regular rate of

15 | compensation for each work day that a meal or rest period or recovery period was not provided.

16 | Representative Plaintiffs allege, on information and belief, these meal and rest break and recovery

17 | period violations were the result of policies and procedures that applied uniformly to all Class

18 | Members during the Class Period. Furthermore, Representative Plaintiffs worked shifts of ten

19 | hours or more but did not receive a second meal period or third rest break.

20 |      21.    As a result of the above violations, Representative Plaintiffs' wage statements did

21 | not reflect the actual number of hours worked and the lawful wages due thereon, and were

22 | therefore inaccurate.

23 |      22.    On September 20, 2017 counsel for Plaintiffs served a records request on both

24 | Defendants via certified mail which requested copies of their personnel records (including payroll

25 | and timekeeping records and any records signed by the Plaintiffs) pursuant to Labor Code sections

26 | 226(c), 432 and 1198.5. The records request included signed authorizations from both Plaintiffs

27 | authorizing Defendants to release the records to their counsel in this action. Defendants failed to

28 | respond to the records request and, as of the date this complaint is being filed, had still not

1    produced any of the requested employment records.

2      23.    The Representative Plaintiffs bring this action on behalf of themselves and as a

3    class action, pursuant to California Code of Civil Procedure section 382, on behalf of all persons

4    similarly situated and proximately damaged by the unlawful conduct described herein.

5 **DEFENDANTS**

6      24.    Representative Plaintiffs are informed and believe and, based thereon, allege that at

7    all times herein relevant, Defendants DTSC and DTEC were and are registered Ohio Corporations,

8    who are licensed and bonded contractors in the state of California performing professional tree

9    services on public works projects.

10      25.    The true and correct names and capacities of DOES 1 through 50, inclusive, are

11    unknown to Representative Plaintiffs, who therefore sue said Defendants by such fictitious names.

12    Representative Plaintiffs are informed and believe and thereon allege that each of said fictitious

13    Defendants caused injury and damages to Representative Plaintiffs.

14      26.    Defendants DOES 1 through 10 are individuals employed by Defendants.

15      27.    At all times relevant herein, Defendants and DOES 11-50 inclusive were and are

16    employer(s) and person(s) within the definition of California Labor Code Section 18, the

17    applicable Industrial Wage Order, and California Business and Professions Code Section 17201.

18      28.    The Representative Plaintiffs are informed and believe and, on that basis, allege that

19    at all relevant times herein mentioned each of the Defendants, including DOES 1 through 50, were

20    the agents, employees, supervisors, employers, alter egos, and/or joint ventures of the remaining

21    defendants, and were acting both individually and in the course and scope of such relationship,

22    and/or as an integrated enterprise, and/or as joint employers, with the knowledge and/or consent of

23    the remaining Defendants.

24 **CLASS AND COLLECTIVE ACTION ALLEGATIONS**

25      29.    Representative Plaintiffs bring this action individually and as a class action on

26    behalf of all persons similarly situated and proximately damaged by Defendants' conduct,

27    including but not limited to the following class ("Class Members" or "the "Plaintiff Class"):

28          All non-exempt Tree Trimmers employees (including but not limited to those holding the job titles of "laborer," "groundman," "apprentice

7

climber," "climber," "climbing arborist," "climbing arborist trainee," and "trimmer") who were employed by Defendants in the State of California at any time during the four years preceding the filing of this Complaint through to the present.

30.    Defendants, their officers, and directors are excluded from the Plaintiff Class.

31.    This action has been brought and may be properly maintained as a class action pursuant to California Code of Civil Procedure Section 382 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable as follows:

a. Numerosity: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the Plaintiff Class are so numerous that joinder of all members is impractical, if not impossible, insofar as Representative Plaintiffs are informed and believe and, on that basis, allege that there are sufficient Class Members to meet the numerosity requirement. Membership in the Class will be determined upon analysis of employee and payroll, among other, records maintained by Defendants.

b. Commonality: The Representative Plaintiffs and the class members share a community of interests, in part, since there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, thereby making a class action superior to other available methods for the fair and efficient adjudication of the controversy. Consequently, class certification is proper under Section 382. These common questions include, but are not necessarily limited to:

i.    Whether Defendants violated California Labor Code sections 1771 and 1774 by failing to pay prevailing wages and/or prevailing per diem wages to their employees on public works projects;

ii.    Whether Defendants engaged in a pattern or practice of failing to pay Class Members for all hours worked, including but not limited to shaving off hours worked by Representative Plaintiffs and members of the class by rounding of their punch times

iii.    Whether Defendants violated the applicable IWC Wage Order and/or Labor Code Section 510 by failing to pay overtime to its employees who worked in excess of forty hours per week and/or eight hours per day;

iv.    Whether Defendants violated the applicable IWC Wage Order and/or Labor Code Section 510 by failing to pay double-time to its employees who worked in excess of 12 hours per day and hours in excess of 8 on any seventh work-day in a work week;

v.    Whether Defendants violated California Labor Code Section 1194(a) by failing to pay minimum, overtime, and/or double-time wages to its employees;

vi.    Whether Defendants violated California Labor Code sections 226.7 and 512 by failing to provide Class Members, for each work period of more than five hours per day, with an off-duty meal period of at least 30 minutes, and, for each work period of four hours or major fraction thereof, a net ten minute rest period, without any compensation therefore;

8

vii.    Whether Defendants violated California Labor Code Section 1174 by failing to keep accurate records of employees' hours of work;

viii.    Whether Defendants violated California Labor Code sections 201-204 by failing to pay regular, overtime, or double-time wages and meal and rest period (or recovery period) violation wages due and owing at the time certain Class Members' employment with Defendants terminated;

ix.    Whether Defendants violated California Labor Code Section 226 by failing to provide the semimonthly itemized statements to Class Members of total hours worked by each and all applicable hourly rates in effect during the pay period;

x.    Whether Class Members are entitled to "waiting time" penalties, pursuant to California Labor Code Section 203;

xi.    Whether Defendants violated California Business and Professions Code section 17200, *et seq.* by failing to (1) pay prevailing wage rates pursuant to Lab. Code Section 1771 (2) pay overtime compensation to its employees who worked in excess of forty hours per week and/or eight hours per day, (3) pay double-time to its employees who worked in excess of 12 hours per day and hours in excess of 8 on any seventh work-day in a work week (4) pay meal period premiums to its employees who worked in excess of five consecutive hours without a meal period, (5) pay rest period and/or recovery period premiums to its employees for each four hour period (or major fraction thereof) worked without a rest period or applicable recovery period, (6) provide accurate wage statements, and (7) pay all wages for all hours worked due promptly upon Class Members' resignation or termination;

xii.    Whether Defendants owe penalties for the above-listed violations pursuant to California Labor Code Section 2698, *et seq.*; and,

xiii.    Whether class-wide injunctive relief is an appropriate remedy by which to prevent and/or halt the violations alleged herein from continuing; and.

c.    Typicality: The Representative Plaintiffs' claims are typical of the clams of Class Members. The Representative Plaintiffs and Class Members sustained damages arising out of and caused by Defendants' common course of conduct in violation of the law, as alleged herein.

d.    Superiority of a Class Action: Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes or may make it impractical for Class Members to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought, or be required to be brought, by each individual Class Member, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings which might be dispositive of the interests of other Class Members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.

e.    Adequacy of Representation: Each Representative Plaintiff in this class action is an adequate representative of the Plaintiff Class in that each Representative Plaintiff's claims are typical of those of the Plaintiff Class and the Representative Plaintiffs have the same interest in the litigation of this case as the Class Members. Each Representative Plaintiff is

1    committed to vigorous prosecution of this case and has retained competent counsel who are
2    experienced in conducting litigation of this nature. The Representative Plaintiffs are not
     subject to any individual defenses unique from those conceivably applicable to Class
3    Members as a whole. The Representative Plaintiffs anticipate no management difficulties
     in this litigation.

4                              **COMMON FACTUAL ALLEGATIONS**

5          32.    As described herein, for years, Defendants have knowingly failed to adequately

6    compensate those employees within the class definition identified above for all wages earned

7    (including premium wages such as overtime wages and/or compensation for missed meal and/or

8    rest periods) under the California Labor Code and the applicable IWC Wage Order, thereby

9    enjoying a significant competitive edge over Defendants' competitors.

10         33.    Defendants' wage policies failed to pay Representative Plaintiffs and Class

11   Members with a prevailing wage rate as required by California Labor Code Section 1771, with

12   overtime wages for each hour worked beyond 8 in a work-day and 40 in a work-week, or double-

13   time to employees who worked in excess of 12 hours per day and for hours in excess of 8 on any

14   seventh work-day in a work week as required under the California Labor Code and the applicable

15   IWC Wage Order(s).

16         34.    Defendants' meal and rest period policies failed to provide Representative Plaintiffs

17   and Class Members a net 10-minute rest period for every four hours worked or major fraction

18   thereof and an uninterrupted 30-minute meal period for working five hours or more, nor did

19   Defendants' meal and rest period policies provide second meal periods and third rest breaks for

20   shifts of ten hours or more, or provide compensation to Representative Plaintiffs and Class

21   Members for meal and/or rest break violations. Defendants' policies also failed to provide class

22   members with adequate recovery periods, shade, and clean drinking water as required under

23   ·California law.

24         35.    California Labor Code sections 201 and 202 require Defendants to pay severed

25   employees all wages due and owed to the employee immediately upon discharge or within 72

26   hours of resignation of their positions, in most circumstances. California Labor Code § 203

27   provides that an employer who willfully fails to timely pay such wages must, as a penalty, continue

28   to pay the subject employees' wages until the back wages are paid in full or an action is

                                                 10

1    commenced, and the payment of such penalty shall continue for a period of time up to 30 days.

2        36.    Furthermore, Defendants failed to provide the Representative Plaintiffs and Class
3    Members with accurate semimonthly itemized statements of the total number of hours worked by
4    each, and all applicable hourly rates in effect, during the pay period, in violation of California
5    Labor Code Section 226. In failing to provide the required documents, Defendants have not only
6    failed to pay its workers the full amount of compensation due but have also, until now, effectively
7    shielded itself from its employees' scrutiny by concealing the magnitude and financial impact of its
8    wrongdoing that such documents might otherwise have led workers to discover.

9        37.    Representative Plaintiffs and all persons similarly situated are also entitled to
10    compensation for all hours worked.  By way of example, Defendants engaged in a pattern or
11    practice of failing to pay Class Members for all hours worked, including but not limited to shaving
12    off hours worked by Representative Plaintiffs and members of the class by rounding of their punch
13    times.

14        38.    Under California Labor Code sections 226(c), 432, and 1198.5, collectively, an
15    employee has a right to inspect (or obtain copies of) his or her personnel file, payroll and time
16    records, and documents signed by the employee relating to their obtaining or holding employment
17    with the employer. Despite Representative Plaintiffs' request for these documents, Defendants
18    failed to produce any of the requested documents in a timely manner, as required by statute, or to
19    even respond to the request. Defendants failure to comply with these requests further evidences
20    their intent to hide the full impact of their wrongdoing from employees. Plaintiffs seek injunctive
21    relief ordering the Defendants to produce the requested records and to pay penalties, attorneys'
22    fees and costs due to their non-compliance.

