# EXHIBIT C

## ARBITRATION AGREEMENT

**This document affects your rights to a trial by jury and to file a class action. It is a condition of your employment, and is the mandatory procedure for resolution of the disputes described below. Please read it carefully.**

**A. Parties to this Agreement.** This Agreement is entered into between the Company and its Covered Employees as those terms are defined below.

 1. <u>Company</u>: The term "Company" means the Davey Tree Expert Company and its subsidiaries, and each of their successors and assigns, employees, officers, agents, benefit plans, benefit plan sponsors, fiduciaries, administrators, and affiliates, and all successors and assigns of any of them.

 2. <u>Covered Employees</u>: The term "Covered Employees" means all nonunion employees of the Company and all applicants for jobs with the Company.

**B. Effective Date and Consent.** This Agreement takes effect on the earliest date that you express your consent to this Agreement in any of the methods described below.

 1. Covered Employees <u>employed by the Company before June 6, 2014</u>: Your consent to this Agreement will be expressed by: (a) continuing employment with the Company after June 6, 2014; or (b) your acceptance of any wages, salary, promotion, increase, transfer, bonus or other benefit of employment after June 6, 2014 and (c) you have not opted out of the Agreement as provided for by paragraph B.2.

 2. Employees who have been employed by the Company prior to June 6, 2014 may opt out of this Arbitration Agreement if they provide written notice of their decision to opt out to Marjorie Conner, General Counsel, 1500 North Mantua Street, Kent, Ohio 44240, mconner@davey.com no later than July 11, 2014. No notice to opt out will be effective unless Ms. Conner acknowledges in writing that she has received timely written notice.

 3. C<u>overed Employees first employed by the Company on or after June 6, 2014</u>: Your consent to this Agreement will be expressed by: (a) your written agreement to be bound by this Agreement; (b) submitting your application for employment to the Company; (c) accepting employment with the Company; or (d) accepting any wages, salary,

promotion, increase, transfer, bonus or other benefit of employment from the Company and (e) you have not opted out as provided for by paragraph B.4.

 4. Employees who are employed by the Company after June 6, 2014 may opt out of this Arbitration Agreement if they provide written notice of their desire to opt out of this Arbitration Agreement to Davey Tree Legal Department, 1500 North Mantua Street, Kent, Ohio 44240 within thirty days of receiving the Handbook. No notice to opt out will be effective unless the Legal Department acknowledges in writing of receipt of timely written notice to opt out.

**C. Claims Covered by the Agreement.** <u>The parties agree that Covered Claims, as that term is defined in this section, are subject to mandatory, binding arbitration. Claims that would not be justiciable under applicable state or federal law are not arbitrable under this Agreement. Except as otherwise provided in this Agreement, neither the Company nor any Covered Employee may initiate or prosecute any lawsuit or administrative action in any way related to any Covered Claim.</u>

 1. Covered Claims: Subject to the exclusions set forth below, all claims or controversies, past, present or future, whether or not arising out of a Covered Employee's application for employment, employment or termination of employment, that the Company may have against a Covered Employee or that a Covered Employee may have against the Company are subject to mandatory arbitration pursuant to this Agreement. Covered Claims include but not limited to, claims for: (a) wages, benefits or other compensation due; (b) breach of any contract or covenant (express or implied); (c) torts or personal injury; (d) discrimination and/or harassment (including claims based on race, sex, sexual orientation, religion, national origin, age, handicap or disability or any other legally protected trait or characteristic); and (e) any violation of any federal, state, or other governmental law, statute, regulation, or ordinance.

 2. <u>Excluded Claims</u>: The following claims are excluded from this Agreement: (a) claims for workers'

compensation or unemployment compensation benefits; (b) claims under an employee benefit or pension plan that either (i) specifies that its claims procedure shall culminate in an arbitration procedure different from this one, or (ii) is underwritten by a commercial insurer which decides claims; (c) claims and administrative charges that cannot lawfully be required to be arbitrated; and (d) claims for temporary injunctive relief, provided, however, that the Arbitrator, as defined below, will decide all other issues, including the propriety of permanent injunctive relief.

