1  Kevin R. Allen (SBN 237994)
   Daniel Velton (SBN 267890)
2  **VELTON ZEGELMAN P.C.**
   1261 Lincoln Avenue, Suite 208
3  San Jose, California 95125
   Tel.: (408) 505-7892
4  Fax: (408) 228-1930
   kallen@vzfirm.com
5  dvelton@vzfirm.com

6  Daniel A. Menendez (SBN 260822)
   **LAW OFFICE OF DANIEL A. MENENDEZ**
7  1261 Lincoln Avenue, Suite 208
   San Jose, California 95125
8  Tel.: (408) 479-4969
   Fax: (408) 273-6912
9  daniel@siliconvalleylegal.com

10 Attorneys for Representative Plaintiffs and the Plaintiff Class

11

12                  **IN THE UNITED STATES DISTRICT COURT**

13              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

14                           **SAN JOSE DIVISION**

15

16 JOSE DIAZ HERMOSILLO, OSCAR DIAZ          Case No.:  5:18-cv-00393-LHK
   HERMOSILLO, on behalf of themselves and all
17 others similarly situated, and on behalf of the   (Removed from Santa Clara Court No.
   general public,                          17CV320135 pursuant to 28 U.S.C. Sec.
18                                           1332(d)(2))

19               Plaintiffs,
                                            CLASS ACTION
20            vs.
                                            **PLAINTIFFS' OPPOSITION TO**
21                                          **DEFENDANTS' MOTION TO COMPEL**
   DAVEY TREE SURGERY COMPANY, an           **ARBITRATION AND STAY**
22 Ohio corporation; THE DAVEY TREE         **PROCEEDINGS**
   EXPERT COMPANY, an Ohio corporation;
23 and DOES 1 through 50, inclusive;        Date: July 5, 2018
                                            Time: 1:30 p.m.
24               Defendants.                Courtroom: 8
                                            Hon. Lucy H. Koh
25

26                                          Complaint Filed:   December 7, 2017
                                            Trial Date:        None Set
27

28

# TABLE OF CONTENTS

I.   INTRODUCTION ......................................................................................... 1

II.  SUMMARY OF ARGUMENT ...................................................................... 2

III. FACTUAL BACKGROUND .......................................................................... 4

IV.  LEGAL ARGUMENT ................................................................................... 5

A.   Defendants Bear The Burden Of Establishing That A Valid and Enforceable Arbitration Agreement Exists .......................................................................................... 5

B.   Defendants Have failed to Carry Their Burden to Prove That The Parties Entered into a Valid Arbitration Agreement ...................................................................................... 6

C.   The Arbitration Clause in the Job Application Is Both Substantively and Procedurally Unconscionable ........................................................................................................... 7

1.   The Arbitration Provision In the Job Application Is Procedurally Unconscionable .......... 8

2.   The Arbitration Provision in the Job Application is Substantively Unconscionable ........ 9

D.   Regardless of Whether There is Individual Arbitration, Plaintiffs' Claim for PAGA Penalties Must Be Permitted to Proceed in Court .................................................... 10

V.   CONCLUSION ............................................................................................ 11

1

## **TABLE OF AUTHORITIES**

2

**Cases**

3

*Ambler v. BT Americas Inc., 964 F. Supp.* 2d 1169 (N.D. Cal. 2013)............................................ 7

4

*Amerndariz v. Foundation Health Psychcare Services, Inc*. 24 Cal.4th 83 (2000)................. 9, 10

5

*Armendariz v. Foundation Health Psychcare,* 24 Cal.4th 83 (2000) ............................................ 7

6

*AT & T Mobility LLC v. Concepcion*, 131 S.Ct. 1740 (2011) ........................................................ 5

7

*Baxter v. Genworth North America Corp.*, 16 Cal.App.5th 713 (2017).................................. 7, 10

8

*Calabasas A, Inc. v. Moreno,* 57 Cal.4th  1109 (2013) ................................................................. 9

9

*Engalla v. Permanente Med. Group, Inc.* 15 Cal. 4th 951 (1997)................................................. 5

10

*Flores v. Nature's Best Distribution, LLC,* 7 Cal.App.5th 1 (2016).............................................. 6

11

*Ingle v. Circuit City Stores, Inc.*, 328 F. 3d 1165 (9th Cir. 2003) ................................................ 7

12

*Kinney v. United Healthcare Servs., Inc.*, 70 Cal.App.4th 1322 (1999)........................................ 8

