UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE DIAZ HERMOSILLO, OSCAR DIAZ HERMOSILLO, on behalf of themselves and all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>DAVEY TREE SURGERY COMPANY, et al.,<br><br>Defendants. | Case No. 18-CV-00393-LHK<br><br>**ORDER TO FILE SUPPLEMENTAL DECLARATIONS REGARDING INDIVIDUAL SETTLEMENT PAYMENTS** |

Before the Court is the parties' joint motion for approval of the Settlement Agreement that the parties reached regarding Plaintiffs Jose Diaz Hermosillo and Oscar Diaz Hermosillo's Private Attorneys General Act ("PAGA") claims against Defendants Davey Tree Surgery Company and The Davey Tree Expert Company. ECF No. 49;[1] ECF No. 49-1, at 19 ("Settlement Agreement").

The Settlement Agreement calls for Named Plaintiffs Jose Diaz Hermosillo and Oscar Diaz

---

[1] The parties' joint motion for settlement approval contains a notice of motion paginated separately from the points and authorities in support of the motion. ECF No. 49, at iii. Civil Local Rule 7-2(b) provides that the notice of motion and points and authorities must be contained in one document with the same pagination.

1
Case No. 18-CV-00393-LHK
ORDER TO FILE SUPPLEMENTAL DECLARATIONS REGARDING INDIVIDUAL SETTLEMENT PAYMENTS

1  Hermosillo ("Named Plaintiffs") to each receive $30,000 individual settlement payments, for a

2  total of $60,000. Mot. at 1. In exchange for these individual settlement payments, Named

3  Plaintiffs will release their individual known and unknown claims against Defendants, rather than

4  just Named Plaintiffs' PAGA claims. *See* Mot. at 2. The $60,000 in individual settlement

5  payments will be drawn from the $1,200,000 Gross Settlement Amount and will therefore reduce

6  the amount available to be awarded as PAGA penalties to the Aggrieved Employees.

   Pursuant to California Labor Code § 2699(l)(2), the Court must review the Settlement Agreement to confirm that it is not "unjust, arbitrary and oppressive, or confiscatory." Cal. Labor Code § 2699(e)(2). Named Plaintiffs have only provided information justifying service awards even though Named Plaintiffs claim that they are not seeking service awards. Named Plaintiffs have not provided information in support of their requested $30,000 individual settlement payments. The Court therefore has no basis to evaluate the requested individual settlement payments.

   Accordingly, by June 11, 2021, the parties must file declarations justifying the Named Plaintiffs' requested $30,000 individual settlement payments.

**IT IS SO ORDERED.**

Dated: June 3, 2021

*Lucy H. Koh*
LUCY H. KOH
United States District Judge