UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE DIAZ HERMOSILLO, OSCAR DIAZ HERMOSILLO, on behalf of themselves and all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>DAVEY TREE SURGERY COMPANY, et al.,<br><br>Defendants. | Case No. 18-CV-00393-LHK<br><br>**ORDER GRANTING IN PART MOTION FOR ATTORNEYS' FEES AND COSTS** |

Before the Court is Plaintiffs' Counsel's unopposed motion for attorneys' fees and costs. ECF No. 50.[1] Having considered Plaintiffs' Counsel's submissions, the relevant law, and the record in this case, the Court hereby GRANTS in part Plaintiffs' Counsel's motion for attorneys' fees and costs.

**I.  LEGAL STANDARD**

The Private Attorneys General Act ("PAGA") provides that "[a]ny employee who prevails

---

[1] Plaintiffs' Counsel's motion for attorneys' fees and costs contains a notice of motion paginated separately from the points and authorities in support of the motion. ECF No. 50, at ii. Civil Local Rule 7-2(b) provides that the notice of motion and points and authorities must be contained in one document with the same pagination.

in any action shall be entitled to an award of reasonable attorney's fees and costs." Cal. Labor Code § 2699(g)(1). The PAGA does not provide a specific standard for evaluating attorneys' fees in connection with a settlement of PAGA claims.

"Where a settlement produces a common fund for the benefit of the entire class, courts have discretion to employ either the lodestar method or the percentage-of-recovery method." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011). To guard against an unreasonable result, the Ninth Circuit encourages district courts to "cross-check[] their calculations against a second method." *Id.* at 944. Accordingly, the Court calculates attorneys' fees in the instant case using the percentage-of-recovery method and then cross-checks its calculations against the lodestar method. *See id.* at 944–45.

Where the percentage-of-recovery method is used, it is well-established that 25 percent of a common fund is a presumptively reasonable amount of attorneys' fees. *In re Bluetooth*, 654 F.3d at 942 ("[C]ourts typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award . . . ."). However, the Ninth Circuit has emphasized that "[t]he 25% benchmark rate, although a starting point for analysis, may be inappropriate in some cases." *Vizcaino*, 290 F.3d at 1048. "Selection of the benchmark or any other rate must be supported by findings that take into account all the circumstances of the case." *Id.*; *see also WPPSS*, 19 F.3d at 1298 ("[C]ourts cannot rationally apply any particular percentage . . . in the abstract, without reference to all the circumstances of the case.").

## II. DISCUSSION

Plaintiffs' Counsel move for a fee award substantially greater than the 25 percent benchmark rate. Specifically, Plaintiffs' Counsel seek a fee award of $400,000, which is 33.3 percent of the $1,200,000 settlement fund and approximately 1.63 times greater than their lodestar of $244,915. Mot. at 17 n.7. In addition, Plaintiffs' Counsel seek reimbursement of $13,107.28 in litigation costs.

The Court ultimately concludes that an award of the 25 percent benchmark is appropriate given the circumstances of this case. The 25 percent benchmark yields fees of $300,000 and an

2

Case No. 18-CV-00393-LHK
ORDER GRANTING IN PART MOTION FOR ATTORNEYS' FEES AND COSTS

adjusted multiplier of 1.22. As for expenses, the Court concludes that the requested reimbursements are reasonable. The Court orders reimbursement of $13,107.28 from the settlement fund. Below, the Court analyzes the fee award and expenses in turn.

### A. The Court awards 25 percent of the settlement fund in attorneys' fees.

Having considered the circumstances of this case, the Court ultimately awards the 25 percent benchmark rate. The Court reaches this award based on consideration of the following factors: (1) the result achieved for the Aggrieved Employees; (2) the skills displayed by Plaintiffs' Counsel; (3) the risks taken by Plaintiffs' Counsel; and (4) a lodestar cross-check. *See Vizcaino*, 290 F.3d at 1048–49 (weighing the risks taken by counsel and the result achieved); *see also Serrano v. Priest*, 20 Cal. 3d 25, 49 (Cal. 1977) (stating factors under California law). Below, the Court discusses each factor in turn.