23        39.    As a direct and proximate result of Defendants' unlawful conduct, as set forth
24    herein, Representative Plaintiffs and Class Members have sustained damages, as described above,
25    including compensation for loss of earnings for hours worked on behalf of Defendants in an
26    amount to be established at trial. As a further direct and proximate result of Defendants' unlawful
27    conduct, as set forth herein, Representative Plaintiffs and certain Class Members are entitled to
28    recover penalties for failure to provide semimonthly statements of hours worked and all applicable

1  hourly rates (pursuant to Labor Code Section 226) in an amount to be established at trial. As a

2  further direct and proximate result of Defendants' unlawful conduct, as set forth herein,

3  Representative Plaintiffs and Class Members are also entitled to recover costs and attorneys' fees

4  pursuant to California Labor Code sections 218.5, 1194 and/or California Civil Code Section

5  1021.5, among other authorities.

6      40.    Representative Plaintiffs seek injunctive relief prohibiting Defendants from

7  engaging in the complained-of illegal labor acts and practices in the future. Representative

8  Plaintiffs also seek restitution of costs incurred by Representative Plaintiffs and Class Members

9  under California's Unfair Competition Law. Unless enjoined, Defendants' unlawful conduct will

10  continue unchecked, while the Representative Plaintiffs and Class Members bear the financial

11  brunt of Defendants' unlawful conduct. As a further direct and proximate result of Defendants'

12  unlawful conduct, as set forth herein, Representative Plaintiffs and the Plaintiff Class are also

13  entitled to recover costs and attorneys' fees, pursuant to statute.

14  **First Cause of Action**
**Failure to Pay Wages Owed**

15  **(Violation of California Wage Orders and Labor Code §§ 510, 1194, 1197, 1198, 1771, 1774)**
**(Against all Defendants)**

16      41.    Representative Plaintiffs incorporate in this cause of action each and every

17  allegation of the preceding paragraphs with the same force and effect as though fully set forth

18  herein.

19      42.    At all relevant times, Defendants were aware of, and under a duty to comply with,

20  the provisions of the California Labor Code including, but not limited to, California Labor Code

21  sections 510, 1194, 1198, 1771, and 1774.

22      43.    California Labor Code Section 510(a), in pertinent part, provides:

23          Any work in excess of eight hours in one workday and any work in excess
of 40 hours in any one workweek and the first eight hours worked on the
24          seventh day of work in any one workweek shall be compensated at the rate
of no less than one and one-half times the regular rate of pay for an
25          employee. Any work in excess of 12 hours in one day shall be
compensated at the rate of no less than twice the regular rate of pay for an
26          employee. In addition, any work in excess of eight hours on any seventh
day of a workweek shall be compensated at the rate of no less than twice
27          the regular rate of pay of an employee.

28      44.    California Labor Code Section 1194(a), in pertinent part, provides:

12
CLASS ACTION COMPLAINT

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

45.     California Labor Code Section 1198, in pertinent part, provides:

The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

46.     California Labor Code Section 1771 provides:

Except for public works projects of one thousand dollars ($1,000) or less, not less than the general prevailing rate of per diem wages for work of a similar character in the locality in which the public work is performed, and not less than the general prevailing rate of per diem wages for holiday and overtime work fixed as provided in this chapter, shall be paid to all workers employed on public works.

47.     California Labor Code Section 1774 provides:

The contractor to whom the contract is awarded, and any subcontractor under him, shall pay not less than the specified prevailing rates of wages to all workmen employed in the execution of the contract.

48.     Plaintiffs allege, on information and belief, that the public works projects at issue during the Class Period exceed $1,000.00.

49.     During the Class Period, Representative Plaintiffs and Class Members worked, on many occasions, in excess of 8 hours in a workday and/or 40 hours in a workweek. The precise number of overtime hours will be proven at trial.

50.     During the Class Period, Representative Plaintiffs and Class Members worked, on many occasions, in excess of 12 hours in a workday and/or in excess of 8 on any seventh work-day in a workweek. The precise number of double-time hours will be proven at trial.

51.     During the Class Period, Defendants refused and/or failed to compensate Representative Plaintiffs and Class Members for all of the overtime wages earned, in violation of the applicable IWC Wage Order and provisions of the California Labor Code.

52.     Moreover, during said time period, Representative Plaintiffs and many of the Class Members were employed by and thereafter terminated or resigned from their positions with

1 Defendants, yet were not paid all overtime or double-time wages due upon said termination or
2 within 72 hours of said resignation of employment therefrom. Said non-payment of all wages due
3 was the direct and proximate result of a willful refusal to do so by the Defendants.

4      53.    During the Class Period, Representative Plaintiffs and Class Members were not
5 compensated for all hours worked. By way of example, Defendants engaged in a pattern or
6 practice of failing to pay Class Members for all hours worked, including but not limited to
7 rounding punch times for Representative Plaintiffs and members of the class. The precise number
8 of unpaid hours in this category will be proven at trial.

9      54.    By refusing to compensate Representative Plaintiffs and Class Members for
10 overtime and double-time wages earned, Defendants violated those California Labor Code
11 provisions cited herein as well as the applicable IWC Wage Order(s).

12      55.    At all times during the relevant Class Period, Defendants were subject to the
13 prevailing wage laws of the State of California, including Labor Code sections 1771 and 1774, for
14 all work undertaken on public works projects. Pursuant to Labor Code Section 1771, Defendants
15 were mandated to pay their employees working on such public work projects, including Plaintiffs
16 and all applicable Class Members, not less than the general prevailing rate of per diem wages for
17 work of a similar character in the locality in which the public work was performed and not less
18 than the general prevailing rate of per diem wages for holiday, overtime, and double-time work.

19      56.    The applicable per diem wages and prevailing wages required pursuant to Labor
20 Code sections 1194, 1771, and 1774 are set forth in annual and semi-annual bulletins published by
21 the California Department of Industrial Relations.

22      57.    As a direct and proximate result of Defendants' unlawful conduct, as set forth
23 herein, Representative Plaintiffs and the Class Members sustained damages, including loss of
24 earnings for hours of overtime and double-time worked for Defendants in an amount to be
25 established at trial, and are entitled to recover attorneys' fees and costs of suit.

26      Wherefore, the Representative Plaintiffs pray for judgment as set forth below.

27 ///

28 ///

**Second Cause of Action**
**Failure to Provide Meal and Rest Periods or Pay Meal and Rest Period Premiums**
**(California Labor Code §§ 226.7 and 512)**
**(Against all Defendants)**

58.    Representative Plaintiffs re-allege and incorporate each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

59.    California Labor Code Section 512(a) and applicable California Wage Orders set forth the minimum requirements for the provision of meal periods to non-exempt employees in California. The applicable wage order indicates that "[n]o employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee." Furthermore, the wage order indicates that "an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

60.    California Labor Code Section 512(a) and applicable California Wage Orders set for the minimum requirements for the provision of rest breaks to non-exempt employees in California. The applicable wage order indicates that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (31/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

61.    Furthermore, California Labor Code Section 226.7 requires an employer to pay an additional hour of compensation for each workday where an employee fails to receive a required recovery period break for days in which a worker works in weather conditions of 85 degrees Fahrenheit or above while being exposed to the sun. Further, the law requires an employer in such

15

**CLASS ACTION COMPLAINT**

1    a situation to provide clean drinking water, shade, and an appropriate amount of time to recover.
2    On information and belief, Representative Plaintiffs and the Class consistently worked when it was
3    85 degrees Fahrenheit in direct exposure to the sun. Moreover, Representative Plaintiffs and the
4    Class was not provided with clean drinking water and shade on such occasions. Defendants failed
5    to provide Representative Plaintiffs and the Class with recovery period breaks, shade, and clean
6    drinking water and failed to provide the hour of compensation for recovery periods missed.

7        62.    Pursuant to the above provisions, Representative Plaintiffs and Class Members are
8    entitled to meal periods in which they were relieved of all job duties. Instead, Representative
9    Plaintiffs believe, and thereupon allege, that Defendants did not provide Representative Plaintiffs
10   and Class Members with sufficient timely, thirty-minute uninterrupted meal periods. Moreover, no
11   "on duty" written meal period agreement and/or waiver, valid or otherwise, affected Representative
12   Plaintiffs and the Class Members' entitlement to meal periods. Thus, Defendants violated
13   California Labor Code sections 226.7 and 512 and applicable Wage Orders.

14       63.    Representative Plaintiffs are informed and believe, and thereupon allege, that
15   Defendants required Representative Plaintiffs and Class Members to work without receiving timely
16   meal periods and rest breaks to which they were entitled, including second meal periods and third
17   rest breaks.

18       64.    Defendants' unlawful acts deprived Representative Plaintiffs and Class Members of
19   a lawful meal period, so they are entitled to recovery pursuant to California Labor Code section
20   226.7, subdivision (b), in the amount of one additional hour of pay at the employee's regular rate of
21   compensation for each day on which one or more meal periods was not provided.

22       65.    Defendants' unlawful acts deprived Representative Plaintiffs and Class Members of
23   rest breaks and recovery periods, so they are entitled to recovery pursuant to Section 12(B) of the
24   applicable IWC Wage Order(s) and Labor Code Section 226.7, in the amount of one (1) additional
25   hour of pay at the employee's regular rate of compensation for each such rest period or recovery
26   period that is/was not provided to any member of the Class.

27       Wherefore, the Representative Plaintiffs pray for judgment as set forth below.

28   ///

**Third Cause of Action**
**Failure to Pay Wages on Separation of Employment**
**(California Labor Code §§ 203, 2926, 2927)**
**(Against all Defendants))**

66.     Representative Plaintiffs re-allege and incorporate each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

67.     California Labor Code Section 203, in pertinent part, provides that:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days.

68.     California Labor Code Section 2926, in pertinent part, provides that "[a]n employee who is not employed for a specified term and who is dismissed by his employer is entitled to compensation for services rendered up to the time of such dismissal."

69.     California Labor Code Section 2927, in pertinent part, provides that "[a]n employee who is not employed for a specified term and who quits the service of his employer is entitled to compensation for services rendered up to the time of such quitting."

70.     Numerous Class Members were employed by Defendants during the Class Period and were thereafter terminated or resigned from their positions, yet they were not paid all wages (including prevailing wage and premium overtime and double-time wages and wages for break violations) due upon said termination or within 72 hours of said resignation of employment therefrom. Said non- payment was the direct and proximate result of a willful refusal to do so by the Defendants.

71.     More than thirty days have elapsed since numerous Class Members were involuntarily terminated or voluntarily resigned from Defendants' employment.

72.     As a direct and proximate result of Defendants' willful conduct in failing to pay said Class Members for all hours worked, these affected Class Members are entitled to recover "waiting time" penalties of up to thirty days' wages pursuant to California Labor Code Section 203 in an amount to be established at trial, together with interest thereon, and attorneys' fees and costs.

Wherefore, Representative Plaintiffs pray for judgment as set forth below.

///

**Fourth Cause of Action**
**Failure to Provide Accurate Itemized Wage Statements**
**(California Labor Code §§ 226 and 1174)**
**(Against all Defendants)**

73.     Representative Plaintiffs re-allege and incorporate each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

74.     During the relevant time period, since and including January 1, 2013, California Labor Code Section 226(a) provided and provides:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. For purposes of this subdivision, "copy" includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision.

75.     During the relevant time period, since and including January 1, 2013, California Labor Code Section 226(e)(1) provided and provides:

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to

18

1   exceed an aggregate penalty of four thousand dollars (S4,000), and is entitled to an award of costs and reasonable attorney's fees.

2

3   76.   Furthermore, during the relevant time period, since and including January 1, 2013,

4   California Labor Code Section 226(e)(2) provided and provides:

5          (A)   An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide a wage statement.

6

7          (B)   An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9),

8                inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the

9                following:

10                      (i)    The amount of the gross wages or net wages paid to the employee during the pay period or any of the other

11                             information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9)

12                             of subdivision (a).