**D. Class Action Waiver.** All claims for arbitration must be brought in the parties' individual capacity and not as a plaintiff or class member in any purported class or representative proceeding. The arbitrator may not consolidate Covered Employees' claims, and may not otherwise preside over any form of a representative or class proceeding.

This section is not intended to prevent employees from banding together to test the validity of this class action waiver and no Covered Employee will be disciplined, discharged or retaliated against for exercising any rights under Section 7 of the National Labor Relations Act by attempting to challenge its validity.

**E. Arbitration Procedures.** Except as otherwise provided in this Agreement, the arbitration proceeding shall be conducted in accordance with the Employment Arbitration Rules of the American Arbitration Association ("AAA") in effect at the time arbitration is initiated. A copy of these rules may be obtained from the AAA website at http://www.adr.org or from human resources.

1. Initiation of Claim: Arbitration must be initiated within the applicable statute of limitations or the claim will be waived. A party wishing to initiate arbitration may do so by completing and filing with the AAA the Form titled "Employment Arbitration Rules Demand for Arbitration" (available at http://www.adr.org or from human resources or the Company intranet) and providing a copy by certified mail to the opposing party.

2. Selection of Arbitrator: The Arbitrator shall be an attorney licensed to practice law in the state in which the arbitration is convened. AAA shall provide each party a list of 11 arbitrators who meet these criteria drawn from its panel of employment dispute arbitrators. Each party may strike all names on the list it deems unacceptable. If only one common name remains on the lists of all parties, that individual shall be designated as the Arbitrator. If more than one common name remains on the lists of all parties, the parties shall strike names alternately from the list of common names until only one remains. If no common name exists on the lists of all parties, AAA shall furnish an additional list of 11 arbitrators who meet the criteria and the parties shall strike alternately from the list, until only one name remains. That person shall be designated as the Arbitrator. The party who did not initiate the claim shall strike first.

3. Enforcement and Choice of Law: Except as otherwise provided in this Agreement, the Federal Arbitration Act shall govern the interpretation and enforcement of this Agreement and all proceedings pursuant to this Agreement. To the extent that the Federal Arbitration Agreement is inapplicable or is amended to prohibit the arbitration of employment related disputes, the law pertaining to agreements to arbitrate of the state in which the claim arose shall apply. The Arbitrator, and not any federal, state, or local court or agency, shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation of this Agreement, including but not limited to any claim that all or any part of this Agreement is void or voidable. The Arbitrator must apply the substantive law (and the law of remedies, if applicable) of the state in which the claim arose, or federal law, or both, as applicable to the claim(s) asserted.

4. Discovery: Each party shall have the right to depose three individuals and any expert witnesses designated by another party. Each party also shall have the right to serve up to 15 written interrogatories and 15 requests for production of documents to each party to the arbitration. Additional discovery may be had by agreement of the parties or in accordance with the AAA's Employment Arbitration Rules.

5. Motions to Dismiss and Motions for Summary Judgment: The parties may file motions to dismiss and motions for summary judgment, and those motions shall be decided by the Arbitrator in accordance with the standards governing such motions under the Federal Rules of Civil Procedure.

6. Post-Hearing Briefs: Either party, upon request at the close of hearing, shall be given leave

to file a post-hearing brief. The time for filing such briefs shall be set by the Arbitrator.

7. <u>Reconsideration</u>: Either party shall have the right, within 20 days of transmittal of the Arbitrator's award, to file with the Arbitrator a motion to reconsider (accompanied by a supporting brief), and the other party shall have 20 days from the date of the motion to respond. The Arbitrator thereupon shall consider the issues raised by the motion and confirm or change the award, which (except as provided by this Agreement) shall then be final and conclusive upon the parties.

8. <u>Final and Binding Decision</u>: The Arbitrator's award shall be final and binding upon the parties, except as provided in this Agreement.