13

*Mitsubishi Motors Co. v. Soler Chrysler–Plymouth*, 473 U.S. 614 (1985) .................................. 5

14

*Sparling v. Hoffman Construction Co.,* 864 F.2d 635 (9th Cir. 1988) ........................................ 11

15

*Stirlen v. Supercuts, Inc.*, 51 Cal.App.4th 1519, 1532, 60 Cal.Rptr.2d 138 (1997) ..................... 8

16

*Trivedi v. Curexo Technology Corporation*, 189 Cal.App.4th 387 (2010)[ .................................. 9

17

**Federal Statutes**

18

28 U.S.C. Section 1332(d)(2) ........................................................................................................ 7

19

**California Statutes**

20

Cal. Labor Code Section 2698 *et. seq* ..................................................................................... 10, 11

21

22

23

24

25

26

27

28

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS

# I.  <u>INTRODUCTION</u>

Defendants Davey Tree Surgery Company and The Davey Tree Expert Company ("Defendants" or "Davey") would have this Court compel arbitration of Plaintiffs' individual wage and hour claims, and dismiss putative class allegations, based upon a few sentences hidden in a barely legible Davey job application (attached to the Motion as Exhibits "A" and "B") and an *unsigned* arbitration agreement that was never provide to the Plaintiffs and does not even identify them by name (Exhibit "C").

Defendants do not even attempt to authenticate the application or arbitration agreement and provide no chain of custody that would allow this Court to determine whether or not the documents being submitted to the Court were ever seen, much less agreed to, by the named Plaintiffs in this lawsuit.

Defendants provide testimony from Michael Barton, an Assistant District Manager, to the effect that he generally handed out an "employment handbook and arbitration agreement" to new employees. However, Mr. Barton does not provide a copy of the "arbitration agreement" referenced in his declaration and does not indicate whether he is referring to the job application or arbitration agreement that were submitted with the motion or some other document altogether. Mr. Barton also does not testify that he *actually* gave an arbitration agreement to either Plaintiff, both of who vehemently deny ever agreeing to arbitration or even hearing the term "arbitration" prior to this lawsuit.

Defendants cannot meet their burden to prove the existence of a valid arbitration agreement covering the disputes at issue in this case.  Even if the job application – which at least identifies the Plaintiffs by name – was considered adequate evidence of a facially valid arbitration agreement it would be unenforceable as it suffers from both procedural and substantive unconscionability, including the imposition of a six-month statute of limitations period for all claims "*against* Davey" but not claims brought by Davey against an employee.

The present motion should be denied.

## II.  <u>SUMMARY OF ARGUMENT</u>

Davey operates an arboriculture business employing thousands of putative class members throughout the State of California. Plaintiffs Jose Diaz Hermosillo and Oscar Diaz Hermosillo ("Plaintiffs") worked for Defendants in California as tree trimmers. In their class action complaint Plaintiffs allege that Davey practiced systemic wage theft against putative class members by not paying due wages and prohibiting timely meal and rest periods. Many putative class members, including Plaintiffs, are laborers lacking ability to communicate in English.

Defendants seek to compel arbitration of the Plaintiffs' individual claims and dismissal of class/representative claims. Their Motion purports to rely on two separate documents.

The first document is form job application that Defendants claim was filled out and signed by Plaintiffs prior to being hired by the Defendant. *See* Exhibits "A" and "B."[1] Near the end of the application is a semi-legible paragraph, in what appears to be ten-point font, discussing drug testing, "at will" employment, references, medical examinations, and I-9 paperwork. Hidden at the end of the nineteen-line paragraph are three short sentences that reference arbitration requiring claims to be resolved through arbitration under some unidentified rules of the American Arbitration Association ("AAA"). The provision also imposes a six-month statute of limitations for all claims brought by an employee "*against Davey.*"

When a petition to compel arbitration is filed, the employer <u>must</u> show an initial matter that an agreement to arbitrate exists. California contract law applies to determine whether the parties formed an enforceable contract. Here Defendants provide no evidence to show that the documents provided as Exhibits "A" and "B" are true and correct copies of the actual job applications that were filled out and signed by the Plaintiffs. Plaintiffs recall signing an application but not the specific one relied on by Defendants herein. What's more the job applications were not signed by the Defendants. In short there is insufficient proof that the job application constitutes an enforceable agreement of any type, much less one that results in the loss of an employee's Constitutional right to a jury or the waiver of appellate rights.