#### 1. Plaintiffs' Counsel achieved a reasonable monetary result for the Aggrieved Employees on the PAGA claim.

The settlement agreement provides for a $1,200,000 settlement fund in exchange for a release of liability for the Aggrieved Employees' PAGA claim. Plaintiffs' Counsel estimate that the $1,200,000 settlement fund is between 6.7 percent and 9 percent of the Aggrieved Employees' total potential recovery on the PAGA claim. Mot. at 9–10. From this settlement fund will be deducted Plaintiffs' Counsel's attorneys' fees; individual settlement payments for Named Plaintiffs' individual wage and hour claims; reasonable litigation costs, and the cost of settlement administration. The remaining amount is the net settlement amount. 75 percent of the net settlement amount will be paid to the California Labor and Workforce Development Agency ("LWDA"). *See* ECF No. 49, at 1 ("Settlement Mot."). 25 percent of the net settlement amount will be paid to the 2,573 Aggrieved Employees. *Id.*

Plaintiffs' Counsel request 33.3 percent of the $1,200,000 settlement fund, or $400,000, in attorneys' fees. Such an attorneys' fees award would result in the payment of $179,919.93 to the 2,573 Aggrieved Employees. Settlement Mot. at 7. Thus, the average Aggrieved Employee would receive $65.25 in penalties. *Id.* The Court notes that Plaintiffs' Counsel are requesting an

3

Case No. 18-CV-00393-LHK
ORDER GRANTING IN PART MOTION FOR ATTORNEYS' FEES AND COSTS

award of attorneys' fees that is more than double the amount that would be paid to the 2,573 Aggrieved Employees. Moreover, Plaintiffs' Counsel request $400,000 in attorneys' fees, even though their lodestar is $244,915. *Id.* at 17 n.7.

Plaintiffs' Counsel argue that their results in this case speak for themselves and demonstrate that Plaintiffs' Counsel achieved a significant result for the Aggrieved Employees. The Court believes that Plaintiffs' Counsel achieved a reasonable recovery on Plaintiffs' PAGA claim. Moreover, a settlement fund that represents between 6.7 percent and 9 percent of the Aggrieved Employees' total potential recovery on the PAGA claim is consistent with PAGA settlements that have been approved in this district. *See, e.g., McShan v. Hotel Valencia Corp.*, 2021 WL 1338948, at *4 (N.D. Cal. Apr. 9, 2021) (approving penalty that "would represent about 5% of the estimated recovery on the PAGA claim"); *Ramirez v. Benito Valley Farms, LLC*, 2017 WL 3670794, at *5 (N.D. Cal. Aug. 25, 2017) (approving penalty "representing only 4.5% of total estimated possible recovery").

However, Plaintiffs' Counsel's results in this case on the PAGA claim must be balanced against Plaintiffs' Counsel's failure to settle Plaintiffs' six putative wage and hour class claims, which will be dismissed from this case without prejudice. Settlement Mot. at 7. Specifically, Plaintiffs' complaint alleged six putative wage and hour class claims and one PAGA claim. ECF No. 1, at 13 ("Compl."). On February 16, 2018, Defendants moved to compel individual arbitration of Plaintiffs' six putative wage and hour class claims and to stay proceedings of Plaintiffs' PAGA claim. ECF No. 16. On July 13, 2018, the Court granted in part and denied in part Defendants' motion to compel. ECF No. 37. The Court granted the motion to compel arbitration of Plaintiffs' six putative wage and hour class claims. *Id.* However, the Court ordered the parties to arbitrate Plaintiffs' wage and hour claims on a class-wide basis, rather than on an individual basis. The Court also granted Defendants' motion to stay proceedings on Plaintiffs' PAGA claim.