                        (ii)   Which deductions the employer made from gross wages to

13                             determine the net wages paid to the employee during the pay period. Nothing in this subdivision alters the ability of

14                             the employer to aggregate deductions consistent with the requirements of item (4) of subdivision (a).

15                      (iii)  The name and address of the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of

16                             Section 1682, the name and address of the legal entity that secured the services of the employer during the pay period.

17                      (iv)   The name of the employee and only the last four digits of his or her social security number or an employee

18                             identification number other than a social security number.

19   77.   During the relevant time period, since and including January 1, 2012, California

20   Labor Code Section 1174(d) provided and provides:

21          Every person employing labor in this state shall . . . [k]eep, at a central location in the state . . . payroll records showing the hours worked daily by

22          and the wages paid to . . . employees employed at the respective plants or establishments. These records shall be kept in accordance with rules

23          established for this purpose by the commission, but in any case shall be kept on file for not less than three years. An employer shall not prohibit an

24          employee from maintaining a personal record of hours worked, or, if paid on a piece-rate basis, piece-rate units earned.

25

26   78.   Defendants have failed to provide timely, accurate itemized wage statements to the

27   Representative Plaintiffs and Class Members in accordance with California Labor Code Section

28   226. Representative Plaintiffs are informed and believe and, on that basis, allege that none of the

19

CLASS ACTION COMPLAINT

1  statements provided by Defendant accurately reflected accurate hours worked, gross wages earned,

2  net wages earned, or the appropriate deductions of such Class Members. The wage statements also

3  failed to identify the full name of the legal entity who employed them, as required by the statue.

4       79.    Representative Plaintiffs seek to recover actual damages, costs, and attorneys' fees

5  under these provisions on behalf of himself and on behalf of all Class Members.

6       Wherefore, Representative Plaintiffs pray for judgment as set forth below.

7  

**Fifth Cause of Action**
**Failure to Produce Employment Records**
**(California Labor Code §§ 226, 432, and 1198.5)**
**(Against all Defendants)**

8

9       80.    Representative Plaintiffs re-alleges and incorporate each and every allegation of the

10  preceding paragraphs with the same force and effect as though fully set forth herein.

11       81.    California Labor Code Section 226 states, in relevant part, that:

12       (b)An employer that is required by this code or any regulation adopted
13  pursuant to this code to keep the information required by subdivision (a)
    shall afford current and former employees the right to inspect or copy
14  records pertaining to their employment, upon reasonable request to the
    employer. The employer may take reasonable steps to ensure the identity
15  of a current or former employee. If the employer provides copies of the
    records, the actual cost of reproduction may be charged to the current or
16  former employee.

17       (c) An employer who receives a written or oral request to inspect or copy
18  records pursuant to subdivision (b) pertaining to a current or former
    employee shall comply with the request as soon as practicable, but no later
19  than 21 calendar days from the date of the request. A violation of this
    subdivision is an infraction. Impossibility of performance, not caused by
20  or a result of a violation of law, shall be an affirmative defense for an
    employer in any action alleging a violation of this subdivision. An
21  employer may designate the person to whom a request under this
22  subdivision will be made....

23       (f) A failure by an employer to permit a current or former employee to
    inspect or copy records within the time set forth in subdivision (c) entitles
24  the current or former employee or the Labor Commissioner to recover a
    seven-hundred-fifty-dollar ($750) penalty from the employer....
25

26       (h) An employee may also bring an action for injunctive relief to ensure
    compliance with this section, and is entitled to an award of costs and
27  reasonable attorney's fees.

28       82.    Labor Code Section 432 states that "[i]f an employee or applicant signs any

20
CLASS ACTION COMPLAINT

1    instrument relating to the obtaining or holding of employment, he shall be given a copy of the

2    instrument upon request."

3        83.    California Labor Code Section 1198.5 states, in relevant part, that:

4

5

6        (a) Every current and former employee, or his or her representative, has the right to inspect and receive a copy of the personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee....

7

8        (b) (1) The employer shall make the contents of those personnel records available for inspection to the current or former employee, or his or her representative, at reasonable intervals and at reasonable times, but not later than 30 calendar days from the date the employer receives a written request, unless the current or former employee, or his or her representative, and the employer agree in writing to a date beyond 30 calendar days to inspect the records, and the agreed-upon date does not exceed 35 calendar days from the employer's receipt of the written request. Upon a written request from a current or former employee, or his or her representative, the employer shall also provide a copy of the personnel records, at a charge not to exceed the actual cost of reproduction, not later than 30 calendar days from the date the employer receives the request, unless the current or former employee, or his or her representative, and the employer agree in writing to a date beyond 30 calendar days to produce a copy of the records, as long as the agreed-upon date does not exceed 35 calendar days from the employer's receipt of the written request...

9

10

11

12

13

14

15

16

17        (k) If an employer fails to permit a current or former employee, or his or her representative, to inspect or copy personnel records within the times specified in this section, or times agreed to by mutual agreement as provided in this section, the current or former employee or the Labor Commissioner may recover a penalty of seven hundred fifty dollars ($750) from the employer...

18

19

20

21        (l) A current or former employee may also bring an action for injunctive relief to obtain compliance with this section, and may recover costs and reasonable attorney's fees in such an action.

22

23        84.    On September 20, 2017 counsel for Plaintiffs counsel served a records request on

Defendants via certified mail requesting copies of the Plaintiffs' personnel records, including

payroll and timekeeping records and any records signed by the Plaintiffs, pursuant to Labor Code

sections 226(c), 432 and 1198.5. The September 20, 2017 records request included signed

authorizations from both Plaintiffs authorizing Defendants to release the records to their counsel in

this action.

24

25

26

27

28

CLASS ACTION COMPLAINT

85.    Defendants failed to respond in any way to the records request and did not produce any of the requested employment records.

86.    Plaintiffs are informed and believe and thereupon allege that Defendants common policy, applicable to all Class Members, is to not provide employment records upon request. Furthermore Plaintiffs are informed and believe and thereupon allege that certain putative Class Members have made requests, during the statutory period covered by this claim, for their employment records which Defendants did not comply with.

87.    Representative Plaintiffs seek to recover penalties, costs, and attorneys' fees, as provided for in Labor Code Sections 226 and 1198.5, in an amount according to proof at trial. Wherefore, Representative Plaintiffs pray for judgment as set forth below.

### Sixth Cause of Action
**Unfair Business Practices Under the Unfair Competition Law**
**(California Business & Professions Code §§ 17200-17208)**
**(Against All Defendants)**

88.    Representative Plaintiffs re-allege and incorporate each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

89.    California Business and Professions Code sections 17200, *et seq.* prohibits unfair competition in the form of any unlawful, unfair, deceptive, or fraudulent business practices.

90.    Beginning at an exact date unknown to Representative Plaintiff, but continuing during the Class Period, Defendants committed unlawful acts as defined by California Business and Professions Code section17200. Defendants' unlawful and unfair business practices include, but are not necessarily limited to, violations of the requirements of California Labor Code sections 201-204, 226, 226.7, 510, 512, 1194, 1197, 1198, 1198.5, 1770, *et. seq.*, 2698-2699, *et seq.*, 2926, 2927, and the applicable Wage Order(s).

91.    The knowing conduct of Defendants, as alleged herein, constitutes an unlawful and/or fraudulent business practice, as set forth in California Business and Professions Code section 17200-17208. Specifically, Defendants conducted business activities while failing to comply with the legal mandates herein.

92.    Defendants' knowing failure to adopt policies in accordance with, and/or to adhere

22

1  to these laws, all of which are binding upon and burdensome on its competitors, engenders an

2  unfair competitive advantage for Defendants, thereby constituting an unfair business practice, as

3  set forth in California Business and Professions Code Section 17208.

4      93.   Business and Professions Code Section 17203 provides that the Court may restore

5  to any person in interest any money or property which may have been acquired by means of such

6  unfair competition. As a direct and proximate result of the aforementioned acts, Representative

7  Plaintiffs and Class Members were injured and suffered the loss of money in the amount of, inter

8  alia, unpaid wages that they were otherwise entitled to receive. Representative Plaintiffs and Class

9  Members are entitled to restitution pursuant to Business and Professions Code section 17203 and

10  17208 for all wages unlawfully withheld from them as a result of Defendants' unlawful and unfair

11  conduct.

12      94.   Representative Plaintiffs' success in this action will enforce important rights

13  affecting the public interest. Representative Plaintiffs and the Plaintiff Class seek, and are entitled

14  to, injunctive relief as well as all other appropriate equitable remedies. Injunctive relief is

15  necessary and appropriate to prevent Defendants from repeating the wrongful business practices

16  alleged herein.

17      Wherefore, Representative Plaintiffs pray for judgment as set forth below.

18  **Seventh Cause of Action**<br>**Recovery under Private Attorneys General Act (PAGA)**

19  **(California Labor Code § 2698, *et seq.*)**<br>**(Against All Defendants)**

20

21      95.   Plaintiffs Jose Diaz Hermosillo and Oscar Diaz Hermosillo re-allege and

22  incorporate each and every allegation of the preceding paragraphs with the same force and effect as

23  though fully set forth herein.

24      96.   Plaintiffs, as aggrieved employees, bring this claim pursuant to California Labor

25  Code sections 2698-2699 on behalf of themselves and all other current or former employees

26  employed by Defendant as Davey Tree Surgery Company and/or The Davey Tree Expert Company

27  in California at any time for which recovery is authorized under Labor Code sections 2698-2699, *et*

28  *seq.* Pursuant to California Labor Code Section 2699.3, on September 14, 2017, Representative

23
CLASS ACTION COMPLAINT

1  Plaintiffs submitted notice to the Labor and Workforce Development Agency through its website
2  of the specific provisions of the Labor Code that have been violated, including the facts and
3  theories to support those violations. Representative Plaintiffs served copies of the notice on the
4  Defendants via certified mail on September 13, 2017 and received return receipt confirming that
5  said notices were delivered on the Defendants. Representative Plaintiffs thus have complied with
6  the Private Attorneys General Act notice requirement as the 65-day time limit for a response has
7  passed with no response from the Labor and Workforce Development Agency notifying Plaintiffs
8  that the agency would investigate the claim.

9      97.    As alleged above, Defendants have violated provisions of the California Labor
10  Code, including but not limited to failure to pay all wages owed, including overtime and double-
11  time, failure to provide timely duty free meal and rest periods or compensation for meal and rest
12  period violations, and failure to provide accurate wage statements. Representative Plaintiffs seek
13  recovery of unpaid wages resulting from said violations on behalf of themselves and all other
14  current or former employees employed by Defendants as Davey Tree Surgery Company and/or
15  The Davey Tree Expert Company in California at any time for which recovery is authorized under
16  California Labor Code sections 2698-2699.

17      98.    Pursuant to California Labor Code Section 2699, Representative Plaintiffs also seek
18  recovery of all penalties for Defendants' above-described violations of the California Labor Code
19  that are available under PAGA. Such penalties for which Representative Plaintiffs now seek
20  recovery include, but are not limited to, those set forth in California Labor Code sections 1771 and
21  1774 (prevailing wages and associated penalties) and 558 (for causing the labor code violations
22  plead herein).

23      99.    Representative Plaintiffs request an award of attorneys' fees and costs, including as
24  authorized under California Labor Code Section 2699.