9. <u>Judicial Review</u>: Either party may bring an action in any court of competent jurisdiction to compel arbitration under this Agreement and to enforce an arbitration award. A party opposing enforcement of an award may bring a separate action in any court of competent jurisdiction to set aside the award, where the standard of review will be the same as that applied by an appellate court reviewing a decision of a trial court sitting without a jury.

10. <u>Sanctions</u>: The arbitrator shall have the power to sanction parties and their counsel in accordance with the rules set forth in the Federal Rules of Civil Procedure. This power is in addition to any similar power granted by the AAA's Employment Arbitration Rules.

**F. Fees and Costs.**

1. <u>Filing Fees and Arbitration Costs</u>: The Company will be responsible for paying AAA's administrative fees and the fees and costs of the Arbitrator; provided, however, that if a Covered Employee is the party initiating the claim, the Covered Employee is responsible for contributing up to $150 toward administrative fees in accordance with the AAA's employment arbitration procedures. If a Covered Employee is unable to pay this amount due to indigency, the Covered Employee must indicate this inability in writing, and the payment will be deferred until such time as the Arbitrator determines whether the fee should be waived pursuant to the standards applied for the waiving of filing fees in the federal courts. The administrative fees charged by the AAA are only subject to reallocation by the Arbitrator upon the Arbitrator's determination that

a claim or counterclaim was filed for purposes of harassment or is patently frivolous.

2. <u>Attorneys' Fees</u>: Each party shall pay its own costs and attorneys' fees. However, if any party prevails on a statutory claim that affords the prevailing party attorneys' fees, or if there is a written agreement providing for fees, the Arbitrator may award reasonable fees to the prevailing party, under the standards for fee shifting provided by such law or agreement.

**G. Small Claims Covered Under this Agreement.** For all claims of $10,000 or less, the following rules shall apply.

1. The arbitration will take place in the county in which the Covered Employee resides unless mutually agreed otherwise;

2. The Covered Employee may choose whether the arbitration proceeds in person, by telephone or is based only on written submissions; and

3. Rather than bringing a claim pursuant to the Arbitration Agreement, the Covered Employee may bring his or her claim in an appropriate small claims court.

**H. Requirements for Modification or Revocation.** This Agreement shall survive the termination of employment of all Covered Employees and the expiration of any benefit plan. The Company reserves the right to amend and/or terminate the Agreement upon 60 days written notice to Covered Employees, provided that all claims arising before alteration or termination of the Agreement shall be subject to the Agreement in effect at the time the claim arose.

**I. Severability.** If any provision of this Agreement is adjudged to be void or otherwise unenforceable, in whole or in part, such adjudication shall not affect the validity of the remainder of the Agreement, which shall remain in full force and effect.

**J. Consideration.**

1. <u>Current Covered Employees</u>: Current Covered Employees' continued employment with the Company; acceptance of any wages, salary, promotion, increase, transfer, bonus, or other benefit of employment; and the Company's mutual promise to follow the Agreement's provisions, including those governing mandatory, binding arbitration, each constitute adequate consideration for the Agreement.

2. Covered Employees Who Apply for a Position or are Hired On or After [insert date of issuance]: Considering your application for employment; your hiring and employment by the Company; acceptance of wages, salary, promotion, increase, transfer, bonus or other benefit of employment; and the Company's mutual agreement to follow the Agreement's provisions, including mandatory, binding arbitration, each constitute adequate consideration for the Agreement.

**K. Not an Employment Agreement.** This Agreement is not, and shall not be construed to create, a contract of employment, express or implied. Nor does this Agreement in any way alter the "at-will" status of any Covered Employee's employment. Both the Company and at-will Covered Employees may terminate the employment relationship at any time, for any reason, with or without notice.

**L. Sole and Entire Agreement.** This is the complete Agreement on the subject of arbitration of disputes, except for any arbitration agreement in connection with any pension or benefit plan. This Agreement supersedes any prior or contemporaneous oral or written understandings on the subject.

**Questions?** Please contact your Human Resources Department or the Company's Legal Department.

**You may also wish to consult an attorney regarding the terms of this Agreement.**

June 6, 2014

Employee Handbook of the Davey Tree Expert Company and All U.S. Subsidiaries