---

[1]     For the Court's convenience all alphanumeric exhibits refer to the documents that were submitted by Defendants in support of Motion.

Even if the three sentences in the job application were evidence of an agreement to arbitrate, the provision is unenforceable as it suffers from both procedural and substantive unconscionability.

The arbitration provision in the job application is procedurally unconscionable. It was drafted by Davey and Plaintiffs were not invited to negotiate the terms of the application. The application was only provided in English even though both Plaintiffs only speak and understand Spanish. The arbitration language is hidden in the very end of the job application, lumped together with half a dozen other topics, and there is nothing in the paragraph's title that would warn an employee they were agreeing to give up their jury and appellate rights merely by applying for a job.

The application's language is also substantively unconscionable. It restricts the statute of limitations for claims *against* Davey to six-months but does not limit the length of the time for Davey to bring suit against its employees. The provision does not specifically identify the AAA rules that would apply to the arbitration. Davey did not provide copies of the arbitration rules.

Defendants' motion also relies on what appears to be a stand-alone, unsigned, arbitration agreement. *See* Exhibit "C." Defendants again fail to prove that an enforceable contract of any type exists. Davey does not even attempt to authenticate the arbitration agreement. The arbitration agreement was not signed by either party and there is no log, acknowledgment of receipt, or any evidence whatsoever that Exhibit "C" was provided to either of the Plaintiffs in this lawsuit or that either Plaintiff agreed to be bound by its terms.

The Declaration of Michael Barton (Exhibit "D") only makes a vague reference to providing new hires with an "employee handbook and arbitration agreement." Mr. Barton does not identify the arbitration agreement he is referring to or say anything that would allow us to assume it is the same one that appears as Exhibit "A," "B" or "C." Nor does Mr. Barton actually testify that he provided the arbitration agreement he references to the named Plaintiffs in this lawsuit.

Defendants have clearly not met their burden to show a valid arbitration agreement exists.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS

### III.  <u>FACTUAL BACKGROUND</u>

Plaintiffs were each employed as non-exempt tree trimmers by Davey from approximately October 2015 to July 2017. *See* Exhibit "1"[2] [Jose Diaz Hermosillo] to Declaration of Kevin R. Allen in Opposition to Defendants' Motion to Compel Arbitration and Stay Proceedings ("Allen Decl."), ¶ 3; *see also* Exhibit "2" [Oscar Diaz Hermosillo], ¶ 3 (collectively referred to herein as "Plaintiffs Decl.").

They were required to fill out and sign an ***English language*** job application in order to be considered for a job as a tree trimmer for Davey. Plaintiffs' Decl., ¶ 4.[3] Plaintiffs' native language is Spanish and they do not readily write, read or even speak basic English. Plaintiffs' Decl., ¶ 2. Plaintiffs testify that they received no assistance in filling out the application and no one discussed or explained its contents to Plaintiffs. *Id., ¶ 4.*

After being hired they received new hire orientation that consisted of watching safety videos. *Id.*, ¶ 5. The company did not discuss employment policies or arbitration with Plaintiffs during the orientation or thereafter. *Id.* Indeed, Plaintiffs testify that no one at the company ever discussed arbitration with them and that they had never even heard the term "arbitration" prior to the present lawsuit being filed. *Id.*

On December 7, 2017, Plaintiffs filed their class action complaint in the Superior Court of California, County of Santa Clara. Allen Decl., The purported Complaint alleges the following allegations of California law: (1) failure to pay wages owed, (2) failure to provide/pay meal and rest periods/premiums, (3) failure to pay wages at separation of employment, (4) failure to provide accurate itemized wage statements, (5) failure to produce employment records, (6) unfair business practices, and (7) recovery under the Private Attorneys General Act. The putative class seeks to cover:

> "All non-exempt Tree Trimmers employees (including but not limited to those holding the job titles of "laborer," "groundman," "apprentice climber," "climber," "climbing arborist," "climbing arborist trainee," and "trimmer") who were employed by Defendants

---

[2]    All references to numerical exhibits are attached the Allen Decl.

[3]    There is no evidence that the "job application" referenced by each Plaintiff is the same as the one being submitted by Defendants as Exhibits "A" and "B."

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS

in the State of California at any time during the four years preceding the filing of this Complaint through the present."

On or about January 18, 2018, Defendants sought removal of Plaintiffs' complaint to this court under pursuant to 28 U.S.C. Section 1332(d)(2).