On August 10, 2018, Defendants filed a notice of appeal to the Ninth Circuit. ECF No. 38. Defendants argued on appeal that the Ninth Circuit should order individual arbitration of

4

United States District Court
Northern District of California

1 Plaintiffs' wage and hour claims, rather than class-wide arbitration. On July 24, 2020, the Ninth Circuit dismissed Defendants' appeal for lack of jurisdiction. *See Hermosillo v. Davey Tree Surgery Co.*, 821 Fed. Appx. 753 (9th Cir. 2020).

The parties have now reached a settlement on Plaintiffs' PAGA claim and Named Plaintiffs' individual wage and hour claims. However, the parties did not reach a settlement on Plaintiffs' wage and hour claims for the remainder of the putative class, which the parties would have arbitrated on a class-wide basis. Instead, the Settlement Agreement dismisses the six putative class claims without prejudice. *See* Settlement Mot. at 7. Thus, the Aggrieved Employees are left to proceed with their wage and hour claims on their own.

Plaintiffs filed the complaint initiating this case in December of 2017 in state court. Compl. at 1. By dismissing the wage and hour claims without prejudice, Plaintiffs' Counsel have effectively abandoned the wage and hour claims of the Aggrieved Employees, which have now been pending for more than 3.5 years. Plaintiffs' Counsel's own declaration requesting the Court's approval of the settlement acknowledges the harm that delay may cause to Plaintiffs' claims: "I was also concerned that by the time we were back in front of the court on the PAGA violations the claims would have been stale and much more difficult to prove up." ECF No. 49-1, at 14. The same could be said of the Aggrieved Employees' wage and hour claims, which are now stale and will be much more difficult to prove up.

Finally, unlike the PAGA settlement, of which 75 percent will be awarded to the LWDA and 25 percent to the Aggrieved Employees, the Aggrieved Employees would have received 100 percent of any recovery on the wage and hour claims.

Thus, although Plaintiffs' Counsel achieved a reasonable settlement amount for the Aggrieved Employees' PAGA claims, Plaintiffs' Counsel have disadvantaged the Aggrieved Employees by abandoning the Aggrieved Employees' wage and hour claims. Thus, Plaintiffs' Counsel have diminished the chance that the Aggrieved Employees will recover on their now stale wage and hour claims.

The settlement justifies an award of the 25 percent benchmark rate. However, this result

5
Case No. 18-CV-00393-LHK
ORDER GRANTING IN PART MOTION FOR ATTORNEYS' FEES AND COSTS

does not justify an upward deviation from that standard benchmark rate, given Plaintiffs' Counsels' effective abandonment of the Aggrieved Employees' wage and hour claims after more than 3.5 years of litigation.

Moreover, as a result of the 25 percent benchmark attorneys' fees award, the LWDA will be paid $614,975.79, and $204,991.93 will be divided among the 2,573 Aggrieved Employees on a pro rata basis depending on the total number of pay periods each Aggrieved Employee worked for Defendants. Settlement Mot. at 7. The average Aggrieved Employee will therefore receive $79.67 in penalties. This represents a 22 percent increase in recovery for the Aggrieved Employees over the recovery available if the Court awarded Plaintiffs' Counsel's requested 33.3 percent of the settlement fund for attorneys' fees.

Accordingly, Plaintiffs' Counsel's settlement of the PAGA claim justifies an award of the 25 percent benchmark.

**2. Plaintiffs' Counsel's skill in litigating this case relates to the dismissed wage and hour claims.**

Plaintiffs' Counsel further argue that they should be awarded 33.3 percent of the settlement fund because they displayed skill in litigating this case and the case involved "difficult and complex legal issues." Mot. at 18. However, the Court notes that the substantive briefing in this case concerned Defendants' motion to compel arbitration of Plaintiffs' putative wage and hour class claims, not the PAGA claim that Plaintiffs' Counsel have settled. *See, e.g.*, Motion to Compel Arbitration, ECF No. 16. Thus, although Plaintiffs' Counsel achieved a somewhat favorable result when the Court ordered class-wide arbitration of the wage and hour claims, rather than individual arbitration, Plaintiffs' Counsel have dismissed without prejudice those wage and hour claims.