25      Wherefore, Representative Plaintiffs pray for judgment as set forth below.

26                                   **RELIEF SOUGHT**

27      **WHEREFORE, the Representative Plaintiffs**, on behalf of themselves and the proposed
28  Plaintiff Class. pray for judgment and the following specific relief against **Defendants**, and each

1  of them, jointly and separately, as follows:

2    1.    That the Court declare, adjudge, and decree that this action is a proper class action
3  and certify the proposed class and/or any appropriate subclasses under California Code of Civil
4  Procedure Section 382;

5    2.    That the Court declare, adjudge, and decree that Defendants violated the provisions
6  of the California Labor Code and the applicable California Industrial Welfare Commission Wage
7  Order(s) as to the Representative Plaintiffs and Class Members as alleged herein;

8    3.    That the Court make an award to the Plaintiffs and Plaintiff Class of unpaid
9  minimum, overtime, and double-time wage compensation (pursuant to California Labor Code
10  sections 510, 1194);

11    4.    That the Court make an award to the Plaintiffs and Plaintiff Class of unpaid
12  statutory prevailing wage and per diem compensation (pursuant to California Labor Code sections
13  1771 & 1774);

14    5.    That the Court make an award to the Plaintiffs and Plaintiff Class of one hour of pay
15  at each employee's regular rate of compensation for each workday on which a meal period(s) was
16  not provided (pursuant to California Labor Code Section 226.7);

17    6.    That the Court make an award to the Plaintiffs and Plaintiff Class of one hour of pay
18  at each employee's regular rate of compensation for each workday on which a rest period(s) was
19  not provided (pursuant to California Labor Code Section 226.7);

20    7.    That the Court make an award to the Plaintiffs and Plaintiff Class of "waiting time"
21  penalties (pursuant to California Labor Code Section 203);

22    8.    That the Court make an award to the Plaintiffs and Plaintiff Class for failure to
23  provide accurate wage statements (pursuant to Labor Code Section 226);

24    9.    That the Court make an award to the Plaintiffs and Plaintiff Class for failure to
25  produce employment records upon request (pursuant to Labor Code sections 226 and 1198.5);

26    10.    That the Court make an award to the Plaintiffs and Plaintiff Class of penalties,
27  pursuant to California Labor Code sections 2926-2927;

28    11.    That the Court order Defendants to pay restitution to the Plaintiffs and Plaintiff

25
CLASS ACTION COMPLAINT

1  Class, pursuant to California Business and Professions Code sections 17200-17208;

2      12.    That the Court enjoin Defendants, ordering them to cease and desist from unlawful

3  activities in violation of California Business and Professions Code Section 17200, *et seq.*;

4      13.    That the Court order Defendants to pay penalties pursuant to the Private Attorneys

5  General Act, California Labor Code sections 2698-2699, *et seq.*;

6      14.    For all other Orders, findings and determinations identified and sought in this

7  Complaint;

8      15.    For interest on the amount of any and all economic losses, at the prevailing legal

9  rate;

10     16.    For reasonable attorneys' fees, pursuant to California Labor Code sections 218.5,

11  226, 1194, 1198.5, 2699, *et. seq.* and/or California Code of Civil Procedure Section 1021.5; and;

12     17.    For costs of suit and any and all such other relief as the Court deems just and

13  proper.

14  Dated: December 7, 2017                          Respectfully submitted,

15

16

17  By: _____

     Kevin Allen, Esq.
18  VELTON ZEGELMAN, PC

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEMAND FOR JURY TRIAL

Representative Plaintiffs and the proposed Plaintiff Class hereby demand a jury trial for each cause of action for which they are entitled to a jury trial.

Dated: December 7, 2017                    Respectfully submitted,

                                By:    _____
                                       Kevin Allen, Esq.
                                       VELTON ZEGELMAN, PC

CLASS ACTION COMPLAINT

EXHIBIT C

 CT Corporation

**Service of Process Transmittal**
12/19/2017
CT Log Number 532498407

**TO:**   Heather Micozzi
The Davey Tree Expert Company
1500 N Mantua St
Kent, OH 44240-2399

**RE:**   **Process Served in California**

**FOR:**   The Davey Tree Expert Company  (Domestic State: OH)

---

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | JOSE DIAZ HERMOSILLO, et al., Pltfs. vs. DAVEY TREE SURGERY COMPANY, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, Instructions, Complaint, Demand, Reports |
| **COURT/AGENCY:** | Santa Clara County - Superior Court - San Jose, CA Case # 17CV320135 |
| **NATURE OF ACTION:** | Defendants violated California Labor Code Section 1174 by failing to keep accurate records of employees' hours of work |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/19/2017 at 15:00 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | KEVIN ALLEN VELTON ZEGELMAN P.C 1261 Lincoln Avenue, Suite 208 San Jose, CA 95125 (408) 505-7892 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/20/2017, Expected Purge Date: 12/25/2017 |
| | Image SOP |
| | Email Notification,  Heather Micozzi  heather.micozzi@davey.com |
| | Email Notification,  Rene Tatka  rene.tatka@davey.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  1 / TI

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

*12/19/17 @BP~*

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

DAVEY TREE SURGERY COMPANY, an Ohio Corporation; THE
DAVEY TREE EXPERT COMPANY, an Ohio Corporation; and DOES
1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

JOSE DIAZ HERMOSILLO, OSCAR DIAZ HERMOSILLO on behalf
of themselves and all others similarly situated,

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

E-FILED
12/7/2017 10:24 AM
Clerk of Court
Superior Court of CA,
County of Santa Clara
17CV320135
Reviewed By: R. Walker

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Santa Clara Superior Court

17CV320135

191 N. First Street, San Jose, CA 95113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kevin Allen, Velton Zegelman P.C., 1261 Lincoln Avenue, Suite 208, San Jose, CA 95125; (925) 695-4913

DATE: 12/7/2017 10:24 AM    **Clerk of Court**    Clerk, by    **R. Walker**    , Deputy
*(Fecha)*    (Secretario)    (Adjunto)

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):* THE DAVEY TREE EXPERT COMPANY, an Ohio Corporation

under: [X] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
[ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

**Kevin R. Allen (SBN 237994)**
Velton Zegelman P.C.
1261 Lincoln Avenue, Suite 208
San Jose, California 95125
TELEPHONE NO: 925.695.4913    FAX NO: 925.334.7477
ATTORNEY FOR *(Name):* Jose Diaz Hermosillo, Oscar Diaz Hermosillo

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 N. 1st Street
MAILING ADDRESS: 191 N. 1st Street
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Downtown Courthouse

**E-FILED**
12/7/2017 10:24 AM
**Clerk of Court**
**Superior Court of CA,**
**County of Santa Clara**
**17CV320135**
**Reviewed By: R. Walker**

CASE NAME:
Hermosillo et al. v. Davey Tree Surgery Co., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | **17CV320135** |
| | | | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1.** Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

**2.** This case [✓] is [ ] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties    d. [✓] Large number of witnesses
b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
c. [✓] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a. [✓] monetary    b. [✓] nonmonetary; declaratory or injunctive relief    c. [ ] punitive
**4.** Number of causes of action *(specify):* 7
**5.** This case [✓] is [ ] is not    a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 7, 2017

Kevin R. Allen
*(TYPE OR PRINT NAME)*    *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

CM-010 [Rev. July 1, 2007]                    **CIVIL CASE COVER SHEET**                    Page 2 of 2

E-FILED
12/7/2017 10:24 AM
Clerk of Court
Superior Court of CA,
County of Santa Clara
17CV320135
Reviewed By: R. Walker

1  KEVIN ALLEN, SBN 237994
   DANIEL VELTON, SBN 267890
2  **VELTON ZEGELMAN P.C.**
   1261 Lincoln Avenue, Suite 208
3  San Jose, CA 95125
   Tel. (408) 505-7892
4  Fax (408) 228-1930
   kallen@vzfirm.com
5  dvelton@vzfirm.com

6  DANIEL A. MENENDEZ, SBN 260822
   **LAW OFFICE OF DANIEL A. MENENDEZ**
7  1261 Lincoln Avenue, Suite 208
   San Jose, CA 95125
8  Tel. (408) 479-4969
   Fax (408) 273-6912
9  daniel@siliconvalleylegal.com

10  Attorneys for Representative Plaintiffs
    and the Plaintiff Class

11

12           IN THE SUPERIOR COURT IN THE STATE OF CALIFORNIA

13                    FOR THE COUNTY OF SANTA CLARA

14                         (UNLIMITED JURISDICTION)

15

16  JOSE DIAZ HERMOSILLO, OSCAR DIAZ          Case No. **17CV320135**
    HERMOSILLO on behalf of themselves and all
17  others similarly situated,                 **CLASS ACTION**

18                                             **COMPLAINT FOR DAMAGES,**
                          Plaintiffs,          **INJUNCTIVE RELIEF AND**
19                                             **RESTITUTION**
                vs.
20                                             **DEMAND FOR JURY TRIAL**

21  DAVEY TREE SURGERY COMPANY, an
    Ohio Corporation; THE DAVEY TREE
22  EXPERT COMPANY, an Ohio Corporation;
    and DOES 1 through 50, inclusive,
23
                          Defendants.
24

25

26

27

28

                                    1
─────────────────────────────────────────────────
                        CLASS ACTION COMPLAINT

1    Representative Plaintiffs JOSE DIAZ HERMOSILLO and OSCAR DIAZ HERMOSILLO

2    complain and allege as follows:

3                                **PRELIMINARY STATEMENT**

4         1.    This is a class action, brought on behalf of Plaintiffs JOSE DIAZ HERMOSILLO

5    and OSCAR DIAZ HERMOSILLO ("Plaintiffs" or "Representative Plaintiffs") and all other

6    persons similarly situated (collectively "Class Members") who are or have been employed as non-

7    exempt tree care service employees (including but not limited to those holding the job titles of

8    "laborer," "groundman," "apprentice climber," "climber," "climbing arborist," "climbing arborist

9    trainee," and "trimmer") by Defendants DAVEY TREE SURGERY COMPANY ("DTSC"), THE

10   DAVEY TREE EXPERT COMPANY ("DTEC"), and DOES 1-50, inclusive (hereinafter,

11   collectively "Defendants") in California within the applicable Class Period (referred to herein as

12   "Class Members" or "Tree Trimmers"). Representative Plaintiffs, on behalf of themselves and the

13   Class Members, seek unpaid wages including regular wages, overtime wages, double-time wages,

14   prevailing wages, compensation for missed meal and rest periods, penalties for inaccurate wage

15   statements and late payment of wages, interest thereon, related penalties, injunctive and other

16   equitable relief, and reasonable attorneys' fees and litigation costs pursuant to, *inter alia.*, Title 8 of

17   the California Code of Regulations, California Business and Professions Code sections 17200, *et*

18   *seq.*, California Code of Civil Procedure Section 1021.5, and various provisions of the California

19   Labor Code.

20        2.    The "Class Period" is defined as the four years prior to the date on which this

21   Complaint was initially filed and continuing through the present time, based upon the allegation

22   that the violations of California's wage and hour laws, as described more fully below, have been

23   ongoing throughout that time.