On February 16, 2018 Defendants filed the current Motion to Compel arbitration.[4]

## IV.   LEGAL ARGUMENT

### A.    DEFENDANTS BEAR THE BURDEN OF ESTABLISHING THAT A VALID AND ENFORCEABLE ARBITRATION AGREEMENT EXISTS

A district court faced with a petition to enforce an arbitration clause determines whether the arbitration agreement is valid and, if so, whether the agreement encompasses the claims at issue. *See*, e.g., *Mitsubishi Motors Co. v. Soler Chrysler–Plymouth*, 473 U.S. 614, 627-28 (1985). The FAA dictates that arbitration agreements are "a matter of contract," and like any contract "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9. U.S.C. § 2. Such generally applicable contract defenses include "fraud, duress, or unconscionability." *AT&T Mobility LLC v. Concepcion*, 131 S.Ct. 1740, 1746 (2011).

The party petitioning for arbitration bears the burden of proving the existence of a valid arbitration agreement. *Engalla v. Permanente Med. Group, Inc.* (1997) 15 Cal. 4th 951, 972 (1977). Any "presumption" that a claim is arbitrable applies "only where a *validly formed and enforceable* arbitration agreement is ambiguous about whether it covers the dispute in hand." *Granite Rock Company v. International Brotherhood of Teamsters* (2010) 130 S.Ct. 2847, 2858-2859 (2010)(emphasis added). There is no public policy favoring arbitration, and no "presumption" in its favor, unless the parties have entered into an *enforceable* arbitration agreement. *Badie v. Bank of America* (1998) 67 Cal. App. 4th 779, 787-790 (1998).

---

[4]    The hearing was initially set for March 27, 2018 before being continued to August 8, 2018 and later advanced by Court Order to July 5, 2018.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS

**B.    DEFENDANTS HAVE FAILED TO CARRY THEIR BURDEN TO PROVE THAT THE PARTIES ENTERED INTO A VALID ARBITRATION AGREEMENT**

Defendants fail to meet their initial burden of proving a valid agreement/contract exists.

The job applications (Exhibit "A" and "B") do not satisfy this requirement. Defendants did not authenticate the job applications nor provide any evidence that the Parties to this lawsuit actually reviewed or agreed to the terms of the arbitration language referenced therein. Defendants did not even sign the job application[5] and Plaintiffs could not have compelled arbitration of disputes brought by Davey *against* them. Davey does not provide evidence that the signatures appearing on page two of each document belong to the Plaintiffs. The job application is also deficient insofar as it does not identify the specific rules that would apply to the arbitration. *Flores v. Nature's Best Distribution, LLC,* 7 Cal.App.5th 1 (2016)[finding arbitration agreement ambiguous and unenforceable where it only references "AAA rules" without identifying which set of AAA rules applied and whether to use the rules at time of contract or dispute].

Defendants' standalone arbitration policy (Exhibit "C") also fails to evidence an actual agreement by the Parties to this lawsuit to arbitrate their disputes. The document does not even identify the covered employee(s) by name[6] and has no place for either Party's signature. It was not authenticated and there is, again, no evidence offered that it was actually provided to either of the Plaintiffs at time of hire or thereafter.

The only other evidence offered by Defendants is the Declaration of Michael Barton (Exhibit "D") who testified only that he was "familiar with" the plaintiffs, that he conducted new hire orientations during the time he was an Assistant District Manager, and that he generally gave employees copies of "various Company policies, including an employee handbook and arbitration agreement."[7]

---

[5]    Non-signatory cannot typically compel signatory to arbitrate claims.

[6]    *Flores v. Nature's Best Distribution, LLC,* 7 Cal.App.5th 1 (2016)[finding ambiguity exists where arbitration clause fails to identify the employee by name].

[7]    Mr. Barton does not even indicate whether he is supposedly referring to the arbitration provision that appears the job application (Exhibits "A" and "B") or the stand-alone arbitration policy (Exhibit "C") or some other agreement altogether.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS

Mr. Barton does not, however, provide a copy of whatever arbitration agreement he is referring to and does not testify that it is the same as the job application or arbitration agreement offered by Davey in support of this Motion. The Plaintiffs, for their part, testify that neither Mr. Barton nor anyone else at the company ever explained or discussed employment policies or an arbitration agreement with them, either at orientation or during their employment. Plaintiffs' Decl., ¶ 7. Plaintiffs testify that they have never even seen the stand-alone arbitration agreement that was submitted as Exhibit "C" to the Motion. *Id.*

Additionally Defendants do not explain how to reconcile the arbitration language in the job application with the language in the stand-alone policy. There are differences as the job application (which is the only document with a signature) imposes a unilateral six-month filing deadline for claims against the Company but does not contain a class action waiver or opt-out provision. In the face of conflicting provisions there is no clear meeting of the minds regarding arbitration. Where there is no valid agreement to arbitrate the Court cannot write one into being. *Baxter v. Genworth North America Corp.*, 16 Cal.App.5th 713, 738 (2017).