Accordingly, although Plaintiffs' Counsel did display skill in litigating some aspects of this case, Plaintiffs' Counsel's skill was directly primarily to the wage and hour class claims that the Settlement Agreement dismisses without prejudice. As such, Plaintiffs' Counsel are not entitled to a fee award above the 25 percent benchmark.

6

Case No. 18-CV-00393-LHK
ORDER GRANTING IN PART MOTION FOR ATTORNEYS' FEES AND COSTS

### 3. Plaintiffs' Counsel assumed risks in litigating this case.

The risks assumed by Plaintiffs' Counsel also support an award of the 25 percent benchmark, rather than an award of 33.3 percent. Specifically, the Court notes that Plaintiffs' Counsel took this case on a contingency basis and therefore if Plaintiffs' Counsel had failed to prevail or reach a settlement, Plaintiffs' Counsel would not have received fees for their work on this case. Mot. at 12. Plaintiffs' Counsel also argues that they assumed significant risk in opposing Defendants' motion to compel arbitration and Defendants' subsequent appeal of the Court's order compelling arbitration in part. Mot. at 11–12. However, those risks pertain to the dismissed class wage and hour claims, not the PAGA claim that the parties have settled. Thus, although Plaintiffs' Counsel's contingency work on this case supports an award of the 25 percent benchmark, it does not support an increase above that benchmark.

In sum, given the factors above, the Court concludes that a percentage of 25 percent should be applied to the $1,200,000 settlement fund. This represents an award of the standard benchmark for percent-of-recovery awards. *See In re Bluetooth*, 654 F.3d at 942 ("[C]ourts typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award . . . ."). Accordingly, the percentage-of-recovery method produces a total attorneys' fee award of $300,000. With that figure in hand, the Court next performs a lodestar calculation as a means of cross-checking that result.

### 4. A lodestar cross-check supports a fee award of the 25 percent benchmark.

Finally, courts calculate a lodestar "by multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer." *In re Bluetooth*, 654 F.3d at 941. Although "the lodestar figure is 'presumptively reasonable,' the court may adjust it upward or downward by an appropriate positive or negative multiplier reflecting a host of 'reasonableness' factors." *Id.* at 941–42 (citation omitted). Where, as here, the lodestar is being used as a cross-check, courts may do a rough calculation "with a less exhaustive cataloging and review of counsel's hours." *Young v. Polo Retail, LLC*, 2007 WL 951821, at *6 (N.D. Cal. Mar.

7

28, 2007*); see also In re Toys R Us-Delaware, Inc.–Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D. 438, 460 (C.D. Cal. 2014) ("In cases where courts apply the percentage method to calculate fees, they should use a rough calculation of the lodestar as a cross-check to assess the reasonableness of the percentage award.").

Plaintiffs' Counsel assert that their lodestar is $244,915 and request an award of $400,000, which is approximately 1.63 times their lodestar and is 33.3 percent of the settlement fund. ECF No. 50-2, at ¶ 25 ("Allen Decl."). Plaintiffs' Counsel argue that this multiplier is justified in the instant case because of the results that Plaintiffs' Counsel achieved and the risks of the case. Mot. at 12.

However, as the Court has already explained, Plaintiffs' Counsel's results in this case do not support a lodestar multiplier of 1.63. The Court may adjust a lodestar "upward or downward by an appropriate positive or negative multiplier reflecting a host of 'reasonableness' factors." *In re Bluetooth,* 654 F.3d at 942. Moreover, "an award of no lodestar multiplier at all is within the district court's discretion." *McDaniel v. Cty. of Schenectady*, 595 F.3d 411, 425 (2d Cir. 2010).

First, the Court notes that with the exception of two mediation sessions, almost all of the substantive hours recorded by Plaintiffs' Counsel in this case relate to work done on the six wage and hour claims that the settlement dismisses without prejudice. *See, e.g.*, 50-2, at 25 ("Exhibit 2"). This includes time billed for opposing the motion to compel arbitration and opposing Defendants' appeal of the Court's order on the motion to compel arbitration. *Id.* Hours spent on those matters pertain only to the wage and hours claims. Thus, Plaintiffs' Counsel's lodestar is significantly inflated by time spent on the six claims that the settlement dismisses without prejudice.