24        3.    During the Class Period, Representative Plaintiffs allege, on information and belief,

25   that Defendants have had a consistent policy of (1) unlawfully failing to pay Representative

26   Plaintiffs and Class Members prevailing wages, as required by California Labor Code Section

27   1771; (2) failing to pay Representative Plaintiffs and Class Members for all hours worked, by

28   including but not limited to shaving off hours worked by Representative Plaintiffs and members of

1    the class by rounding of their punch times; (3) failing to pay Representative Plaintiffs and Class

2    Members overtime wages for more than 8 hours of work in a work-day and/or more than 40 hours

3    in a work-week; (4) failing to pay Representative Plaintiffs and Class Members double-time wages

4    for more than 12 hours of work in a work-day and for wages earned over 8 hours worked on the

5    seventh day worked in a work-week; (5) unlawfully failing to provide Representative Plaintiffs and

6    Class Members with timely, statutorily-mandated meal and rest periods and/or failing to properly

7    compensate them for meal and rest period violations; (6) willfully failing to provide Representative

8    Plaintiffs and Class Members with accurate semi-monthly itemized wage statements that correctly

9    identified the name of the employer; (7) willfully failing to pay compensation owed in a prompt

10   and timely manner to Representative Plaintiffs and Class Members whose employment with

11   Defendants has terminated; and (8) violating California's Unfair Competition Law (the "UCL").

12                                    **INTRODUCTION**

13       4.       Defendant DAVEY TREE SURGERY COMPANY ("DTSC") is a registered Ohio

14   Corporation, who is a licensed and bonded contractor in the state of California performing

15   professional tree services on public works projects in Santa Clara County.

16       5.       Defendant THE DAVEY TREE EXPERT COMPANY ("DTEC") is a registered

17   Ohio Corporation with its headquarters in Kent, Ohio, who is a licensed and bonded contractor in

18   the state of California performing professional tree services on public works projects in Santa Clara

19   County.

20       6.       Representative Plaintiffs allege, based on information and belief, that during the

21   relevant Class Period Defendants DTSC and DTEC have employed hundreds of employees in

22   California in positions that did not, and currently do not, meet any known test for exemption from

23   the payment of minimum and overtime wages, and/or the entitlement to accurate itemized wage

24   statements and meal and rest periods. Representative Plaintiffs are also informed and believe and

25   based thereon allege that Defendants DTSC and DTEC actively sought, engaged in, and employed

26   Plaintiffs and similarly situated Class Members on public works projects subject to prevailing

27   wage statutes.

28       7.       Despite actual knowledge of these facts and legal mandates. Defendants had and

1  continue to enjoy an advantage over their competition and a resultant disadvantage to their workers

2  by electing not to pay prevailing wage rates, not to pay Representative Plaintiffs and class

3  members wages owed for all hours worked by, *inter alia*, "shaving" hours and rounding punch

4  times, not paying statutorily required regular and overtime wages as well as prevailing wages, not

5  providing off-duty, timely meal and rest periods or compensation therefore, not providing accurate

6  wage statements, and not providing all wages due and owing upon employees' termination in a

7  timely manner.

8        8.    Representative Plaintiffs are informed and believe and, based thereon, allege that

9  officers and managing agents of defendant DTSC and DTEC, knew of these facts and legal

10  mandates yet, nonetheless, repeatedly authorized and/or ratified the violations of the laws cited

11  herein.

12        9.    Despite Defendants' knowledge of Representative Plaintiffs and Class Members'

13  entitlement to prevailing wages, wages for all hours worked, premium wages for daily and weekly

14  overtime hours worked, meal and rest periods or break violation pay for all applicable work

15  periods, and accurate wage statements, Defendant failed to provide the same to Representative

16  Plaintiffs and Class Members, in violation of the California Labor Code and Business and

17  Professions Code, the applicable California Industrial Welfare Commission Wage Order and Title

18  8 of the California Code of Regulations. Moreover, Defendants failed to pay all final wages to

19  those Plaintiffs and Class Members whose employment has terminated.

20        10.    This action is brought to redress and end this long-time pattern of unlawful conduct

21  once and for all. Despite actual knowledge of these facts and legal mandates, Defendants have and

22  continue to enjoy an advantage over their competition and a imposed a resultant disadvantage to its

23  workers by electing not to pay premium wages (e.g., overtime, double-time, prevailing wages,

24  meal and rest period wages) and/or penalties to which they are entitled (e.g., "waiting time,"

25  "wages statement," "underpayment," and/or "Private Attorney General Act" penalties) to their

26  Tree Trimmers in California.

27                    **JURISDICTION AND VENUE**

28        11.    This Court has jurisdiction over this action because the amount in controversy

1    exceeds $25,000.

2        12.    Pursuant to California Code of Civil Procedure section 395(a), venue is proper in

3    the County of Santa Clara because Defendants' obligations and liability arose, at least in part,

4    therein, and because the alleged injuries sustained by Representative Plaintiffs, as well as other

5    Class Members, occurred in the County of Santa Clara.

6                                    **PLAINTIFF**

7        13.    Representative Plaintiffs bring this action against Defendants, for engaging in a

8    uniform policy and systematic scheme of wage abuse against their Tree Trimmers in California.

9    This scheme involved, *inter alia*, failing to pay Plaintiffs and other Tree Trimmers all prevailing

10   wages owed as well as denying them regular, overtime, and double-time compensation for all

11   applicable hours worked. Further, Defendants did not provide timely, off-duty meal or rest breaks

12   for Tree Trimmers, or break violation pay, as mandated under California law.

13       14.    As used through this Complaint, the term "Class Members" refers to the

14   Representative Plaintiffs herein as well as each and every person eligible for membership in the

15   Class as described and defined herein.

16       15.    Representative Plaintiff Jose Diaz Hermosillo is a natural person who was

17   employed by Defendants as a Tree Trimmer from approximately October 2015 until approximately

18   August 2017. At all times herein relevant, Representative Plaintiff Jose Diaz Hermosillo was and is

19   now a person within the Class as further described and defined therein.

20       16.    Representative Plaintiff Oscar Diaz Hermosillo is a natural person who was

21   employed by Defendants as a Tree Trimmer from approximately October 2015 until approximately

22   August 2017. At all times herein relevant, Representative Plaintiff Oscar Diaz Hermosillo was and

23   is now a person within the Class as further described and defined therein.

24       17.    During their employment, Representative Plaintiffs and members of the class were

25   not paid a prevailing wage rate, pursuant to California Labor Code Section 1771.

26       18.    Moreover, Representative Plaintiffs and members of the class were not paid for all

27   hours worked due to the illegal practice by Defendants of not compensating Representative

28   Plaintiffs and members of the class for all hours worked. By way of example, Defendants engaged

1  in an uniform policy and systematic scheme of wage theft by rounding their punch times so that

2  Representative Plaintiffs and members of the class were not paid for all of their hours worked.

3        19.    Furthermore, during the Class Period, Representative Plaintiffs and Class Members

4  worked, on many occasions, in excess of 8 hours in a workday and/or 40 hours in a workweek.

5  Representative Plaintiffs and Class Members, during the Class Period, also worked, on many

6  occasions, in excess of 12 hours in a workday and/or in excess of 8 on any seventh work-day in a

7  workweek. However, despite the aforementioned, Defendants denied Plaintiffs and Class Members

8  all of the overtime and double-time compensation to which they were owed.

9        20.    In addition, Representative Plaintiffs routinely worked for Defendants without being

10  provided with timely, off-duty, net ten minute rest periods for every four hours worked or major

11  fraction thereof, without being provided with a thirty minute uninterrupted, duty-free meal period

12  during meal period eligible shifts, or a second thirty minute uninterrupted duty-free meal period

13  during shifts lasting ten hours or more, and without being provided with recovery periods or clean

14  drinking water, and without being paid one (1) hour of pay at the employee's regular rate of

15  compensation for each work day that a meal or rest period or recovery period was not provided.

16  Representative Plaintiffs allege, on information and belief, these meal and rest break and recovery

17  period violations were the result of policies and procedures that applied uniformly to all Class

18  Members during the Class Period. Furthermore, Representative Plaintiffs worked shifts of ten

19  hours or more but did not receive a second meal period or third rest break.

20        21.    As a result of the above violations, Representative Plaintiffs' wage statements did

21  not reflect the actual number of hours worked and the lawful wages due thereon, and were

22  therefore inaccurate.

23        22.    On September 20, 2017 counsel for Plaintiffs served a records request on both

24  Defendants via certified mail which requested copies of their personnel records (including payroll

25  and timekeeping records and any records signed by the Plaintiffs) pursuant to Labor Code sections

26  226(c), 432 and 1198.5. The records request included signed authorizations from both Plaintiffs

27  authorizing Defendants to release the records to their counsel in this action. Defendants failed to

28  respond to the records request and, as of the date this complaint is being filed, had still not

1    produced any of the requested employment records.

2        23.    The Representative Plaintiffs bring this action on behalf of themselves and as a

3    class action, pursuant to California Code of Civil Procedure section 382, on behalf of all persons

4    similarly situated and proximately damaged by the unlawful conduct described herein.

5                                        **DEFENDANTS**

6        24.    Representative Plaintiffs are informed and believe and, based thereon, allege that at

7    all times herein relevant, Defendants DTSC and DTEC were and are registered Ohio Corporations,

8    who are licensed and bonded contractors in the state of California performing professional tree

9    services on public works projects.

10       25.    The true and correct names and capacities of DOES 1 through 50, inclusive, are

11   unknown to Representative Plaintiffs, who therefore sue said Defendants by such fictitious names.

12   Representative Plaintiffs are informed and believe and thereon allege that each of said fictitious

13   Defendants caused injury and damages to Representative Plaintiffs.

14       26.    Defendants DOES 1 through 10 are individuals employed by Defendants.

15       27.    At all times relevant herein, Defendants and DOES 11-50 inclusive were and are

16   employer(s) and person(s) within the definition of California Labor Code Section 18, the

17   applicable Industrial Wage Order, and California Business and Professions Code Section 17201.

18       28.    The Representative Plaintiffs are informed and believe and, on that basis, allege that

19   at all relevant times herein mentioned each of the Defendants, including DOES 1 through 50, were

20   the agents, employees, supervisors, employers, alter egos, and/or joint ventures of the remaining

21   defendants, and were acting both individually and in the course and scope of such relationship,

22   and/or as an integrated enterprise, and/or as joint employers, with the knowledge and/or consent of

23   the remaining Defendants.

24                    **CLASS AND COLLECTIVE ACTION ALLEGATIONS**

25       29.    Representative Plaintiffs bring this action individually and as a class action on

26   behalf of all persons similarly situated and proximately damaged by Defendants' conduct,

27   including but not limited to the following class ("Class Members" or "the "Plaintiff Class"):

28            All non-exempt Tree Trimmers employees (including but not limited to
              those holding the job titles of "laborer," "groundman," "apprentice

                                              7

climber," "climber," "climbing arborist," "climbing arborist trainee," and "trimmer") who were employed by Defendants in the State of California at any time during the four years preceding the filing of this Complaint through to the present.