## C.   THE ARBITRATION CLAUSE IN THE JOB APPLICATION IS BOTH SUBSTANTIVELY AND PROCEDURALLY UNCONSCIONABLE

Even if the language in the job applications could be interpreted as a valid agreement to arbitrate employment claims against Davey, the provision would be unenforceable. Ordinary state law principles apply when determining whether an arbitration agreement is enforceable. *Ingle v. Circuit City Stores, Inc.*, 328 F. 3d 1165, 1170 (9th Cir. 2003); *Ambler v. BT Americas Inc., 964 F. Supp.* 2d 1169, 1173 (N.D. Cal. 2013).

California law requires this Court invalidate any arbitration agreement that is procedurally and substantively unconscionable. *Armendariz v. Foundation Health Psychcare*, 24 Cal.4th 83, 114 (2000). The arbitration provision contained in Plaintiffs' job application fails in both these regards.

1

2

### 1.    The Arbitration Provision In the Job Application Is Procedurally Unconscionable

To determine whether the arbitration agreement is procedurally unconscionable the court must examine "the manner in which the contract was negotiated and the circumstances of the parties at that time." *Kinney v. United Healthcare Servs., Inc.*, 70 Cal.App.4th 1322, 1329, 83 Cal.Rptr.2d 348, 352-53 (1999). A contract is oppressive if an inequality of bargaining power between the parties precludes the weaker party from enjoying a meaningful opportunity to negotiate and choose the terms of the contract. *Stirlen v. Supercuts, Inc.*, 51 Cal.App.4th 1519, 1532, 60 Cal.Rptr.2d 138, 145 (1997) (citation omitted). "Surprise involves the extent to which the supposedly agreed-upon terms of the bargain are hidden in the prolix printed form drafted by the party seeking to enforce the disputed terms." *Id.* (internal quotation marks omitted).

There was clearly unequal bargaining power between the Parties. Davey is a publically traded company which generates hundreds of millions of dollars of revenues each year and employs over 8,000 individuals.[8] Plaintiffs, both of whom speak, read and write in only Spanish, were provided with Davey's pre-printed English language job application and were told to "immediately fill out and sign" it in order "to be considered for hire." Plaintiffs' Decls., ¶ 4. No one from the company discussed arbitration and the provision was hidden at the end of a nineteen line, ten-point font, barely legible paragraph that also addressed I-9 paperwork, employment references, criminal background checks, and other information completely unrelated to arbitration of employment claims. *Id.*

There was no way for Plaintiffs to suspect that, by merely applying for the job, they would be waiving their right to a jury, waiving their appellate rights, or agreeing to mandatory arbitration of their individual claims. Plaintiffs, like many putative class members, speak Spanish and cannot readily write, read, or speak English. Plaintiffs' Decls., ¶ 2. They testified that they were provided the job application only in English and that no one asked for their any input or offered them the ability to negotiate the terms therein. *Id.*, ¶ 4.  They testified that no one from

---

[8]    *See* http://www.davey.com/media/1618960/2016-december-31.pdf [Form 10-K, dated December 31, 2016]

the Company ever explained verbally that there was an arbitration agreement (*id.*, ¶ 7) and that they had not even heard of the term "arbitration" until this lawsuit. *Id.*, ¶ 8.

Lastly, the job application did not identify the applicable AAA rules or include a copy of the applicable rules. Numerous cases have held that the failure to provide a copy of the arbitration rules to which the employee would be bound supported a finding of procedural unconscionability. *Trivedi v. Curexo Technology Corporation*, 189 Cal.App.4th 387 (2010)[internal citations omitted]

## 2.    The Arbitration Provision in the Job Application is Substantively Unconscionable

"'The prevailing view is that [procedural and substantive unconscionability] must both be present in order for a court to exercise its discretion to refuse to enforce a contract or clause under the doctrine of unconscionability.' But they need not be present in the same degree. `Essentially a sliding scale is invoked which disregards the regularity of the procedural process of the contract formation, that creates the terms, in proportion to the greater harshness or unreasonableness of the substantive terms themselves.' [Citations.] In other words, the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." *Baltazar v. Forever 21, Inc.*, 62 Cal.App.4th 1237, 1243-1244 (2016)[*citing Amerndariz v. Foundation Health Psychcare Services, Inc*. 24 Cal.4th 83, 114 (2000).