Moreover, although Plaintiffs' Counsel achieved a reasonable result with respect to the Aggrieved Employees' PAGA claim, Plaintiffs' Counsel effectively abandoned the Aggrieved Employees' wage and hour claims by dismissing them without prejudice. Dismissing those claims without prejudice will not benefit the Aggrieved Employees and will make it much less likely that the Aggrieved Employees will ultimately receive any compensation for those claims for the

8

Case No. 18-CV-00393-LHK
ORDER GRANTING IN PART MOTION FOR ATTORNEYS' FEES AND COSTS

reasons stated above.

A lodestar multiplier of approximately 1.22, which produces an award equal to 25 percent of the settlement fund, is therefore consistent with the results achieved by Plaintiffs' Counsel in this case and is not excessive. *See In re Bluetooth*, 654 F.3d at 944 (describing lodestar cross-check). Moreover, the Court find that an award of $300,000 is consistent with Section 2699(g)(1)'s provision for "reasonable attorney's fees and costs." Cal. Labor Code § 2699(g)(1).

Accordingly, the Court awards Plaintiffs' Counsel 25 percent of the settlement fund: $300,000. The Court follows its practice of calculating percentages based on the gross settlement fund, not the settlement fund net of fees. *See, e.g., In re Anthem, Inc. Data Breach Litig.*, 2018 WL 3960068, at *8 (N.D. Cal. Aug. 17, 2018) (including "litigation expenses and administrative costs" because they "were necessary to litigate this case").

**B. Plaintiffs' Counsel's expenses are reimbursable.**

In common-fund cases, the Ninth Circuit has held that the reasonable expenses of acquiring the fund can be reimbursed to counsel who have incurred the expense. *See Vincent v. Hughes Air W., Inc.*, 557 F.2d 759, 769 (9th Cir. 1977); *Acosta v. Frito-Lay, Inc.*, 2018 WL 646691, at *11 (N.D. Cal. Jan. 31, 2018) ("There is no doubt that an attorney who has created a common fund for the benefit of the class is entitled to reimbursement of reasonable litigation expenses from that fund.") (quoting *Ontiveros v. Zamora*, 303 F.R.D. 356, 375 (E.D. Cal. 2014)). Expense reimbursements comport with the notion that the district court may "spread the costs of the litigation among the recipients of the common benefit." *Wininger v. SI Mgmt. L.P.*, 301 F.3d 1115, 1121 (9th Cir. 2002).

Here, Plaintiffs' Counsel have requested $13,107.28 in litigation expenses. The majority of the requested reimbursements are for Plaintiffs' Counsel's share of the mediation costs, which amounts to $11,000. *See* ECF No. 50-2, at 32 ("Exhibit 3"). The remainder of the requested reimbursements are for filing fees, postage, service costs, document acquisition, and one trip on public transportation to the mediation session. *Id.* Plaintiffs' Counsel submitted invoices and receipts reflecting the unreimbursed expenses that they incurred in this action. *See id.* at 33–47.

9

Having reviewed the submissions of Plaintiffs' Counsel, the Court finds that their requests for unreimbursed expenses are reasonable. Moreover, the Court finds that an award of costs of $13,107.28 is consistent with Section 2699(g)(1)'s provision for "reasonable attorney's fees and costs." Cal. Labor Code § 2699(g)(1). Accordingly, the Court orders that $13,107.28 in reimbursed costs be paid from the settlement fund to Plaintiffs' Counsel.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS in part Plaintiffs' Counsel's motion for attorneys' fees and costs. The Court orders that fees in the amount of $300,000 and expenses in the amount of $13,107.28 be paid to Plaintiffs' Counsel.

**IT IS SO ORDERED.**

Dated: July 7, 2021

*Lucy H. Koh*
LUCY H. KOH
United States District Judge