30.   Defendants, their officers, and directors are excluded from the Plaintiff Class.

31.   This action has been brought and may be properly maintained as a class action pursuant to California Code of Civil Procedure Section 382 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable as follows:

a. Numerosity: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the Plaintiff Class are so numerous that joinder of all members is impractical, if not impossible, insofar as Representative Plaintiffs are informed and believe and, on that basis, allege that there are sufficient Class Members to meet the numerosity requirement. Membership in the Class will be determined upon analysis of employee and payroll, among other, records maintained by Defendants.

b. Commonality: The Representative Plaintiffs and the class members share a community of interests, in part, since there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, thereby making a class action superior to other available methods for the fair and efficient adjudication of the controversy. Consequently, class certification is proper under Section 382. These common questions include, but are not necessarily limited to:

i.   Whether Defendants violated California Labor Code sections 1771 and 1774 by failing to pay prevailing wages and/or prevailing per diem wages to their employees on public works projects;

ii.   Whether Defendants engaged in a pattern or practice of failing to pay Class Members for all hours worked, including but not limited to shaving off hours worked by Representative Plaintiffs and members of the class by rounding of their punch times

iii.   Whether Defendants violated the applicable IWC Wage Order and/or Labor Code Section 510 by failing to pay overtime to its employees who worked in excess of forty hours per week and/or eight hours per day;

iv.   Whether Defendants violated the applicable IWC Wage Order and/or Labor Code Section 510 by failing to pay double-time to its employees who worked in excess of 12 hours per day and hours in excess of 8 on any seventh work-day in a work week;

v.   Whether Defendants violated California Labor Code Section 1194(a) by failing to pay minimum, overtime, and/or double-time wages to its employees;

vi.   Whether Defendants violated California Labor Code sections 226.7 and 512 by failing to provide Class Members, for each work period of more than five hours per day, with an off-duty meal period of at least 30 minutes, and, for each work period of four hours or major fraction thereof, a net ten minute rest period, without any compensation therefore;

8

vii. Whether Defendants violated California Labor Code Section 1174 by failing to keep accurate records of employees' hours of work;

viii. Whether Defendants violated California Labor Code sections 201-204 by failing to pay regular, overtime, or double-time wages and meal and rest period (or recovery period) violation wages due and owing at the time certain Class Members' employment with Defendants terminated;

ix. Whether Defendants violated California Labor Code Section 226 by failing to provide the semimonthly itemized statements to Class Members of total hours worked by each and all applicable hourly rates in effect during the pay period;

x. Whether Class Members are entitled to "waiting time" penalties, pursuant to California Labor Code Section 203;

xi. Whether Defendants violated California Business and Professions Code section 17200, *et seq.* by failing to (1) pay prevailing wage rates pursuant to Lab. Code Section 1771 (2) pay overtime compensation to its employees who worked in excess of forty hours per week and/or eight hours per day, (3) pay double-time to its employees who worked in excess of 12 hours per day and hours in excess of 8 on any seventh work-day in a work week (4) pay meal period premiums to its employees who worked in excess of five consecutive hours without a meal period, (5) pay rest period and/or recovery period premiums to its employees for each four hour period (or major fraction thereof) worked without a rest period or applicable recovery period, (6) provide accurate wage statements, and (7) pay all wages for all hours worked due promptly upon Class Members' resignation or termination;

xii. Whether Defendants owe penalties for the above-listed violations pursuant to California Labor Code Section 2698, *et seq.*; and,

xiii. Whether class-wide injunctive relief is an appropriate remedy by which to prevent and/or halt the violations alleged herein from continuing; and.

c. Typicality: The Representative Plaintiffs' claims are typical of the clams of Class Members. The Representative Plaintiffs and Class Members sustained damages arising out of and caused by Defendants' common course of conduct in violation of the law, as alleged herein.

d. Superiority of a Class Action: Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes or may make it impractical for Class Members to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought, or be required to be brought, by each individual Class Member, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings which might be dispositive of the interests of other Class Members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.

e. Adequacy of Representation: Each Representative Plaintiff in this class action is an adequate representative of the Plaintiff Class in that each Representative Plaintiff's claims are typical of those of the Plaintiff Class and the Representative Plaintiffs have the same interest in the litigation of this case as the Class Members. Each Representative Plaintiff is

9

1  committed to vigorous prosecution of this case and has retained competent counsel who are experienced in conducting litigation of this nature. The Representative Plaintiffs are not subject to any individual defenses unique from those conceivably applicable to Class Members as a whole. The Representative Plaintiffs anticipate no management difficulties in this litigation.

2

3

4  ## COMMON FACTUAL ALLEGATIONS

5  32.    As described herein, for years, Defendants have knowingly failed to adequately

6  compensate those employees within the class definition identified above for all wages earned

7  (including premium wages such as overtime wages and/or compensation for missed meal and/or

8  rest periods) under the California Labor Code and the applicable IWC Wage Order, thereby

9  enjoying a significant competitive edge over Defendants' competitors.

10  33.    Defendants' wage policies failed to pay Representative Plaintiffs and Class

11  Members with a prevailing wage rate as required by California Labor Code Section 1771, with

12  overtime wages for each hour worked beyond 8 in a work-day and 40 in a work-week, or double-

13  time to employees who worked in excess of 12 hours per day and for hours in excess of 8 on any

14  seventh work-day in a work week as required under the California Labor Code and the applicable

15  IWC Wage Order(s).

16  34.    Defendants' meal and rest period policies failed to provide Representative Plaintiffs

17  and Class Members a net 10-minute rest period for every four hours worked or major fraction

18  thereof and an uninterrupted 30-minute meal period for working five hours or more, nor did

19  Defendants' meal and rest period policies provide second meal periods and third rest breaks for

20  shifts of ten hours or more, or provide compensation to Representative Plaintiffs and Class

21  Members for meal and/or rest break violations. Defendants' policies also failed to provide class

22  members with adequate recovery periods, shade, and clean drinking water as required under

23  California law.

24  . 35.    California Labor Code sections 201 and 202 require Defendants to pay severed

25  employees all wages due and owed to the employee immediately upon discharge or within 72

26  hours of resignation of their positions, in most circumstances. California Labor Code § 203

27  provides that an employer who willfully fails to timely pay such wages must, as a penalty, continue

28  to pay the subject employees' wages until the back wages are paid in full or an action is

1    commenced, and the payment of such penalty shall continue for a period of time up to 30 days.

2        36.    Furthermore, Defendants failed to provide the Representative Plaintiffs and Class

3    Members with accurate semimonthly itemized statements of the total number of hours worked by

4    each, and all applicable hourly rates in effect, during the pay period, in violation of California

5    Labor Code Section 226. In failing to provide the required documents, Defendants have not only

6    failed to pay its workers the full amount of compensation due but have also, until now, effectively

7    shielded itself from its employees' scrutiny by concealing the magnitude and financial impact of its

8    wrongdoing that such documents might otherwise have led workers to discover.

9        37.    Representative Plaintiffs and all persons similarly situated are also entitled to

10   compensation for all hours worked.  By way of example, Defendants engaged in a pattern or

11   practice of failing to pay Class Members for all hours worked, including but not limited to shaving

12   off hours worked by Representative Plaintiffs and members of the class by rounding of their punch

13   times.

14       38.    Under California Labor Code sections 226(c), 432, and 1198.5, collectively, an

15   employee has a right to inspect (or obtain copies of) his or her personnel file, payroll and time

16   records, and documents signed by the employee relating to their obtaining or holding employment

17   with the employer. Despite Representative Plaintiffs' request for these documents, Defendants

18   failed to produce any of the requested documents in a timely manner, as required by statute, or to

19   even respond to the request. Defendants failure to comply with these requests further evidences

20   their intent to hide the full impact of their wrongdoing from employees. Plaintiffs seek injunctive

21   relief ordering the Defendants to produce the requested records and to pay penalties, attorneys'

22   fees and costs due to their non-compliance.

23       39.    As a direct and proximate result of Defendants' unlawful conduct, as set forth

24   herein, Representative Plaintiffs and Class Members have sustained damages, as described above,

25   including compensation for loss of earnings for hours worked on behalf of Defendants in an

26   amount to be established at trial. As a further direct and proximate result of Defendants' unlawful

27   conduct, as set forth herein, Representative Plaintiffs and certain Class Members are entitled to

28   recover penalties for failure to provide semimonthly statements of hours worked and all applicable

1  hourly rates (pursuant to Labor Code Section 226) in an amount to be established at trial. As a

2  further direct and proximate result of Defendants' unlawful conduct, as set forth herein,

3  Representative Plaintiffs and Class Members are also entitled to recover costs and attorneys' fees

4  pursuant to California Labor Code sections 218.5, 1194 and/or California Civil Code Section

5  1021.5, among other authorities.

6      40.    Representative Plaintiffs seek injunctive relief prohibiting Defendants from

7  engaging in the complained-of illegal labor acts and practices in the future. Representative

8  Plaintiffs also seek restitution of costs incurred by Representative Plaintiffs and Class Members

9  under California's Unfair Competition Law. Unless enjoined, Defendants' unlawful conduct will

10  continue unchecked, while the Representative Plaintiffs and Class Members bear the financial

11  brunt of Defendants' unlawful conduct. As a further direct and proximate result of Defendants'

12  unlawful conduct, as set forth herein, Representative Plaintiffs and the Plaintiff Class are also

13  entitled to recover costs and attorneys' fees, pursuant to statute.

14  

**First Cause of Action**
**Failure to Pay Wages Owed**
15  **(Violation of California Wage Orders and Labor Code §§ 510, 1194, 1197, 1198, 1771, 1774)**
**(Against all Defendants)**

16      41.    Representative Plaintiffs incorporate in this cause of action each and every

17  allegation of the preceding paragraphs with the same force and effect as though fully set forth

18  herein.

19      42.    At all relevant times, Defendants were aware of, and under a duty to comply with,

20  the provisions of the California Labor Code including, but not limited to, California Labor Code

21  sections 510, 1194, 1198, 1771, and 1774.

22      43.    California Labor Code Section 510(a), in pertinent part, provides:

23          Any work in excess of eight hours in one workday and any work in excess
            of 40 hours in any one workweek and the first eight hours worked on the
24          seventh day of work in any one workweek shall be compensated at the rate
            of no less than one and one-half times the regular rate of pay for an
25          employee. Any work in excess of 12 hours in one day shall be
            compensated at the rate of no less than twice the regular rate of pay for an
26          employee. In addition, any work in excess of eight hours on any seventh
            day of a workweek shall be compensated at the rate of no less than twice
27          the regular rate of pay of an employee.

28      44.    California Labor Code Section 1194(a), in pertinent part, provides:

12

---
CLASS ACTION COMPLAINT

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

45. California Labor Code Section 1198, in pertinent part, provides:

The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

46. California Labor Code Section 1771 provides:

Except for public works projects of one thousand dollars ($1,000) or less, not less than the general prevailing rate of per diem wages for work of a similar character in the locality in which the public work is performed, and not less than the general prevailing rate of per diem wages for holiday and overtime work fixed as provided in this chapter, shall be paid to all workers employed on public works.

47. California Labor Code Section 1774 provides:

The contractor to whom the contract is awarded, and any subcontractor under him, shall pay not less than the specified prevailing rates of wages to all workmen employed in the execution of the contract.

48. Plaintiffs allege, on information and belief, that the public works projects at issue during the Class Period exceed $1,000.00.

49. During the Class Period, Representative Plaintiffs and Class Members worked, on many occasions, in excess of 8 hours in a workday and/or 40 hours in a workweek. The precise number of overtime hours will be proven at trial.

50. During the Class Period, Representative Plaintiffs and Class Members worked, on many occasions, in excess of 12 hours in a workday and/or in excess of 8 on any seventh work-day in a workweek. The precise number of double-time hours will be proven at trial.

51. During the Class Period, Defendants refused and/or failed to compensate Representative Plaintiffs and Class Members for all of the overtime wages earned, in violation of the applicable IWC Wage Order and provisions of the California Labor Code.

52. Moreover, during said time period, Representative Plaintiffs and many of the Class Members were employed by and thereafter terminated or resigned from their positions with

13

1   Defendants, yet were not paid all overtime or double-time wages due upon said termination or

2   within 72 hours of said resignation of employment therefrom. Said non-payment of all wages due

3   was the direct and proximate result of a willful refusal to do so by the Defendants.

4       53.    During the Class Period, Representative Plaintiffs and Class Members were not

5   compensated for all hours worked.  By way of example, Defendants engaged in a pattern or

6   practice of failing to pay Class Members for all hours worked, including but not limited to

7   rounding punch times for Representative Plaintiffs and members of the class.  The precise number

8   of unpaid hours in this category will be proven at trial.