Given the high degree of procedural unconscionability Plaintiffs need only show slight substantive unconscionability.

Substantive unconscionability focuses on overly harsh or one-sided results. *Sonic-Calabasas A, Inc. v. Moreno,* 57 Cal.4th  1109, 1133 (2013). An arbitration agreement is one-sided if arbitration does not permit a full recovery of damages for employees, while placing no such restrictions on the employer. *Armendariz v. Foundation Health,* 24 Cal. 4th 83, 103-104 (2000).

Here, the job application imposes a six-month statute of limitations for claims brought by an employee "against Davey" but not for claims brought by Davey against the employee. *See* Exhibits "A" and "B."

The agreement does not identify the specific rules that would apply to arbitration. The AAA has commercial and employment rules. Plaintiffs and most putative class members speak only Spanish and cannot be expected to know which set of rules of Defendants were referencing. Depending on the rules there may be differences in the type of discovery and whether fees and costs can be shifted to either party, amongst other issues.

The agreement requires Davey to pay "the fees charged by the arbitrator" but not filing fees and other costs that would be charged to the Plaintiff(s) by the American Arbitration Association had they filed their complaint with the AAA instead. An arbitration provision that forces an employee to incur costs unique to arbitration violates public policy and is substantively unconscionable. *Amendariz v. Foundation Health Psychcare Services, Inc*. 24 Cal.4th 83, 114 (2000)("[A]n arbitration agreement cannot be made to serve as a vehicle for the waiver of statutory rights.").

A court lacks the power to cure unconscionability through reformation by augmentation. *Baxter v. Genworth North America Corp*., 16 Cal.App.5th 713, 738 (2017)[citing *Amendariz* 24 Cal.4th at 125]. "An employer will not be deterred from routinely inserting such a deliberately illegal clause into the arbitration agreements it mandates for employees if it knows that the worst penalty for such illegality is the severance of the clause after the employee has litigated the matter." *Armendariz*, *supra*, 24 Cal. 4th at 124-125, fn. 13.

## D.   REGARDLESS OF WHETHER THERE IS INDIVIDUAL ARBITRATION, PLAINTIFFS' CLAIM FOR PAGA PENALTIES MUST BE PERMITTED TO PROCEED IN COURT

If the Court compels individual arbitration Plaintiffs' cause of action for penalties under the Private Attorney General Act ("PAGA"), Labor Code Section 2698 *et seq.*, must be permitted to continue as a separate action. There is no dispute PAGA claims cannot be waived

even by virtue of an express class action waiver. *See Iskanian. v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348 (2014). Defendant, knowing it cannot have the PAGA claims dismissed, instead asks that they be stayed.

Defendants do not provide legal authority that supports its request for a stay. Its only authority, *Sparling v. Hoffman Construction Co.,* 864 F.2d 635 (9th Cir. 1988), only stands for the proposition that a United Stated District Court has authority to stay or dismiss an action "when the Court determines that **all of the claims** raised in the action are subject to arbitration." *Id.*, 638. Defendants concede in their Motion that not all of Plaintiffs' claims are subject to arbitration. *See* Motion at page 7:13-20 [PAGA claim is not subject to individual arbitration]. As such *Sparling* does not support Defendants' request for a stay in this case.

The PAGA claims should not be stayed since a resolution of the individual claims in arbitration would not resolve the PAGA claims and a stay would only delay litigation of the PAGA claims and risk the loss of evidence and witnesses.

## V.   CONCLUSION

On the grounds above, Plaintiffs respectfully request that this Court deny Defendants' motion in its entirety. Should this Court find an arbitration provision is enforceable, Plaintiffs request the claims be arbitrated on a collective/class basis and the PAGA claims be allowed to proceed in this Court without stay.

Dated: March 2, 2018                                        Respectfully submitted,


                                                 //S// KEVIN R. ALLEN

                                                 KEVIN R. ALLEN
                                                 VELTON ZEGELMAN P.C.
                                                 Attorneys for Plaintiffs and the
                                                 Plaintiff Class