9       54.    By refusing to compensate Representative Plaintiffs and Class Members for

10  overtime and double-time wages earned, Defendants violated those California Labor Code

11  provisions cited herein as well as the applicable IWC Wage Order(s).

12      55.    At all times during the relevant Class Period, Defendants were subject to the

13  prevailing wage laws of the State of California, including Labor Code sections 1771 and 1774, for

14  all work undertaken on public works projects. Pursuant to Labor Code Section 1771, Defendants

15  were mandated to pay their employees working on such public work projects, including Plaintiffs

16  and all applicable Class Members, not less than the general prevailing rate of per diem wages for

17  work of a similar character in the locality in which the public work was performed and not less

18  than the general prevailing rate of per diem wages for holiday, overtime, and double-time work.

19      56.    The applicable per diem wages and prevailing wages required pursuant to Labor

20  Code sections 1194, 1771, and 1774 are set forth in annual and semi-annual bulletins published by

21  the California Department of Industrial Relations.

22      57.    As a direct and proximate result of Defendants' unlawful conduct, as set forth

23  herein, Representative Plaintiffs and the Class Members sustained damages, including loss of

24  earnings for hours of overtime and double-time worked for Defendants in an amount to be

25  established at trial, and are entitled to recover attorneys' fees and costs of suit.

26      Wherefore, the Representative Plaintiffs pray for judgment as set forth below.

27  ///

28  ///

**Second Cause of Action**
**Failure to Provide Meal and Rest Periods or Pay Meal and Rest Period Premiums**
**(California Labor Code §§ 226.7 and 512)**
**(Against all Defendants)**

58.     Representative Plaintiffs re-allege and incorporate each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

59.     California Labor Code Section 512(a) and applicable California Wage Orders set forth the minimum requirements for the provision of meal periods to non-exempt employees in California. The applicable wage order indicates that "[n]o employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee." Furthermore, the wage order indicates that "an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

60.     California Labor Code Section 512(a) and applicable California Wage Orders set for the minimum requirements for the provision of rest breaks to non-exempt employees in California. The applicable wage order indicates that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

61.     Furthermore, California Labor Code Section 226.7 requires an employer to pay an additional hour of compensation for each workday where an employee fails to receive a required recovery period break for days in which a worker works in weather conditions of 85 degrees Fahrenheit or above while being exposed to the sun. Further, the law requires an employer in such

15

1  a situation to provide clean drinking water, shade, and an appropriate amount of time to recover.

2  On information and belief, Representative Plaintiffs and the Class consistently worked when it was

3  85 degrees Fahrenheit in direct exposure to the sun. Moreover, Representative Plaintiffs and the

4  Class was not provided with clean drinking water and shade on such occasions. Defendants failed

5  to provide Representative Plaintiffs and the Class with recovery period breaks. shade, and clean

6  drinking water and failed to provide the hour of compensation for recovery periods missed.

7      62.    Pursuant to the above provisions, Representative Plaintiffs and Class Members are

8  entitled to meal periods in which they were relieved of all job duties. Instead, Representative

9  Plaintiffs believe, and thereupon allege, that Defendants did not provide Representative Plaintiffs

10  and Class Members with sufficient timely, thirty-minute uninterrupted meal periods. Moreover, no

11  "on duty" written meal period agreement and/or waiver, valid or otherwise, affected Representative

12  Plaintiffs and the Class Members' entitlement to meal periods. Thus, Defendants violated

13  California Labor Code sections 226.7 and 512 and applicable Wage Orders.

14      63.    Representative Plaintiffs are informed and believe, and thereupon allege, that

15  Defendants required Representative Plaintiffs and Class Members to work without receiving timely

16  meal periods and rest breaks to which they were entitled, including second meal periods and third

17  rest breaks.

18      64.    Defendants' unlawful acts deprived Representative Plaintiffs and Class Members of

19  a lawful meal period, so they are entitled to recovery pursuant to California Labor Code section

20  226.7, subdivision (b), in the amount of one additional hour of pay at the employee's regular rate of

21  compensation for each day on which one or more meal periods was not provided.

22      65.    Defendants' unlawful acts deprived Representative Plaintiffs and Class Members of

23  rest breaks and recovery periods, so they are entitled to recovery pursuant to Section 12(B) of the

24  applicable IWC Wage Order(s) and Labor Code Section 226.7, in the amount of one (1) additional

25  hour of pay at the employee's regular rate of compensation for each such rest period or recovery

26  period that is/was not provided to any member of the Class.

27      Wherefore, the Representative Plaintiffs pray for judgment as set forth below.

28  ///

**Third Cause of Action**
**Failure to Pay Wages on Separation of Employment**
**(California Labor Code §§ 203, 2926, 2927)**
**(Against all Defendants))**

66.    Representative Plaintiffs re-allege and incorporate each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

67.    California Labor Code Section 203, in pertinent part, provides that:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days.

68.    California Labor Code Section 2926, in pertinent part, provides that "[a]n employee who is not employed for a specified term and who is dismissed by his employer is entitled to compensation for services rendered up to the time of such dismissal."

69.    California Labor Code Section 2927, in pertinent part, provides that "[a]n employee who is not employed for a specified term and who quits the service of his employer is entitled to compensation for services rendered up to the time of such quitting."

70.    Numerous Class Members were employed by Defendants during the Class Period and were thereafter terminated or resigned from their positions, yet they were not paid all wages (including prevailing wage and premium overtime and double-time wages and wages for break violations) due upon said termination or within 72 hours of said resignation of employment therefrom. Said non- payment was the direct and proximate result of a willful refusal to do so by the Defendants.

71.    More than thirty days have elapsed since numerous Class Members were involuntarily terminated or voluntarily resigned from Defendants' employment.

72.    As a direct and proximate result of Defendants' willful conduct in failing to pay said Class Members for all hours worked, these affected Class Members are entitled to recover "waiting time" penalties of up to thirty days' wages pursuant to California Labor Code Section 203 in an amount to be established at trial, together with interest thereon, and attorneys' fees and costs.

Wherefore, Representative Plaintiffs pray for judgment as set forth below.

///

17

CLASS ACTION COMPLAINT

**Fourth Cause of Action**
**Failure to Provide Accurate Itemized Wage Statements**
**(California Labor Code §§ 226 and 1174)**
**(Against all Defendants)**

73.    Representative Plaintiffs re-allege and incorporate each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

74.    During the relevant time period, since and including January 1, 2013, California Labor Code Section 226(a) provided and provides:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. For purposes of this subdivision, "copy" includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision.

75.    During the relevant time period, since and including January 1, 2013, California Labor Code Section 226(e)(1) provided and provides:

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to

18

exceed an aggregate penalty of four thousand dollars (S4,000), and is entitled to an award of costs and reasonable attorney's fees.

76. Furthermore, during the relevant time period, since and including January 1, 2013, California Labor Code Section 226(e)(2) provided and provides:

(A) An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide a wage statement.

(B) An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following:

(i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a).

(ii) Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period. Nothing in this subdivision alters the ability of the employer to aggregate deductions consistent with the requirements of item (4) of subdivision (a).

(iii) The name and address of the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer during the pay period.

(iv) The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number.

77. During the relevant time period, since and including January 1, 2012, California Labor Code Section 1174(d) provided and provides:

Every person employing labor in this state shall . . . [k]eep, at a central location in the state . . . payroll records showing the hours worked daily by and the wages paid to . . . employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than three years. An employer shall not prohibit an employee from maintaining a personal record of hours worked, or, if paid on a piece-rate basis, piece-rate units earned.

78. Defendants have failed to provide timely, accurate itemized wage statements to the Representative Plaintiffs and Class Members in accordance with California Labor Code Section 226. Representative Plaintiffs are informed and believe and, on that basis, allege that none of the

19

1   statements provided by Defendant accurately reflected accurate hours worked, gross wages earned,

2   net wages earned, or the appropriate deductions of such Class Members. The wage statements also

3   failed to identify the full name of the legal entity who employed them, as required by the statue.

4         79.   Representative Plaintiffs seek to recover actual damages, costs, and attorneys' fees

5   under these provisions on behalf of himself and on behalf of all Class Members.

6         Wherefore, Representative Plaintiffs pray for judgment as set forth below.

7   

**Fifth Cause of Action**
**Failure to Produce Employment Records**

8   **(California Labor Code §§ 226, 432, and 1198.5)**
**(Against all Defendants)**

9         80.   Representative Plaintiffs re-alleges and incorporate each and every allegation of the

10  preceding paragraphs with the same force and effect as though fully set forth herein.

11        81.   California Labor Code Section 226 states, in relevant part, that:

12        (b)An employer that is required by this code or any regulation adopted
    pursuant to this code to keep the information required by subdivision (a)
13  shall afford current and former employees the right to inspect or copy
    records pertaining to their employment, upon reasonable request to the
14  employer. The employer may take reasonable steps to ensure the identity
    of a current or former employee. If the employer provides copies of the
15  records, the actual cost of reproduction may be charged to the current or
    former employee.
16

17        (c) An employer who receives a written or oral request to inspect or copy
    records pursuant to subdivision (b) pertaining to a current or former
18  employee shall comply with the request as soon as practicable, but no later
    than 21 calendar days from the date of the request. A violation of this
19  subdivision is an infraction. Impossibility of performance, not caused by
    or a result of a violation of law, shall be an affirmative defense for an
20  employer in any action alleging a violation of this subdivision. An
    employer may designate the person to whom a request under this
21  subdivision will be made....
22

23        (f) A failure by an employer to permit a current or former employee to
    [1] inspect or copy records within the time set forth in subdivision (c) entitles
24  the current or former employee or the Labor Commissioner to recover a
    seven-hundred-fifty-dollar ($750) penalty from the employer....
25

26        (h) An employee may also bring an action for injunctive relief to ensure
    compliance with this section, and is entitled to an award of costs and
27  reasonable attorney's fees.

28        82.   Labor Code Section 432 states that "[i]f an employee or applicant signs any

20

**CLASS ACTION COMPLAINT**

1  instrument relating to the obtaining or holding of employment, he shall be given a copy of the

2  instrument upon request."

3      83.    California Labor Code Section 1198.5 states, in relevant part, that:

6  (a) Every current and former employee, or his or her representative, has the right to inspect and receive a copy of the personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee....

8  (b) (1) The employer shall make the contents of those personnel records available for inspection to the current or former employee, or his or her representative, at reasonable intervals and at reasonable times, but not later than 30 calendar days from the date the employer receives a written request, unless the current or former employee, or his or her representative, and the employer agree in writing to a date beyond 30 calendar days to inspect the records, and the agreed-upon date does not exceed 35 calendar days from the employer's receipt of the written request. Upon a written request from a current or former employee, or his or her representative, the employer shall also provide a copy of the personnel records, at a charge not to exceed the actual cost of reproduction, not later than 30 calendar days from the date the employer receives the request, unless the current or former employee, or his or her representative, and the employer agree in writing to a date beyond 30 calendar days to produce a copy of the records, as long as the agreed-upon date does not exceed 35 calendar days from the employer's receipt of the written request...

17  (k) If an employer fails to permit a current or former employee, or his or her representative, to inspect or copy personnel records within the times specified in this section, or times agreed to by mutual agreement as provided in this section, the current or former employee or the Labor Commissioner may recover a penalty of seven hundred fifty dollars ($750) from the employer...

20  (l) A current or former employee may also bring an action for injunctive relief to obtain compliance with this section, and may recover costs and reasonable attorney's fees in such an action.

22      84.    On September 20, 2017 counsel for Plaintiffs counsel served a records request on

Defendants via certified mail requesting copies of the Plaintiffs' personnel records, including

payroll and timekeeping records and any records signed by the Plaintiffs, pursuant to Labor Code

sections 226(c), 432 and 1198.5. The September 20, 2017 records request included signed

authorizations from both Plaintiffs authorizing Defendants to release the records to their counsel in

this action.

85.    Defendants failed to respond in any way to the records request and did not produce any of the requested employment records.

86.    Plaintiffs are informed and believe and thereupon allege that Defendants common policy, applicable to all Class Members, is to not provide employment records upon request. Furthermore Plaintiffs are informed and believe and thereupon allege that certain putative Class Members have made requests, during the statutory period covered by this claim, for their employment records which Defendants did not comply with.

87.    Representative Plaintiffs seek to recover penalties, costs, and attorneys' fees, as provided for in Labor Code Sections 226 and 1198.5, in an amount according to proof at trial. Wherefore, Representative Plaintiffs pray for judgment as set forth below.

### Sixth Cause of Action
**Unfair Business Practices Under the Unfair Competition Law**
**(California Business & Professions Code §§ 17200-17208)**
**(Against All Defendants)**

88.    Representative Plaintiffs re-allege and incorporate each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

89.    California Business and Professions Code sections 17200, *et seq.* prohibits unfair competition in the form of any unlawful, unfair, deceptive, or fraudulent business practices.

90.    Beginning at an exact date unknown to Representative Plaintiff, but continuing during the Class Period, Defendants committed unlawful acts as defined by California Business and Professions Code section17200. Defendants' unlawful and unfair business practices include, but are not necessarily limited to, violations of the requirements of California Labor Code sections 201-204, 226, 226.7, 510, 512, 1194, 1197, 1198, 1198.5, 1770, *et. seq.*, 2698-2699, *et seq.*, 2926, 2927, and the applicable Wage Order(s).

91.    The knowing conduct of Defendants, as alleged herein, constitutes an unlawful and/or fraudulent business practice, as set forth in California Business and Professions Code section 17200-17208. Specifically, Defendants conducted business activities while failing to comply with the legal mandates herein.

92.    Defendants' knowing failure to adopt policies in accordance with, and/or to adhere

1   to these laws, all of which are binding upon and burdensome on its competitors, engenders an

2   unfair competitive advantage for Defendants, thereby constituting an unfair business practice, as

3   set forth in California Business and Professions Code Section 17208.

4       93.     Business and Professions Code Section 17203 provides that the Court may restore

5   to any person in interest any money or property which may have been acquired by means of such

6   unfair competition. As a direct and proximate result of the aforementioned acts, Representative

7   Plaintiffs and Class Members were injured and suffered the loss of money in the amount of, inter

8   alia, unpaid wages that they were otherwise entitled to receive. Representative Plaintiffs and Class

9   Members are entitled to restitution pursuant to Business and Professions Code section 17203 and

10  17208 for all wages unlawfully withheld from them as a result of Defendants' unlawful and unfair

11  conduct.

12      94.     Representative Plaintiffs' success in this action will enforce important rights

13  affecting the public interest.  Representative Plaintiffs and the Plaintiff Class seek, and are entitled

14  to, injunctive relief as well as all other appropriate equitable remedies. Injunctive relief is

15  necessary and appropriate to prevent Defendants from repeating the wrongful business practices

16  alleged herein.

17      Wherefore, Representative Plaintiffs pray for judgment as set forth below.

18                          **Seventh Cause of Action**
                 **Recovery under Private Attorneys General Act (PAGA)**
19                   **(California Labor Code § 2698, _et seq._)**
                              **(Against All Defendants)**
20

21      95.     Plaintiffs Jose Diaz Hermosillo and Oscar Diaz Hermosillo re-allege and

22  incorporate each and every allegation of the preceding paragraphs with the same force and effect as

23  though fully set forth herein.

24      96.     Plaintiffs, as aggrieved employees, bring this claim pursuant to California Labor

25  Code sections 2698-2699 on behalf of themselves and all other current or former employees

26  employed by Defendant as Davey Tree Surgery Company and/or The Davey Tree Expert Company

27  in California at any time for which recovery is authorized under Labor Code sections 2698-2699, _et_

28  _seq._ Pursuant to California Labor Code Section 2699.3, on September 14, 2017, Representative

1  Plaintiffs submitted notice to the Labor and Workforce Development Agency through its website
2  of the specific provisions of the Labor Code that have been violated, including the facts and
3  theories to support those violations. Representative Plaintiffs served copies of the notice on the
4  Defendants via certified mail on September 13, 2017 and received return receipt confirming that
5  said notices were delivered on the Defendants. Representative Plaintiffs thus have complied with
6  the Private Attorneys General Act notice requirement as the 65-day time limit for a response has
7  passed with no response from the Labor and Workforce Development Agency notifying Plaintiffs
8  that the agency would investigate the claim.

9      97.    As alleged above, Defendants have violated provisions of the California Labor
10  Code, including but not limited to failure to pay all wages owed, including overtime and double-
11  time, failure to provide timely duty free meal and rest periods or compensation for meal and rest
12  period violations, and failure to provide accurate wage statements. Representative Plaintiffs seek
13  recovery of unpaid wages resulting from said violations on behalf of themselves and all other
14  current or former employees employed by Defendants as Davey Tree Surgery Company and/or
15  The Davey Tree Expert Company in California at any time for which recovery is authorized under
16  California Labor Code sections 2698-2699.

17      98.    Pursuant to California Labor Code Section 2699, Representative Plaintiffs also seek
18  recovery of all penalties for Defendants' above-described violations of the California Labor Code
19  that are available under PAGA. Such penalties for which Representative Plaintiffs now seek
20  recovery include, but are not limited to, those set forth in California Labor Code sections 1771 and
21  1774 (prevailing wages and associated penalties) and 558 (for causing the labor code violations
22  plead herein).

23      99.    Representative Plaintiffs request an award of attorneys' fees and costs, including as
24  authorized under California Labor Code Section 2699.

25      Wherefore, Representative Plaintiffs pray for judgment as set forth below.

26                              **RELIEF SOUGHT**

27      **WHEREFORE, the Representative Plaintiffs, on behalf of themselves and the proposed
28  Plaintiff Class**, pray for judgment and the following specific relief against **Defendants**, and each

1   of them, jointly and separately, as follows:

2       1.     That the Court declare, adjudge, and decree that this action is a proper class action

3   and certify the proposed class and/or any appropriate subclasses under California Code of Civil

4   Procedure Section 382;

5       2.     That the Court declare, adjudge, and decree that Defendants violated the provisions

6   of the California Labor Code and the applicable California Industrial Welfare Commission Wage

7   Order(s) as to the Representative Plaintiffs and Class Members as alleged herein;

8       3.     That the Court make an award to the Plaintiffs and Plaintiff Class of unpaid

9   minimum, overtime, and double-time wage compensation (pursuant to California Labor Code

10  sections 510, 1194);

11      4.     That the Court make an award to the Plaintiffs and Plaintiff Class of unpaid

12  statutory prevailing wage and per diem compensation (pursuant to California Labor Code sections

13  1771 & 1774);

14      5.     That the Court make an award to the Plaintiffs and Plaintiff Class of one hour of pay

15  at each employee's regular rate of compensation for each workday on which a meal period(s) was

16  not provided (pursuant to California Labor Code Section 226.7);

17      6.     That the Court make an award to the Plaintiffs and Plaintiff Class of one hour of pay

18  at each employee's regular rate of compensation for each workday on which a rest period(s) was

19  not provided (pursuant to California Labor Code Section 226.7);

20      7.     That the Court make an award to the Plaintiffs and Plaintiff Class of "waiting time"

21  penalties (pursuant to California Labor Code Section 203);

22      8.     That the Court make an award to the Plaintiffs and Plaintiff Class for failure to

23  provide accurate wage statements (pursuant to Labor Code Section 226);

24      9.     That the Court make an award to the Plaintiffs and Plaintiff Class for failure to

25  produce employment records upon request (pursuant to Labor Code sections 226 and 1198.5);

26      10.    That the Court make an award to the Plaintiffs and Plaintiff Class of penalties,

27  pursuant to California Labor Code sections 2926-2927;

28      11.    That the Court order Defendants to pay restitution to the Plaintiffs and Plaintiff

1   Class, pursuant to California Business and Professions Code sections 17200-17208;

2       12.    That the Court enjoin Defendants, ordering them to cease and desist from unlawful

3   activities in violation of California Business and Professions Code Section 17200, *et seq.*;

4       13.    That the Court order Defendants to pay penalties pursuant to the Private Attorneys

5   General Act, California Labor Code sections 2698-2699, *et seq.*;

6       14.    For all other Orders, findings and determinations identified and sought in this

7   Complaint;

8       15.    For interest on the amount of any and all economic losses, at the prevailing legal

9   rate;

10      16.    For reasonable attorneys' fees, pursuant to California Labor Code sections 218.5,

11  226, 1194, 1198.5, 2699, *et. seq.* and/or California Code of Civil Procedure Section 1021.5; and;

12      17.    For costs of suit and any and all such other relief as the Court deems just and

13  proper.

14  Dated: December 7, 2017                    Respectfully submitted,

15

16                                             By:  _____

17                                                  Kevin Allen, Esq.
                                                    VELTON ZEGELMAN, PC
18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

1

## DEMAND FOR JURY TRIAL

2      Representative Plaintiffs and the proposed Plaintiff Class hereby demand a jury trial for

3    each cause of action for which they are entitled to a jury trial.

4    Dated: December 7, 2017                    Respectfully submitted,

5

6                                    By:
                                             _____
7                                            Kevin Allen, Esq.
                                             VELTON ZEGELMAN, PC

8

9

10

11.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FIELD REPORT**

**ONE LEGAL LLC**



| ONE LEGAL FIELD REPORT FOR ORDER NO.: **11573196** | One Legal Southern CA Process Service |
|---|---|

To update the status of your order, please call toll free 877-737-8322 ext: 3990 or fax
the Field Report to 213-617-4717

**Field Instructions**

**Case Information**

Case #: 17CV320135            Hearing Date:
Court Name: Santa Clara - First Street
Case Title: Jose Diaz Hermosillo, et al. vs. Davey Tree Surgery Company, et al.
Documents: Summons, Complaint, Civil Case Cover Sheet

Docs: 3        Pgs: 29

**Assignment Details**

Service Level: Standard            Due Date: 12/14/2017
Last Day to Serve: 12/14/2017      Status Due By: 12/20/2017
Last Day to S/S:
Special Instructions:

**Servee Information**

Servee: DAVEY TREE SURGERY COMPANY, an Ohio Corporatic

Agent for Service: CT Corporation System
Physical Desc.:   Race:          Sex:          Age:          Height:
                  Weight:        Hair:         Eyes:         Marks:

**Address Information**

(1)Business: CT Corporation System 818 West Seventh Street, 930, Los Angeles, CA 90017

**Server Required to Complete This Section (below)**

| SOP | ☐ Personal ☐ Sub-Serve ☐ Post & Mail ☐ Not Found ☐ Locate ☐ Cancel & Return |||||||
|---|---|---|---|---|---|---|---|
| | MailedBy: ☐ Agent ☐ One Legal    Date: |||||||
| Date | Time | Loc | Comments |||| Amount |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| Service Date/time: | |
|---|---|
| Served To: | |
| Title/Relationship: | |
| Server: | Jimmy Lizama | Server Phone #: 213-216-2132 | Server Mobile #: 213-216-2132 |